Complaint for Violation of Civil Rights (Non-Prisoner)

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JUN 21 PM 3: 11

CLERK

BY

DEPUTY CLERK

1     David P. Demarest
2     P.O. Box 144
3     Underhill, VT 05489
4     (802)363-9962
5     david@vermontmushrooms.com
6
7     Pro Se Plaintiff DAVID P DEMAREST
8
9     **UNITED STATES DISTRICT COURT**
10    **FOR THE**
11    **DISTRICT OF VERMONT**
12

13    DAVID P. DEMAREST, an individual,      CASE NO: 2:21-cv-167
14    PLAINTIFF
15
16    v.
17
18    TOWN OF UNDERHILL,
19    a municipality and charter town,      (42 U.S.C. § 1983)
20    SELECTBOARD CHAIR      (42 U.S.C. § 1983 Monell)
21    DANIEL STEINABAUER,      Jury Trial Demanded
22    as an individual and in official capacity,
23    et. al.

24    **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

25    (Non-Prisoner Complaint)

26    1. In violation of the Fifth Amendment, Defendants the Town of Underhill and a

27       clique of individual Defendants, acting both individually and in collusion

28       under color of law, have recently succeeded in their long-term goal of

29       maliciously rescinding all prior implicit and explicit promises made by The

30       Town of Underhill to Plaintiff for reasonable access to and use of his domicile

31       and over 50 acres of surrounding private property.

Complaint for Violation of Civil Rights (Non-Prisoner)

2. In the furtherance of the above goal, Defendants have also acted under color of law to discriminate against Plaintiff in multiple ways including: censoring and misrepresenting protected speech (including preventing factual evidence from ever being incorporated into the legal record in prior state litigation), intentionally and relentlessly retaliating against protected speech, obstructing the right to petition multiple times, *willfully* acting with *deliberate indifference* to necessary structural and procedural due process protections, and violating Plaintiff's substantive due process rights in *flagrant* violation of the First, Ninth, and Fourteenth Amendments.

3. The degree of deceit, fraud, and obstruction Defendants have *willfully* perpetuated in a Kafkaesque maze of non-chronological appellate-style reviews of Defendants' administrative decisions emphasizes allegations contained in the present complaint.

4. Most notably to present claims, Defendants have obstinately continued to falsely claim the Town of Underhill reclassified a segment of TH26 in 2001; this assertion was originally a contentious claim due to well established law, but Defendants have continued to *willfully* make this *false claim* in court for over a decade despite the Vermont Superior Court's ruling dated May 31, 2011, which was not appealed (Docket No S0234-10 CnC), and persistently remained willfully indifferent to Road Commissioner findings of fact.

Complaint for Violation of Civil Rights (Non-Prisoner)

## <u>Table of Contents</u>

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS .................................................................1

JURISDICTION .................................................................................................................4

VENUE ...........................................................................................................................5

PARTIES .........................................................................................................................5

GENERAL ALLEGATIONS ...............................................................................................10

General Chronology of Facts Relevant to The Present Claims ......................................13

Supreme Court of Vermont Decision: 22 A.3d 500 (Vt. 2011), 10-165, ........................16

Ketchum v. Town of Dorset: Unconstitutional Interpretation of Vermont Law and resultant Structural Due Process Violation Contrary to Federal Precedent....................................16

Enrichment of Town Officials by Taking of Other's Property Value ..............................18

Accrual Date of February 26, 2021 ..............................................................................21

Substantiation of Monell claims against Town of Underhill includes:...........................22

Official Policies and Patterns and Practices Relevant To Present Case..........................24

Substantiation of Claims Specific to First and Second Causes of Action ........................27

Substantiation of Claims Specific To Third and Fourth Causes of Action .......................28

Substantiation of Claims Specific to Ninth Amendment.................................................29

Substantiation of Claims Specific To Fifth and Sixth Causes of Action ..........................33

Substantiation of Claims Specific To Seventh and Eigth Causes of Action.....................52

Substantiation of Claims Specific to Front Porch Forum...............................................59

Substantiation of Claims Specific To Jericho Underhill Land Trust ...............................63

Substantiation of Claims Specific to Petition Clause of First Amendment .....................68

FIRST CAUSE OF ACTION ...............................................................................................

Violation of the Fourteenth Amendment - Procedural Due Process...............................71

SECOND CAUSE OF ACTION ...........................................................................................

Corresponding Fourteenth Amendment 42 U.S.C. § 1983 Monell Claim.......................71

THIRD CAUSE OF ACTION ..............................................................................................

Violation of the Ninth and Fourteenth Amendment - Substantive Due Process.............72

FOURTH CAUSE OF ACTION ...........................................................................................

Corresponding Ninth and Fourteenth Amendment 42 U.S.C. § 1983 Monell Claim.......74

FIFTH CAUSE OF ACTION ...............................................................................................

Violation of the Fifth Amendment – Taking Clause ......................................................74

Complaint for Violation of Civil Rights (Non-Prisoner)

SIXTH CAUSE OF ACTION ..................................................................................................

Corresponding Fifth Amendment 42 U.S.C. § 1983 Monell Claim ................................75

SEVENTH CAUSE OF ACTION ...........................................................................................

Violation of the First Amendment – Censorship and Manipulation of Public Records of
Plaintiff's Protected Speech and Retaliation for Plaintiff's Protected Speech ................76

EIGHTH CAUSE OF ACTION ...............................................................................................

Corresponding First Amendment 42 U.S.C. § 1983 Monell Claim................................77

NINTH CAUSE OF ACTION...................................................................................................

Violation of the Fifth and Fourteenth Amendment – Collusion to Violate Plaintiff's Procedural
Due Process Rights and Substantive Due Process Rights .............................................78

TENTH CAUSE OF ACTION ..................................................................................................

Violation of the First Amendment – Censorship of Plaintiff's Protected Speech .........79

ELEVENTH CAUSE OF ACTION ..........................................................................................

Violation of the First Amendment – Right to Petition Clause ......................................80

TWELFTH CAUSE OF ACTION.............................................................................................

Corresponding Monell Claim for Violation of the Right to Petition Clause of First Amendment 80

JURY DEMANDED...................................................................................................................80

REQUEST FOR RELIEF SPECIFIC TO FIRST AND SECOND CAUSES OF ACTION .........81

REQUEST FOR RELIEF SPECIFIC TO THIRD AND FOURTH CAUSES OF ACTION .........83

REQUEST FOR RELIEF SPECIFIC TO FIFTH AND SIXTH CAUSES OF ACTION .............83

REQUEST FOR RELIEF SPECIFIC TO SEVENTH AND EIGTH CAUSES OF ACTION......86

REQUEST FOR RELIEF SPECIFIC TO NINTH CAUSE OF ACTION ...................................87

REQUEST FOR RELIEF SPECIFIC TO TENTH CAUSE OF ACTION....................................87

REQUEST FOR RELIEF SPECIFIC TO ELEVENTH AND TWELFTH CAUSES OF ACTION
...................................................................................................................................................88

REQUESTS FOR RELIEF ATTRIBUTED TO INDIVIDUALLY NAMED DEFENDENTS'
*WILLFUL* VIOLATION OF PLAINTIFF'S CIVIL RIGHTS.......................................................88

REQUESTS FOR RELIEF ATTRIBUTED TO EACH CAUSE OF ACTION .............................88

CERTIFICATION AND CLOSING ..........................................................................................90

Complaint for Violation of Civil Rights (Non-Prisoner)

## JURISDICTION

5. The federal rights asserted by Plaintiff are enforceable under 42 U.S.C. § 1983.

6. This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331, 1343(a)(3) and has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201-2202 and Fed. R. Civ. P. 57 and 65.

## VENUE

7. Venue is proper in the District of Vermont under 28 U.S.C. § 1391(b) since Plaintiff and majority of Defendants are residents of this judicial district.

8. All the actions and inactions by Defendants giving rise to all causes of action occurred within this judicial district.

## PARTIES

9. THE TOWN OF UNDERHILL, P.O. Box 120, Underhill, VT 05489, a municipality and charter town of The State of Vermont.

10. DANIEL STEINBAUER, 52 Range Road, Underhill VT 05489. Current Underhill Selectboard Chair and Justice of the Peace (and former Underhill Conservation Commission Member), as an individual and in official capacity.

Complaint for Violation of Civil Rights (Non-Prisoner)

1   11. BOB STONE, 54 River Road #A, Underhill VT 05489, current Underhill

2       Selectboard Member, as an individual and in official capacity.

3   12. PETER DUVAL, 25 Pine Ridge Rd, Underhill VT 05489, current Underhill

4       Selectboard Member, in official capacity.

5   (The following Defendants are listed alphabetically by last name)
6   13. DICK ALBERTINI, 66 Kiln Rd, Essex Junction, VT 05452, former Underhill

7       Conservation Commission Member and former Underhill Planning

8       Commission Chair, as an individual and in official capacity.

9   14. JUDY BOND, 435 Cilley Hill Rd, Underhill, VT 05489, former Underhill

10      Conservation Commission Member and former Underhill Planning

11      Commission Member, in official capacity.

12  15. PETER BROOKS, 71 Beacon St #2, Somerville, MA 02143, former Underhill

13      Selectboard Member, in official capacity.

14  16. SETH FRIEDMAN, P.O. Box 6, Underhill VT 05489, former Underhill

15      Selectboard Member (and current Underhill Recreation Committee Member),

16      in official capacity.

17  17. MARCY GIBSON, 50 New Rd, Underhill, VT 05489, former Jericho

18      Underhill Park District member, as an individual and in official capacity.

19  18. BARBARA GREENE, 80 Commons Rd, Williston, VT 05495, former

20      Underhill Conservation Commission Member, in official capacity.

Complaint for Violation of Civil Rights (Non-Prisoner)

19. CAROLYN GREGSON, 99 Pleasant Valley Rd, Underhill, VT 05489, former Underhill Town Administrator, in official capacity.

20. STAN HAMLET (deceased), former Underhill Selectboard Member, as an individual and in official capacity.

21. RICK HEH, 52 Kelley Rd, Underhill, VT 05489, former Underhill Selectboard Member and former Highways Infrastructure and Equipment Committee (HIEC) member, as an individual and in official capacity.

22. BRAD HOLDEN, 60 Covey Rd, Underhill, VT 05489, Interim Underhill Town Administrator and former Underhill Selectboard Member and professional surveyor for the Town, as an individual and in official capacity.

23. FAITH INGULSRUD, 50 Clymer St, Burlington VT 05401, former Underhill Conservation Commission Member, in official capacity.

24. KURT JOHNSON, 45 Mt Vista Rd, Underhill, VT 05489, former Underhill Selectboard Member and current Chair of Infrastructure Committee (synonymous with HIEC), in official capacity.

25. ANTON KELSEY, 200 Pleasant Valley Rd, Underhill, VT 05489, Underhill Recreation Committee Chair, in official capacity.

26. KAREN MCKNIGHT, 164 Beartown Rd, Underhill, VT 05489 Underhill Conservation Commission Chair and Development Review Board, and former Trails Committee Member, as an individual and in official capacity.

Complaint for Violation of Civil Rights (Non-Prisoner)

27. NANCY MCRAE, 599 Pleasant Valley Rd, Underhill, VT 05489, Underhill Conservation Commission member and former Trails Committee Member, as an individual and in official capacity.

28. MICHAEL OMAN, 191 Pleasant Valley Road, Underhill, VT 05489, former Underhill Planning Commission Member, in official capacity.

29. STEVE OWENS, 180 River Road, Underhill VT 05489, former Underhill Selectboard Member, as an individual and in official capacity.

30. MARY PACIFICI, (deceased), former Underhill Conservation Commission Member, in official capacity.

31. CLIFFORD PETERSON, 1226 E Hyde Park Blvd Apt 1, Chicago, IL 60615, former Underhill Selectboard Member, as an individual and in official capacity

32. PATRICIA SABALIS, 609 Irish Settlement Rd Apt A, Underhill, VT 05489, former Underhill Selectboard Member and current Justice of the Peace, as an individual and in official capacity.

33. CYNTHIA SEYBOLT, 150 Hawthorn Dr, Shelburne, VT 05482, former Underhill Conservation Commission Member and former Underhill Planning Commission Member, as an individual and in official capacity.

34. TREVOR SQUIRRELL, P.O. Box 128, Underhill Center, VT 05490, former Underhill Conservation Commission Chair and former Underhill Planning Commission Member, as an individual and in official capacity.

Complaint for Violation of Civil Rights (Non-Prisoner)

35. RITA ST GERMAIN, 18 Tupper Rd, Underhill, VT 05489, former Underhill Conservation Commission Member, as an individual and in official capacity.

36. DAPHNE TANIS, 359 Irish Settlement Rd, Underhill, VT 05489, Underhill Conservation Commission Member, as an individual and in official capacity.

37. WALTER "TED" TEDFORD, P.O. Box 26, Underhill, VT 05489, former Underhill Selectboard Member, as an individual and in official capacity.

38. STEVE WALKERMAN, 5631 Dorset St, Shelburne, VT 05482, former Underhill Selectboard Member, as an individual and in official capacity.

39. MIKE WEISEL, P.O. Box 71, Underhill Center, VT 05490, Underhill Infrastructure Committee Member, as an individual and in official capacity.

40. BARBARA YERRICK, 64 Krug Rd, Underhill, VT 05489, former Underhill Conservation Commission Member, in official capacity.

41. FRONT PORCH FORUM ("FPF"), P.O. Box 73, Westford, VT 05494, a Vermont Public Benefit Organization which provides "Essential Civic Infrastructure in Vermont."

42. JERICHO UNDERHILL LAND TRUST ("JULT"), P.O. Box 80, Jericho, VT 05465, an organization which currently claims 501(C)(3) status and receives substantial support and legal authority from a special relationship with the Towns of Underhill and Jericho; trustees, donors, members and family

Complaint for Violation of Civil Rights (Non-Prisoner)

1    members of JULT include Defendants named in paragraphs 10, 13, 16, 17, 18,

2    20, 23, 26, 27, 30, 33, 34, 38, 39 above.

3    43.Discovery is necessary to determine if individual capacity claims should be

4    added to Defendants presently only named in their official capacity, and to

5    potentially substantiate addition of other parties in their individual capacity.

6                            **GENERAL ALLEGATIONS**

7    44.Defendants changed Plaintiff's property code from "NR-144" to "FU-111"

8    *after* Plaintiff purchased NR-144 in reliance upon an attorney's review of the

9    land records *and* build his domicile trusting the Underhill Selectboard's

10   explicit promise of reasonable ongoing future access to NR-144.

11   45.After years of *willfully* refusing to provide *any* reasonable maintenance to the

12   central segment of Town Highway 26 (TH26) under the guise of budgetary

13   constraints (even though the Town was receiving state funding to maintain the

14   entire class III segment), the Town of Underhill sought legal advice in a letter

15   dated October 8, 2009 to determine "if there is any way the Town could

16   rescind the access" which Plaintiff was previously promised *and* actively

17   utilizing for access to Plaintiff's domicile and surrounding private property.

Complaint for Violation of Civil Rights (Non-Prisoner)

1    46. The schematic to the right shows the general

2        spatial layout of Plaintiff's property and

3        surrounding properties; the segment of TH26

4        between the two hand-drawn lines is the

5        segment which an October 8, 2009 letter

6        expressed the desire to *rescind* Plaintiff's

7        access, and the small mark on the road next to

8        "Shera's property" was the factual transition

9        between Class III and Class IV road prior to

10       the 2010 New Road Reclassification.

11   47. Plaintiff has engaged in protected speech

12       advocating Selectboard members and other

13       Town Officials recuse themselves when they

14       have a Conflict of Interest, and explicitly

15       stated observations of problems within

16       Underhill's governance for over 16 years; publishing the above-mentioned

17       October 8, 2009 letter, with Plaintiff's factual commentary, in the February 20,

18       2014 edition of the Mountain Gazette inspired Defendant's further retaliation

19       against Plaintiff, and further violation of Plaintiff's civil rights, which was

20       malicious and gratuitous in nature, and completely inconceivable 19 years ago.



Complaint for Violation of Civil Rights (Non-Prisoner)

48. The past Vermont court decisions based upon an appropriate standard of judicial review for issues presently raised *and* genuine facts (as opposed to the portions of the state record riddled with intrinsic and extrinsic fraud) are:

    A.  The un-appealed Vermont court decision May 31, 2011 (Docket No S0234-10, which found Defendants' claim that a 2001 New Road Reclassification had occurred was in fact entirely *invalid*),

    B.  The findings of Chittenden County Road Commissioners for Docket No 234-10 CnC (Dated June 26, 2013, "Repairs are to consist of those repairs recommended by petitioner, consulting engineer, John P. Pitrowski, P.E., as set forth in a letter to petitioners' counsel dated November 21, 2012...").

    C.  Despite the Road Commissioners finding *entirely* in favor of Plaintiff, they still did not take into account all relevant historical facts, such as a prior Town of Underhill Road Foreman's factual knowledge and the *malicious* intentions of a clique of Town Officials which is self-evident from over 20 years of public meeting minutes, which were never allowed into the record.

49. Plaintiff has credible knowledge, belief, factual documentation, and personal experience that individually named Defendants acted with *willful* indifference or *malicious* intentions, or both, towards Plaintiff's civil rights.

Complaint for Violation of Civil Rights (Non-Prisoner)

50. Plaintiff has credible knowledge, belief, factual documentation and personal experience that officially named Defendants violated Plaintiff's civil rights; individuals presently only named in their official capacities may have been acting primarily due to Defendant Town of Underhill official policies and practices of violating Plaintiff's civil rights; officially named Defendants may have been acting with deliberate indifference to Plaintiff's civil rights *or* with malicious intentions, or both, and discovery it is essential to determination of if individual capacity claims against some of the officials currently only named in their official capacity is warranted.

51. Plaintiff asserts the Town of Underhill and individually named Defendants have *willfully* and *repeatedly* violated the First, Fifth, Ninth, and Fourteenth Amendment throughout the past 20 years up until the present day in a tradition of self-dealing to some and taking from others, such as Plaintiff, in what one Town Official has described as succinctly described as "The Underhill Way."

## **General Chronology of Facts Relevant to The Present Claims**

52. Defendants wanted the prior owner of Plaintiff's property to *donate* parcel NR-144 to the Town (see paragraph **Error! Reference source not found.** on page **Error! Bookmark not defined.**), as the former landowners of NR-144 has already generously done with parcel NR-141x.

Complaint for Violation of Civil Rights (Non-Prisoner)

53. Plaintiff met with Defendants *prior to* the purchase of NR-144 and meeting minutes *willfully* failed to record the entirety of the promises officially made by Defendant Town of Underhill to Plaintiff.

54. As a matter of incontestable fact, Plaintiff had already built a domicile,[1] and the Defendant Town of Underhill presently continues to retain the property code "NR-141x" for the property opposite a *northern* portion of Plaintiff's property, *prior to* Defendants' churlish renaming of Plaintiff's lot code from NR-144 to FU-111.

55. On October 8, 2009, after years of refusing to conduct reasonable and necessary maintenance to the central segment of TH26, Defendants responded to Plaintiff's good-faith efforts to find solutions to Defendants' *willful* creation of access problems (which even included the inconsistent placement of boulders in the way of Plaintiff's access), and environmental problems, by seeking legal advice on how to *rescind* Plaintiff's previously promised access, instead of considering a grant which Plaintiff suggested to preserve *all* reasonable public uses *and* private uses *while* protecting the environment.

---

[1] Plaintiff personally built a domicile under a New Dwelling Permit (B02-41) which was approved for property code "NR-144" on July 1, 2002 with the inherent municipal promise of reasonable access combined with the reasonable expectations of privacy living in the middle of over 50 acres of *private* property.

Complaint for Violation of Civil Rights (Non-Prisoner)

56. Plaintiff retained legal counsel in a timely-manner, in order to protect what was once clearly recognized legal property right; what followed should have been a very straightforward legal process under Rule 74 since the Defendants' claimed 2001 New Road reclassification was *invalid,* and the Road Commissioners agreed with all the recommendations made by the engineers retained by Plaintiff and two former co-litigants in past Notice of Road Insufficiency appeals *and* officially opposed Defendants' use of a *sua sponte* 2010 New Reclassification to circumvent a first-filed notice of insufficiency.

57. Plaintiff asserts Defendants documented actions demonstrate knowledge, *in accordance with clearly established law*, Town Highway 26 (also known to as "TH26" / "New Road" / Fuller Road / "Crane Brook Trail" / "Old Dump Road") was a Class III / Class IV Town Highway connecting Irish Settlement Road to the North with Pleasant Valley Road to the South until the 2010 New Road reclassification; the entire impetus behind the 2010 New Road reclassification was Defendants willful intent to violate Plaintiff's procedural due process rights.

58. Plaintiff asserts Defendants have a long-documented history of deceiving the court by willfully misrepresenting facts or creating frivolous debates of clearly known facts and interjecting immaterial facts into the record.

Complaint for Violation of Civil Rights (Non-Prisoner)

1    59. As of February 26, 2021, after ~12 years of litigation in Vermont state courts,

2    Defendants succeeded in officially rescinding the vast majority of the past,

3    present, and prospective future uses and enjoyment of Plaintiff's property.

4    **<u>Supreme Court of Vermont Decision: 22 A.3d 500 (Vt. 2011), 10-165,</u>**

5    **<u>Ketchum v. Town of Dorset</u>**

6    **<u>Results in an Unconstitutional Interpretation of Vermont Law and *de facto*</u>**
7    **<u>Structural Due Process Violation and is Contrary to Federal Precedent</u>**

8    60. The Ketchum decision states,

9    We also reject plaintiffs' argument that we must read the requirement into
10   the statute to avoid an absurd and irrational result. We cannot say that it is
11   wholly irrational for the Legislature to choose to have a different standard of
12   review for the selectboard's decision to reclassify a town highway than for
13   the altering, laying out or resurveying of a highway. All of the latter
14   decisions implicate a town's eminent domain power because they may
15   require a taking of land abutting the town highway. In contrast, downgrading
16   a road does not involve a taking.

17   61. Plaintiff asserts it would be difficult to imagine a set of factual circumstances

18   better able to conclusively prove the *Ketchum* decision results in clear legal

19   error, and an unconstitutional judicial interpretation of Vermont law, than the

20   reclassification of a Class III or Class IV Town Highway into a Legal trail; the

21   factual *alteration and subsequent taking* of Plaintiff's prior reasonable access,

22   the categorical taking of reversionary property rights, and the taking of the

23   vast majority of Plaintiff's previously clearly recognized bundle of private

24   property rights above the categorical taking of reversionary rights.

Complaint for Violation of Civil Rights (Non-Prisoner)

62. Plaintiff asserts, due to *Ketchum*, interested persons in Vermont are now denied the procedural due process afforded a Rule 74 appeal when a municipality refuses to conduct reasonable levels of road maintenance to the extreme degree of *altering* a Town Highway by refusing to replace failed bridges or culverts, or *altering* a Town Highway by *reclassifying* a segment of Class III or Class IV Town Highway into a Legal Trail.

63. Plaintiff asserts Rule 75 appeals are so heavily deferential to municipal administrative decisions that, as a matter of law, a structural due process violation occurs in which unscrupulous Defendants in the present case have been rewarded for committing intrinsic and extrinsic fraud in Vermont courts.

64. Plaintiff asserts Defendants have violated the procedural due process right to an *impartial* decision of Plaintiff and numerous other interested persons by conducting the 2010 New Road Reclassification *willfully* ignoring both the option to *discontinue* the segment and the *significant* opposition of interested persons *and* the public.

65. Plaintiff asserts the Town of Underhill was able to create its own legal record to be reviewed for the 2010 New Road Reclassification and numerous glaring facts indicative of the Town acting arbitrarily, capriciously, maliciously, and outright vindictively were unable to be properly incorporated into the record.

Complaint for Violation of Civil Rights (Non-Prisoner)

66. Numerous portions of the legal record contained in preceding state litigation are so severely prejudiced by Defendants' misconduct so as to serve as little more than a very compelling reason to issue Declaratory relief involving the precedent Vermont courts set in *Ketchum*, since as was succinctly stated:

> The court's role is to determine if there is adequate evidence to support the Selectboard's decision. The court reviews only the record below without new evidence. There is no fact-finding. It is an appellate-style review of an administrative decision.

67. Defendants' abuse of executive actions and concurrent willful extrinsic and intrinsic fraud to violate Plaintiff's procedural due process rights is likely to continue in additional situations with other local landowners; it is still to be determined if a landowner requested *discontinuance* of an unmaintained Class IV segment of Butler Road will ever occur, or if it will eventually be reclassified into a trail against the will of over 15% of Underhill's voters.

## **Enrichment of Town Officials by Taking of Other's Property Value**

68. Plaintiff has personal knowledge and belief public hearings and public meeting minutes/recordings (combined with notably missing or misrepresented public meeting minutes...) and the entirety of the Kafkaesque legal record surrounding preceding litigation in state courts demonstrates Defendants' flagrant disregard for Plaintiff's constitutional rights, extreme animus of Defendants using positions of governmental authority for the

Complaint for Violation of Civil Rights (Non-Prisoner)

1    personal benefit of themselves at the cost of Plaintiff and other landowners,

2    and gratuitous antagonization of Plaintiff and other parties without genuinely

3    advancing any permissible governmental interests for over two decades.

4    69. Plaintiff asserts as an uncontestable fact that the location of the Town's

5    Highway Department's garage on TH26 made it very reasonable to maintain

6    the entire length of TH26 between Pleasant Valley Road and Irish Settlement

7    Road

8    70. Plaintiff has credible evidence there was *never* a compelling justification for

9    the Town of Underhill to stop maintaining any segment of TH26 between

10    Pleasant Valley Road and Irish Settlement Road.

11    71. Plaintiff asserts knowledge and belief the *willful refusal* to replace culverts on

12    the central section of TH26 *created* environmental problems.

13    72. Plaintiff asserts, as depicted in Table 1, The Town of Underhill's appraisals of

14    properties on and near TH-26 demonstrate the disproportionate negative

15    financial impact of Defendants' taking of Plaintiff's property compared to

16    nearby real estate values and the elimination of a reasonable investment

17    backed return appreciation in comparison to surrounding properties owned by

18    Defendants *willfully* and *grossly* abused discretion in *collusion* to personally

19    profit from optimal proximity to a free public trail and "conservation area"

20    combined with a straightforward guaranteed subdivision process.

Complaint for Violation of Civil Rights (Non-Prisoner)

| Table 1 | 2019 Assessment[2] Exclusive Of Improvements | | | (Named Defendants Are Underlined) (Properties Are Listed North To South) |
|---|---|---|---|---|
| Parcel ID | Acres | Parcel $ | $ Acre | Ownership |
| IS-359 | 10.02 | $117,800 | $11,756 | Walter and Daphne (UCC Member) Tanis[3] |
| FU-11 | 3.4 | $87,400 | $25,705 | Jessica Butler and Jeremy Rector |
| FU-12x | 0.33 | $23,000 | $69,697 | Town of Underhill |
| FU-23 | 7.5 | $100,000 | $13,333 | John and Tammy Viggato |
| FU-49 | 49.5 | $162,900 | $3,291 | Trust for Jeff and Angela Moulton (formerly co-litigant with plaintiff) |
| FU-54X | 17 | $127,300 | $7,488 | Town of Underhill |
| FU-57 | 122.4 | $267,600 | $2,186 | Jonathan and Lisa Fuller (formerly co-litigant with plaintiff) |
| **FU-111** | **51.64** | **$108,000** | **$2,091** | **David Demarest** |
| **NR-141x** | **10.19** | **$122,100** | **$11,982** | **Town of Underhill[4]** |
| NR-50 | 8.98 | $114,600 | $12,762 | Marcy Gibson (JUPD and JULT member) |
| NR-48 | 3.77 | $98,600 | $26,154 | Kevin Gibson (Marcy Gibson's son) |
| NR-3 | 30.3 | $163,100 | $5,383 | John and Denise Angelino |
| PV-200 | 24 | $170,000 | $7,083 | Anton (Recreation Committee Chair) and Amy Kelsey |
| PV-139 (with frontage opposite NR-3) | 30 | $207,100 | $6,903 | Trust of Seth Friedman (current Recreation Committee and former Selectboard member) and Allison Friedman (JULT member) |
| PV-109[5] | 25.02 | $526,000[6] | $21,023 | Dick (former UCC and Planning Commission member) and Barbara Albertini (JULT members) |

---

[2] Plaintiff has knowledge and belief the assessment process is not always accurate, fair, *or* impartial; there are multiple intentional errors in many Town of Underhill public records (such as listing Plaintiff's home as a "camp," as opposed to Plaintiff's domicile, and previously deleting records of the culvert inventory on a segment of TH26/New Road/Fuller Road/Crane Brook Trail). Despite this caveat, Defendant Town of Underhill assessments recognize the dramatic devaluation of Plaintiff's property compared to nearby properties that are similarly situated.

[3] With a home located near northern terminus of TH26, Plaintiff asserts both Daphne and Walter Tanis have previously trespassed on Plaintiff's posted property. Defendant Daphne Tanis, while acting in her official capacity, has stated that "you need to be more open-minded" in reference to the public use of Plaintiff's property for free.

[4] Opposite Plaintiff's property and donated to Town by the prior owner of NR-144 less than 5 years before prior landowners opposed the unappealable and therefore entirely fictional 2001 New Road Reclassification. Opposition was summarized in Selectboard meeting minutes simply as a "Rehash of past arguments."

[5] PV-109 is now a 5-lot subdivision which provided substantial personal profit for Dick and Barbara Albertini.

[6] Due to presumed typo in assessment, this is the "Full" value since there were no structures at time of assessment.

Complaint for Violation of Civil Rights (Non-Prisoner)

1

### **<u>Accrual Date of February 26, 2021</u>**

2  73. An accrual date of February 26, 2021 for present claims is supported by

3  Justice Robinson's well-reasoned dissenting opinion of more recent prior state

4  court proceeding:

5  Moreover, the claims in this case and the challenge to the 2010
6  reclassification decision in no way form a convenient "trial unit."
7  Restatement (Second) of Judgments § 24(2). This is due both to the distinct
8  procedural postures of the claims, and the divergent legal and factual
9  predicates. With respect to the first point, because Demarest I was a Rule 75
10  appeal of a municipal 18 decision, the trial court reviewed the Town's
11  reclassification decision on the record. It did not hold an evidentiary hearing
12  to determine whether the Town's decision comported with the applicable
13  law. And its standard of review was accordingly deferential to the Town. For
14  purposes of analyzing claim preclusion, a Rule 75 appeal is thus very
15  different from a freestanding claim initiated in court by a plaintiff. Plaintiff
16  could not have litigated the claims at issue in this case in the context of the
17  2010 municipal reclassification proceeding. And on appeal to the trial court,
18  if plaintiff had sought to interject a claim asserting a private right of access
19  to future subdivided lots, the court's analysis would have been effectively, if
20  not formally, bifurcated: the court would have decided the reclassification
21  issue based on a previously established municipal record, and it would have
22  evaluated the private-access claims on the basis of a record developed during
23  the superior court proceeding and presented through summary-judgment
24  motions or an evidentiary hearing. Procedurally, there would have been
25  virtually no overlap in the trial court's resolution of the Rule 75 appeal on
26  the one hand, and plaintiff's individual claims on the other.

27  74. Plaintiff asserts Defendants' pattern of invidious delays, obstruction, and

28  discriminatory decision-making has been strategically perpetuated precisely

29  because Defendants *knew* they lacked any legally permissible justification for

30  their intentions, or their subsequent actions and their inactions.

Complaint for Violation of Civil Rights (Non-Prisoner)

**Substantiation of Monell claims against Town of Underhill includes:**

75. Plaintiff has documentation, knowledge, substantiated belief, and personal experience Defendants' malicious disregard for the Constitutional protections of the First, Fifth, Ninth, and Fourteenth Amendments (as well as the Vermont Constitution and Vermont Open Meeting Laws) is heavily entrenched within the culture, and patterns and practices, of the Town of Underhill's official governance.

76. Plaintiff references the Repa Road Litigation over landowner access rights (also mentioned in paragraph **Error! Reference source not found.** on page **Error! Bookmark not defined.**), notably this litigation was involving efforts to deny landowner rightful access to private property and issues surrounding purported trails; as a matter of historical fact a Class IV segment of Repa Road was upgraded to Class III road.

77. Plaintiff references Defendants' use of executive sessions and legal advice on ways to obstruct the wishes of landowners and over 15% of Underhill's registered voters who signed a landowner-backed petition to *discontinue* a Class IV segment of Butler Road (TH11), instead of *reclassifying* the segment into a Legal Trail (which would personally benefit Defendant Pat Sabalis).

78. Plaintiff references Underhill v Blais Litigation, which involved a landowner with property near Defendant Karen McKnight's home, and may have been

Complaint for Violation of Civil Rights (Non-Prisoner)

predicated upon the tradition of Underhill Officials willful misrecording or deleting public records with an intent to later *rescind* prior promises similar to Plaintiff's experience.

79. Plaintiff references legal issues involving Lyn DuMoulin in Spring of 2002.

80. Plaintiff asserts *extreme* biases in what grants are, and are not, applied for and how those grants and the entire municipal budget is used (for instance, the improvement of the intersection of New Road and Pleasant Valley Road to support the desired purchase of Defendant Dick Albertini's property for a gravel pit and the Town of Underhill acting as a fiscal agent for a local church to receive a $60,000 grant, which is hoped to enable a local church to obtain ~2 acres of land functionally for *free,* even though Defendants obstinately refuse to apply for a grant to replace a culvert on Plaintiff's former road frontage).

81. Plaintiff references the Dumas Road and Roaring Brook situation as further demonstration how many *willful* procedural difficulties Defendants can create for a resident despite going to *extreme* efforts to assist others, such as seeking legal advice on how to go against 23 V.S.A. Section 1007 if the *right people request* a speed limit lower than a State of Vermont professional speed study recommends.

Complaint for Violation of Civil Rights (Non-Prisoner)

82. Plaintiff has personal knowledge and experience of numerous instances in which Town officials ignore clear Conflicts of Interest in ways which have violated the procedural due process rights of numerous residents.

83. Plaintiff has credible knowledge and belief of the Town of Underhill has acted and refused to act in other situations which have caused civil rights violations to residents which are not currently listed in this complaint.

## **Official Policies and Patterns and Practices Relevant To Present Case**

84. Plaintiff has credible knowledge and belief present Monell claims against the Defendant Town of Underhill are also substantiated by Defendant Town of Underhill *willful* intentions, actions, and inactions over the span of over 20 years focused upon purloining landowner property rights along TH26.

85. Plaintiff has credible documentation and belief Defendants have willfully engaged in an ongoing pattern of censorship and misrepresentation of the public record (since at least 2001) and legal record (since at least 2009).

86. It should also be noted The Underhill Town Clerk, Sherri Morin, in an email dated 10/26/2020 claimed, in part:

The only minutes in digital format are the ones on the website. Nothing else. The rest of the minutes are in paper form here at town hall.

Complaint for Violation of Civil Rights (Non-Prisoner)

87. Plaintiff asserts credible knowledge and belief the Town of Underhill *willfully and perfidiously removed* incriminating public records from the Town of Underhill website as a way to manipulate the public record, interfere with Plaintiff's *reasonable* access to public records, and functionally defame Plaintiff's character because the public at large is denied *reasonable* access to public records *which were previously readily available on the Town's website* and the entire history is necessary to form an accurate opinion on Plaintiff's past and present litigation against the Town of Underhill.

88. As of the date of this filing the Town of Underhill Website has:

    A. Development Review Board meeting minutes *available for free download* on the Town's website all the way back to January 2007,

    B. Planning Commission Meeting Minutes *available for free download* on the Town's website all the way back to January 2009

    C. The Underhill Trails Handbook, "adopted by the Selectboard as a best practice manual on September 22, 2009" is *available to download.*

    D. Selectboard Meeting Minutes only after January 2012, and

    E. Underhill Conservation Commission Minutes only after to April 2016.

Complaint for Violation of Civil Rights (Non-Prisoner)

89. Plaintiff asserts having engaged in *multiple years* of efforts to obtain fair treatment from Town of Underhill officials, including Plaintiff's efforts as a member of the Underhill Trails Committee, *prior to* the above referenced October 8, 2009 letter seeking legal advice on how to *rescind* prior promises made to Plaintiff and ensuant litigation.

90. Based upon factual observation in paragraph 88, Plaintiff asserts *years* of public records, and intentionally vague or misrepresentative meeting minutes, *which were previously readily available on the Town of Underhill official website,* have been *willfully removed* from the Town of Underhill website.

91. Plaintiff asserts an example of a record which would be politically harming and incriminating for Defendants, and publicly exonerating to Plaintiff's personal and professional reputation, is the October 9, 2009 Selectboard Minutes which references the October 8, 2009 letter which sought to *rescind* Plaintiff's prior access vaguely as, "Crane Brook Trail: Chris has sent a letter to Vince*." in the very same meeting* the Better Back Roads Grant program was discussed *and* the Underhill Trails Handbook (which Plaintiff had participated in drafting in a good faith effort to find solutions to problems Defendants were causing landowners, but which Defendants *still* refuse to follow) was about to have a press release.

Complaint for Violation of Civil Rights (Non-Prisoner)

**Substantiation of Claims Specific to First and Second Causes of Action**

92. The staying of Plaintiff's first-filed road maintenance case for *years* allowed the Town of Underhill's legal counsel to craft a reclassification order to satisfy the low administrative standard of review which simply determine if there was *any* evidence in its favor; procedural due process required *impartial* weighing of the true *necessity* (as defined under 19 V.S.A. § 501 (1)) of the Selectboard proposed New Road reclassification which has taken Plaintiff's property without compensation for recreation.

93. Plaintiff asserts Defendants involved in the 2010 New Road reclassification willfully violated Plaintiff's structural and procedural due process rights to an *impartial* decision-making process.

94. Plaintiff asserts Defendant Town of Underhill's own records indicated Defendant Steve Walkerman and other named Defendants were interested in discouraging driving through New Road between Pleasant Valley Road and Irish Settlement Road in the early 2000's onward primarily for their own personal enrichment and cross-country skiing.

95. Plaintiff's Conflict of Interest Complaint submitted against Defendant Dan Steinbauer clearly outlines violations of Plaintiff's procedural due process and Defendants the Town of Underhill, Dan Steinbauer, Bob Stone and Peter

Complaint for Violation of Civil Rights (Non-Prisoner)

1    Duval's lack of meaningful response (and censorship of the complaint from

2    the Town of Underhill's website) further documents these allegations.

3    **<u>Substantiation of Claims Specific to Third and Fourth Causes of Action</u>**

4    96.Plaintiff asserts having credible knowledge and belief there is a *long* record of

5    the Town of Underhill and numerous Town of Underhill officials having an

6    interest in the taking of free recreational use of Plaintiff's property, which

7    under Vermont law is an impermissible primary rational for an eminent

8    domain proceeding.

9    97.In addition to the actual eventual taking of Plaintiff's property without

10    compensation, Plaintiff asserts Defendants violated the Ninth and Fourteenth

11    amendments by engaging in a *willful* and *relentless* effort over the span of

12    around two decades to purloin the use, value, access and personal enjoyment

13    of Plaintiff's private property *contrary to legally permissible purposes.*

14    98.Plaintiff has credible knowledge, information and belief Defendants Trevor

15    Squirrell and Karen McKnight (which were also JULT members) and other

16    JULT members acting in their official capacities (most notably Defendants

17    Steve Walkerman, Dan Steinbauer, and Stan Hamlet) colluded to violate

18    Plaintiff's Due Process Rights by initiating the 2010 New Road

19    Reclassification process with full confidence fellow affiliates of JULT could

Complaint for Violation of Civil Rights (Non-Prisoner)

1      successfully act under color of law, with assistance of legal counsel for the

2      Town of Underhill, to reach a predetermined future reclassification decision in

3      order to take Plaintiff's property without compensation.

### Substantiation of Claims Specific to Ninth Amendment Concurrent With *Willful* Violation of Vermont Constitution and State Laws

6   99. Article 2 and Article 7 of the Vermont Constitution, and the inherent right that

7      a local municipality to abide by State and Federal laws, are rights clearly

8      intended to be fully protected under the Ninth Amendment of the United States

9      Constitution.

10  100. Plaintiff has credible knowledge, documentation, and personal experience

11     observing Defendants' *willful indifference* to multiple clearly established laws

12     in violation of the Ninth Amendment rights of Plaintiff and other landowners

13     including the rights expressed Article 2 and Article 7 of the Vermont

14     Constitution and Plaintiff's Right to Equal Treatment Under the Law.

### Article 2: Private property subject to public use; owner to be paid

16     That private property ought to be subservient to public uses when necessity
17     requires it, nevertheless, whenever any person's property is taken for the use
18     of the public, the owner ought to receive an equivalent in money.

19  101. Given the amount of legal advice obtained from Defendants, combined with

20     their actions and inactions, it is inconceivable they would not be *fully* aware

21     that under Vermont Law eminent domain proceedings define "Necessity" as:

Complaint for Violation of Civil Rights (Non-Prisoner)

A ***reasonable need*** that considers the greatest public good and the least inconvenience and expense to the condemning party and to the property owner. It shall not be measured merely by expense or convenience to the condemning party. Due consideration shall be given to the following factors:

(1) The adequacy of other property and locations.

(2) The quantity, kind, and extent of cultivated and agricultural land that may be made unfit for use by the proposed taking. In this connection, the effect on long-range agricultural land use as well as the immediate effect shall be considered.

(3) The effect of the taking upon home and homestead rights and the convenience of the owner of the land.

(4) The effect of the taking upon scenic and recreational values in the areas involved.

(5) The effect upon town grand lists and revenues.

(6) The effect upon fish and wildlife, forests and forest programs, the natural flow of water and the streams both above and below any proposed structure, upon hazards to navigation, fishing, and bathing, and upon other public uses.

(7) Whether the cutting clean and removal of all timber and tree growth from all or any part of any flowage area involved is reasonably required.

(c) The complaint, the service thereof and the proceedings in relation thereto, including rights of appeal, shall conform with and be controlled by 19 V.S.A. chapter 5.

## Article 7: Government for the people; they may change it

That government is, or ought to be, instituted for the common benefit, protection, and security of the people, nation, or community, and not for the particular emolument or advantage of any single person, family, or set of persons, who are a part only of that community; and that the community hath an indubitable, unalienable, and indefeasible right, to reform or alter government, in such manner as shall be, by that community, judged most conducive to the public weal.

Complaint for Violation of Civil Rights (Non-Prisoner)

102. Plaintiff asserts it is exceedingly implausible Defendants could possibly be unaware of the Vermont Supreme Court Decision of Rhodes v. Town of Georgia dated March 23, 2012 involving Article 7 of the Vermont Constitution.

103. Plaintiff asserts it is now *impossible* to conceivably find *any* defendant acted in an arbitrary and capricious manner since a municipality's maintenance and reclassification decisions have an unlimited administrative "discretion" under the Vermont Rule of Civil Procedure 75 "on the record" appeal process.

104. Plaintiff asserts any *reasonable* jury would believe the parcel name change from NR-144 to FU-111 was an antagonistic administrative decision indicative of clear *mens rea* for the sole purpose of later attempting to circumvent the property rights protected by common law and Vermont Statute 19 V.S.A. § 717(c).

105. To make the seemingly self-evident point crystal clear, Plaintiff has documentation dated April 22, 2019, from the State of Vermont Department of Motor Vehicles, which as an *impartial* Vermont governmental agency states:

Your requested selection of special plate FU has been denied.

It has been deemed to be a combination that refers to vulgar, derogatory, profane, racial epithets, scatological or obscene language and has been denied based on that reason.

Complaint for Violation of Civil Rights (Non-Prisoner)

1    106. Defendant Town of Underhill efforts to violate Plaintiff's civil rights were

2        far more egregious than efforts in the *Rhodes* case because Defendants

3        intentionally caused Plaintiff's difficulty *continuing* to access his current

4        *domicile* and infringed upon the reasonable expectations of privacy expected

5        in and around one's *home,* as opposed to "only" taking the economic value of

6        Plaintiff's private property and reasonable investment backed returns.

7    107. Plaintiff asserts one, of many, examples of Defendants' excessive interest in

8        cross-country skiing and other recreation on TH26, as opposed to recognition

9        that the primary purpose of a road is the facilitation of travel, is Selectboard

10       meeting minutes from the winter of 2002 state "The New Road is being

11       plowed to the former Shakespeare property as the new owner [Plaintiff] *seeks*

12       access."

13    108. Plaintiff asserts many of the purported "conservation" efforts created

14       substantial economic gains for Defendants Dick Albertini, Carolyn Gregson,

15       Steve Walkerman, Marcy Gibson, and others; the most dramatic of which

16       being Dick Albertini's 5-lot subdivision (see Table 1 on page 20)

17    109. The Rhodes decision also succinctly explains the current circular argument

18       within current Vermont legal interpretations which Defendants have

19       maliciously capitalized on:

Complaint for Violation of Civil Rights (Non-Prisoner)

The selectboard's decision to downgrade its status to a trail did not -- as we have elsewhere held -- constitute a "taking" entitling abutting landowners to compensation. See *Ketchum v. Town of Dorset*, 2011 VT 49, ¶ 13, 190 Vt. 507, 22 A.3d 500 (mem.) (reaffirming rule that "downgrading a road does not involve a taking" ); *Perrin v. Town of Berlin*, 138 Vt. 306, 307, 415 A.2d 221, 222 (1980) (holding that downgrading of town highway to a trail "does not involve the acquisition of property rights from the abutting owners" so that "no damages are involved").

## Substantiation of Claims Specific To Fifth and Sixth Causes of Action

110. The 2010 New Road Reclassification, instead of *discontinuing* a segment of TH26, functionally condemned a 29.5' wide swath of private property to simultaneously deny landowners reversionary property rights *and* rescind past, present, and prospective future accessibility to private property.

111. Defendants' willful actions and inactions have taken the Plaintiff's reasonable access to his domicile and the reasonable expectation of privacy in and around one's home.

112. Plaintiff asserts the prior landowners of NR-144 (Shakespeare, Sims, and Slater) requesting to have a segment of TH26 *discontinued* is fundamentally different than a *reclassification* into a legal trail against their will; a town highway *discontinuance* provides reversionary property rights to abutting landowners, ensures landowner privacy, and preserves a landowner's private right of way over the discontinued corridor in accordance with common law and Vermont Statute 19 V.S.A. § 717(c).

Complaint for Violation of Civil Rights (Non-Prisoner)

113. Given the length of time the Defendant Town of Underhill has refused to help minimize (and intentionally caused) problems for landowners, Plaintiff firmly believes any *reasonable* jury would view the totality of the Defendant Town of Underhill's actions as conspicuously pernicious during a span of over 20 years and based primarily upon the inappropriate personal desire of a handful of individuals to have landowners give away recreational use of private property for free (even if it would come at the extreme cost of taking landowners reasonable access to their homes), which was followed by a relentless and malicious retaliation and intentional violation of many of Plaintiff's other constitutional rights.

114. Plaintiff asserts Defendants have a pattern and practice of attempting to inhibit, and retaliating against, any landowners that wish to exercise the fundamental private property right to exclude others for at least 20 years.

115. Plaintiff has credible knowledge, belief, witnesses, and video documentation that Defendants and members of the public have felt entitled to disregard Plaintiff's reversionary property rights and go up onto Plaintiff's private property as if it were a part of the "Crane Brook Conservation District."

116. Plaintiff asserts there is a history of over 20 years in which Defendants have obstinately refuse to provide *any* reasonable maintenance to certain public infrastructure, including any meaningful assistance to Plaintiff or other nearby

Complaint for Violation of Civil Rights (Non-Prisoner)

1   landowners plagued by illegal dumping and other problems caused public use

2   and abuse of the "Crane Brook Area," the proximate cause of which is

3   Defendant's advertising of the area as a recreational destination.

4   117. Plaintiff asserts Defendant's Trail Ordinance *willfully* mislead Plaintiff in the

5   interest of later taking Plaintiff's property; in addition to prior promises

6   officially made directly to Plaintiff, the purported Trails Ordinance included

7   the provision that "permits **shall be issued** only to persons who … have a

8   legitimate need to operate a vehicle on the Crane Brook Trail. For the purposes

9   of this ordinance, 'legitimate need' shall mean a compelling personal or

10  business purpose."

11  118. Plaintiff asserts Defendants have willfully refused to mitigate numerous

12  problems caused by Defendant's "Crane Brook Conservation area," such as

13  the public nuisance caused by trash such as mattresses and tires that are

14  illegally dumped and people going from the public areas onto private areas"

15  119. Plaintiff asserts despite willfully refusing to mitigate problems already

16  created, Defendants have expressed the strong desire to increase public use of

17  the Crane Brook Area (especially as related to developing and later advertising

18  a "Pump Track" on Town property despite being unsure exactly how much

19  such a development would increase public recreational traffic or resultant

20  potential parking issues and additional environmental impacts to the area).

Complaint for Violation of Civil Rights (Non-Prisoner)

120. Plaintiff asserts the *de facto* legitimate need of Plaintiff to access his home, land and former agricultural operation was previously so definitively promised by the Town of Underhill that promissory estoppel should have precluded Defendant's relentless efforts to find "any way the Town could rescind the access"

121. Plaintiff asserts in April of 2002, the Selectboard consistently expressed concern about the amount of money it would take to make improvements to New Road but the Selectboard and Underhill Conservation Commission members of that era actually thought thee Town should buy Plaintiff's property and that "There is no penalty for them to give it to the town."

122. Plaintiff asserts in April of 2002 Defendants Stan Hamlet, Ted Tedford, Peter Brooks, Carolyn Gregson was made *fully aware* by a property owner's attorney that they were violating his client's constitutional rights; The Town of Underhill and the town officials have *knowingly* engaged in the longstanding pattern and practice of violating individual property owners rights.

123. Plaintiff asserts when Plaintiff purchased NR-144 in 2002, it was possible for a standard auto to drive the vast majority of TH26 so long as the driver proceeded with caution and the entire road was easily driven in a standard pickup truck all the way from Pleasant Valley Road to Irish Settlement Road.

Complaint for Violation of Civil Rights (Non-Prisoner)

1    124. Plaintiff asserts at the time of purchasing his property, the Underhill

2         Selectboard felt entitled to an *ultra vires* authority to simply "*veto*" a

3         landowner's intention to build a home.

4    125. Plaintiff is unaware of *any* reasonable way to have exercised greater due

5         diligence prior to purchasing property than having retained an attorney to

6         review the land records and the purchase and sale agreement, having

7         purchased title insurance, and having personally met with the local

8         Selectboard prior to purchasing NR-144.

9    126. Plaintiff asserts when Plaintiff met with the Selectboard in May of 2002 to

10        confirm there would be no issues with his plans to build an off-grid home,

11        Selectboard members Stan Hamlet and Bob Pasco both approved Plaintiff's

12        intentions for the property if he were to finalize his purchase of NR-144.

13   127. Plaintiff was promised access to NR-144 on what at the time was a through-

14        road and mislead the rougher condition of New Road north of the Town

15        Garage was due primarily to town budgetary constraints.

16   128.  Plaintiff asserts Defendants' refusals to conduct *any* maintenance to the

17        central segment of TH26 were based upon a malicious intention to eventually

18        *rescind* Plaintiff's access to his home and land.

19   129. Plaintiff believes any reasonable jury aware of Plaintiff's plight over the

20        following ~19 years, which has included ~12 years of active litigation due to

Complaint for Violation of Civil Rights (Non-Prisoner)

1    the Town of Underhill seeking legal advice on "any way the Town could

2    rescind the access" (letter dated October 8, 2009) would easily understand just

3    how foreboding it was to refer to official *promises* made by the Selectboard to

4    Plaintiff in a public meeting as, "initially we would go along with this.."

5    130. Plaintiff asserts Defendants have conspired, with the help of hours of legal

6    advice in executive sessions, how to *rescind* landowner access to further their

7    own personal interests and the interests of fellow Town Officials / Jericho

8    Underhill Land Trust affiliates.

9    131. Plaintiff asserts Town Officials present (Stan Hamlet, Peter Brooks, Carolyn

10   Gregson and Bob Pasco) in the May 20, 2002 morning Selectboard meeting

11   are clearly aware the "Nuisance Ordinance" is unconstitutionally overbroad.

12   132. Plaintiff asserts Defendants' state of mind in this era intended to criminalize

13   innocuous conduct but upon legal advice it was presumably determined civil

14   sanctions are unlikely to raise to the level that an individual attempts to litigate

15   an overly broad (and selectively enforced) ordinance instead of cowing to the

16   Selectboard tradition of *ultra vires* abuse of governmental authority.

17   133. Plaintiff asserts the town received substantial legal advice throughout the

18   past 20 years, so qualified immunity cannot protect individual town officials

19   acting with deliberate indifference to Plaintiff's constitutional rights or

20   individuals maliciously wielding municipal authority during this time because

Complaint for Violation of Civil Rights (Non-Prisoner)

1      it is entirely implausible that Town Officials were not fully aware they were

2      exceeding their lawful authority.

3   134. Plaintiff asserts there was no valid reasoning for renaming TH26 from

4      "Dump Road" to "New Road" instead of the "Crane Brook Road" or other

5      name consistent with typical naming practices, let along justification for what

6      is presumably the inside joke of changing plaintiff's parcel codes (and those of

7      two former co-litigants) from "NR" to "FU" *after* the purchase of parcels on

8      "New Road." (see also paragraphs 103 through 106 on page 32)

9   135. Plaintiff asserts in the same November meeting, "Dick Albertini requested

10      signs on either end of new Road to discourage people from driving through.

11      The signs should go up now as people are getting stuck. It is officially closed

12      Dec. 1;" but there are in fact no official looking signs to discourage vehicular

13      through traffic.

14   136. Plaintiff asserts having built a permitted full-time dwelling would logically

15      include plowing to his residence in the winter, and in Defendant's typical

16      pattern and practice of creating revisionist history there is a second version of

17      these meeting minutes which state, "David Demarest (new owner of the

18      Shakespeare property) is plowing Fuller Road to his property."

19   137. Plaintiff asserts the extreme focus of Defendants creating recreational

20      opportunities for cross country skiing, even if it requires claiming a resident's

Complaint for Violation of Civil Rights (Non-Prisoner)

1  address has changed from "NR-144" to "FU-111" is indicative of the

2  maliciously misplaced "priorities" of a handful of Town of Underhill Officials,

3  many of whom were also either furthering their own and fellow Jericho

4  Underhill Land Trust (JULT) affiliates personal interests, or were overly

5  influenced by an ability to personally profit from the sale of their private

6  property to JULT and the Town of Underhill.

7  138. Plaintiff asserts the barely tenable "compromise" which was *promised in*

8  *writing* to Plaintiff in 2005 by Defendant Stan Hamlet was a *substantial*

9  reduction from the prior promises Stan Hamlet had *officially made* to Plaintiff

10  in the Selectboard meeting Plaintiff had attended *prior to* purchasing NR-144.

11  139. Plaintiff asserts Town of Underhill's written promise to move boulders

12  placed in the way of Plaintiff's right of way was first broken on November 13,

13  2019.

14  140. Plaintiff asserts the longstanding pattern and practice of efforts by the Town

15  of Underhill to undermine landowner property rights, in combination with

16  multiple town officials and other recreationalists believing they are *entitled* to

17  personally enjoy outdoor recreational opportunities from the above-mentioned

18  large blocks of forest land regardless of who owns the land, has ironically

19  been the central factor forcing Plaintiff's previously proposed 9-lot

20  subdivision.

Complaint for Violation of Civil Rights (Non-Prisoner)

1    141. Plaintiff asserts paragraph 180 on page 53 documents the duplicitous and

2        conniving nature of Defendant Stan Hamlet, since he had been central to the

3        initial promises made to Plaintiff *prior to* the purchase of NR-144.

4    142. **Plaintiff has both accessed and previously plowed all the way from the**

5        **Underhill Town Garage to Irish Settlement Road.**

6    143.  Plaintiff asserts the marketing of the "Trails Handbook" intentionally

7        creates a false assurance that the Town of Underhill would follow the Best

8        Management Practices, but Plaintiff is unaware of any instances in which

9        Defendants have actually followed the Best Management Practices outlined in

10       the Underhill Trails Handbook.

11   144. Plaintiff asserts since the 2010 New Road Reclassification, National

12       Geographic Maps were updated to depict a significant portion of Plaintiff's

13       former road frontage as a recreational trail which has resulted in increased

14       problems for nearby private property owners without *any* meaningful effort by

15       the Town of Underhill to mitigate.

16   145. Plaintiff has experienced repeated problems caused by specific individuals

17       and public recreational use of New Road over many years due in a large part

18       to the Town of Underhill's marketing of the recreational use of the "Crane

19       Brook District" / "Crane Brook Area" / "Crane Brook Trail."

Complaint for Violation of Civil Rights (Non-Prisoner)

1    146. Plaintiff asserts the Town of Underhill continues to willfully refuse to

2    mitigate problems caused by advertisement of the "Crane Brook Area" in

3    complete disregard for the Best Management Practices outlined in the

4    Underhill Trails Handbook.

5    147. Plaintiff asserts the degree and frequency of problems Plaintiff has

6    experienced is dramatically higher than similarly situated private properties on

7    other Class III or Class IV roads (or properly managed trails) due to the

8    outright refusal of the Town of Underhill to help mitigate the increased

9    number of issues with: the public nuisance of having vehicles parked on

10   Plaintiff's property or in the way of Plaintiff's property access, the public

11   nuisance of litter and illegal dumping, criminal trespass, crimes of vandalism,

12   the theft of thousands of dollars of Plaintiff's personal property, and Plaintiff

13   has even been shot at once while on his private property.

14   148. Plaintiff asserts Selectboard Minutes in spring of 2010 document the

15   extreme abuses of municipal "discretion" since Defendants Steve Walkerman,

16   Dan Steinbauer, and Steve Owen spending a highway surplus on the Pleasant

17   Valley Road Reconstruction of approximately $108,000, consideration of

18   obtaining a FEMA grant to replace a culvert on a *private* road for

19   approximately $92,000, *and* preparation for the April 24 public hearing to

20   reclassify a segment of New Road in complete disregard for the private

Page 42 of 90

Complaint for Violation of Civil Rights (Non-Prisoner)

1    property rights expressed by Plaintiff, Michael and Tammy Linde, and

2    Jonathon and Lisa Fuller.

3    149. Plaintiff believes there is no way to accurately summarize the amount of

4    emotional duress protracted litigation over access to one's home and land can

5    take on a person, or the loss of privacy at one's home, but Plaintiff having to

6    bear witness to Defendants spending legal funds entertaining the precedent

7    setting idea Underhill helping to obtain replacement of a *private* road culvert

8    while simultaneously pursuing "any way" of Taking as much of Plaintiff's

9    land (and corresponding lifestyle and sense of life's purpose) in ways which

10   were once inconceivable all for *mere recreation* (and their own personal profit)

11   would be unbearable for anyone that found themselves in a similar situation.

12   150. Plaintiff asserts the video recording of the April 24, 2010 New Road

13   Reclassification hearing, the entirety of written submissions are incorporated

14   by reference, and all video recordings of Defendants violating Plaintiff's

15   constitutional rights while acting under color of law proves with a

16   preponderance of evidence the willful violation of Plaintiff's Ninth and

17   Fourteenth Amendment rights by Defendants colluding in the predetermined

18   process.

19   151. Plaintiff asserts the 2010 New Road Reclassification purloined the

20   reversionary property rights of an entire 29.5 feet wide public right of way for

Complaint for Violation of Civil Rights (Non-Prisoner)

1    recreation and Defendants have had over 11 years to work on how the "trail"

2    will be managed without having taken any meaningful steps to mitigate the

3    problems caused by public use and abuse of Plaintiff's former road frontage

4    and ineffectual management which both willfully ignores, and at times even

5    creates, problems for private property owners and the environment.

6    152. Plaintiff asserts Defendants Steve Walkerman, Dan Steinbauer, Steve Owen

7    and Brad Holden colluded to violate Plaintiff's procedural due process rights

8    and the public and private usability of the TH26 corridor for all reasonable

9    interest groups could have been maintained for a very minimal financial

10   municipal investment.

11   153. Plaintiff has knowledge and belief the primary motivation behind the

12   Pleasant Valley Road Project mentioned was Defendants' efforts to allow

13   Defendant Dick Albertini to substantially profit from the sale of his property

14   for a Town gravel pit, after the Town gave him a special deal and even did the

15   prospecting for him at the Town's expense instead of initiating a Request For

16   Proposals process.

17   154. Plaintiff asserts Defendants Clifford Peterson and Rick Heh decision to rely

18   purely upon a claim of unfettered municipal discretion by taking on appeal of

19   the Vermont Superior Court ruling in favor of Plaintiff, and subsequent request

20   for reconsideration and the appeal to the Vermont Supreme Court, occurred

Complaint for Violation of Civil Rights (Non-Prisoner)

1    concurrent with approval to spend an estimated $134,000 to pave up to a point

2    near the southerly terminus of TH26 is indicative of how much effort the Town

3    of Underhill and named Defendants have exerted to eliminate reasonable

4    access to a property which is literally a short walk to the town highway

5    department, which has exceptionally maintained access approximately half a

6    mile from Pleasant Valley Road, which is a paved road to the south relative to

7    taking a northerly route which necessitates driving 15-20 minutes out of the

8    way *and* substantial personal time and expense to maintain since the Town of

9    Underhill still refuses to provide *any* maintenance to Plaintiff's limited

10   remaining *public* road frontage.

11   155. In the 5/18/2018 Selectboard meeting, Defendant Pat Sabalis willfully

12   misrepresented Plaintiff's protected speech as "statements berating people and

13   organizations. It's just something I wanted to put on the record because it's

14   upsetting."

15   156. Plaintiff responded to this mischaracterization of the record on May 25, 2018

16   stating, in part:

17   To clarify, Webster's definition of berate is "to scold or condemn
18   vehemently and at length." This is fundamentally different than asking
19   poignant questions that deserve answers before a Selectboard tends to
20   dutifully move forward on whatever UCC members propose.

Complaint for Violation of Civil Rights (Non-Prisoner)

1    157. Plaintiff asserts the Town of Underhill has willfully and wantonly continued

2    to refuse to provide **any** maintenance to any portion of plaintiff's limited

3    remaining Class IV Road frontage up to the date of the filing of the present

4    case before this court, despite spending significant sums of tax payer money

5    on litigation against Plaintiff and other residents of Underhill.

6    **158.** Plaintiff asserts in June of 2019, Rick Heh to created a matrix of Class IV

7    road characteristics in attempts to rationalize past and potential future Town of

8    Underhill maintenance of Class IV roads and factual errors in this matrix are

9    *willfully* prejudicial to Plaintiff since Plaintiff publicly made note of specific

10    errors which have persisted over time.

11    159. Plaintiff asserts a Planning Commission meeting in May of 2019, led by

12    Defendant Jonathan Drew Minutes with Defendant Carolyn Gregson also in

13    attendance and Sandy Wilmot writing the meeting minutes willfully prevented

14    Plaintiff's protected speech and obstructed Plaintiff's efforts to contribute to

15    local governmental planning and decision-making; meeting "minutes" merely

16    state "Overall discussion included" with bullet points of some of the topics

17    discussed.

18    160. Plaintiff asserts the above mentioned Planning Commission meeting is an

19    example of Plaintiff's protected speech being censored since it makes no

20    mention of Plaintiff bringing up the outright refusal of the Town of Underhill

Complaint for Violation of Civil Rights (Non-Prisoner)

1    to follow the Best Management Practices outlined in the Underhill Trails

2    Handbook, which Plaintiff had taken part of in efforts to ameliorate some of

3    the problems recreationalists in Underhill had been causing for landowners,

4    and that the Trails Handbook should not be promoted if it is not actually being

5    followed because the Town should not promising things it is unwilling to

6    uphold.

7    161. Plaintiff asserts in this above-mentioned meeting Plaintiff takes issue with

8    the town deceiving landowners which are forced into taking the brunt of

9    having to pick up litter on a public trail without any assistance from the Town

10   of Underhill.

11   162. Plaintiff also pointed out parking issues, the lack of the town educating trail

12   users to not leave the trail to go onto private property without permission, and

13   a number of other concerns, which proper planning could help mitigate, but all

14   points brought up by Plaintiff in the meeting were censored to the point that

15   the recorded minutes and the public at large would not be aware of the

16   substance behind the vast majority of the points Plaintiff raised, but most

17   importantly none of Plaintiff's recommendations or assertions were

18   incorporated into the 2020 Town Plan (or genuinely even considered by Town

19   Officials) as is typical of what one Selectboard member referred to as "The

20   Underhill Way."

Complaint for Violation of Civil Rights (Non-Prisoner)

1    163. In June of 2019, to add emphasis to the futility of residents attempting to

2        have a say in their own local government, the Planning Commission Chair

3        Jonathan Drew wrote an email to Plaintiff in response to a post made on

4        www.FrontPorchForum.com.), stating, "Your incessant whining and profound

5        ignorance is of little importance and interest. If you don't like it here leave."

6    164. Plaintiff asserts documentation Defendant Jonathan Drew's hostile email,

7        which Plaintiff submitted in the public comment period of a Selectboard

8        meeting in July of 2019, is not actually attached to the Selectboard meeting

9        minutes posted on the Town Website to censor Plaintiff's protected speech to

10       the point it is literally impossible to know if content of the email from

11       Jonathan Drew is positive or negative.

12   165. Plaintiff asserts Selectboard meeting minutes in July of 2019 also censor

13       Plaintiff and other members of the public which were pointing out other

14       instances of the Town of Underhill's willful and wanton breach of prior

15       promises, such as those made to neighbors of the old town garage on

16       Beartown road (which were previously documented in earlier public meeting

17       minutes).

18   166. Plaintiff asserts Town Officials willfully continue to use Front Porch Forum

19       as the *primary* and in many situations *only venue* for members of the public to

20       be aware of official municipality agendas and activities

Complaint for Violation of Civil Rights (Non-Prisoner)

167. Plaintiff reminded Defendants Karen McKnight, Nancy McRae, and Daphne Tanis in a June of 2020 Underhill Conservation Commission meeting that agenda should be posted to Underhill Town website in addition to FPF could post to FPF before the weekend (but not the official Town of Underhill website).

168. Plaintiff asserts Town Officials have a longstanding pattern and practice of willfully and wantonly ignoring the failed culvert which Plaintiff has made every conceivable effort to find solutions to remedy which could work for all *reasonable* interested parties prior to the filing of the Notice of Insufficiency in 2009; instead, Town Officials spend time on ineffectual small projects that have little genuine benefit to the Town of Underhill residents.

169. Plaintiff asserts Selectboard members *willfully* and *obstinately* refused to the minutes so as to avoid giving "a true indication of the business of the meeting," and the exclusion of Plaintiff's protected speech was predicated upon a desire to prevent factually and politically important details of the September 21, 2020 Selectboard meeting minutes from being publicly readily available.

170. Plaintiff asserts countless materially adverse actions by Town Officials are intended to dissuade landowners and other residents that may disagree with a town official from speaking out against problems within Underhill's

Complaint for Violation of Civil Rights (Non-Prisoner)

governance; this tradition prevents residents from contacting the Town about an issue lest they too be ostracized as "Others" (which will subject a resident to increased scrutiny by Town Officials or worse); those residents brave enough to speak out in spite of almost certain retaliation by officials are likely to have their constructive criticism ignored so there is a very reasonable question of "Why bother?" since nothing is likely to change even when "others" demand the town function for the public good.

171. Plaintiff asserts defendant Town of Underhill has continued to refuse the Conflict of Interest allegations submitted against Dan Steinbauer to be available for the public to review on the Town website; Conflict of Interest allegations which Jim Beebe Woodard, who at the time was the Town Administrator, submitted against Selectboard Member Peter Duval were readily viewable on the Town of Underhill website and Front Porch Forum did not censor substantial negative comments directed personally at Selectboard member Peter Duval.

172. Plaintiff asserts Selectboard meeting recordings from the Fall and Winter of 2020 demonstrate what has been publicly referred to by a town official as the "Underhill Way," with examples of multiple procedural due process violations, willful censorship of Plaintiff's protected speech, and violation of Plaintiff's Ninth Amendment rights since it is not constitutionally acceptable

Complaint for Violation of Civil Rights (Non-Prisoner)

1     for a single person to wield the power of the town against landowners as Dan

2     Steinbauer does.

3     173. Plaintiff believes Defendants Dan Steinbauer, Bob Stone, and Brad Holden

4     decided to have a Selectboard meeting at 830 am in December 2020 as a way

5     to minimize public involvement in the budgetary process and avoid public

6     oversight of issues within Underhill's governance; Defendants were

7     demonstrably bothered that David Demarest and Natalie Coughlin were able

8     to attend and the recording of this December 2020 Selectboard meeting

9     documents Defendants violation of Plaintiff's First, Ninth, and Fourteenth

10    amendment rights.

11    174. Despite Plaintiff's reasonable expectation of privacy being Taken by the start

12    of a recreational trail destination being located bottom of his primary

13    driveway, the Recreation Committee "didn't think it was right to have parking

14    so close to Marcy's house and thought it would be better if it was to the right

15    of the entrance to the town garage for convenience to the trails."

16    175. Plaintiff asserts Town of Underhill's budget is heavily controlled by a

17    handful of heavily biased and self-dealing individuals willing to spend money

18    in certain areas of the budget, while also the retaliatorily rescinding money

19    from other budget items previously intended for purposes which could have

Complaint for Violation of Civil Rights (Non-Prisoner)

1    benefited Plaintiff (or at least mitigated the damages of public use and abuse

2    of Plaintiff's former road frontage).

3    176. Plaintiff also asserts the start of a litigation between Plaintiff and co-litigants

4    against the Town of Underhill began in the Selectboard's choice to use lawyers

5    instead of potentially spending a mere $1,600 on road maintenance which

6    could have allowed all *reasonable* interest groups to coexist instead of Taking

7    Plaintiff's property without just compensation.

8    **Substantiation of Claims Specific to Seventh and Eight Causes of Action**

9    177. Plaintiff asserts, in presumable collusion among the Selectboard (SB),

10    Underhill Recreation Committee (URC), Planning Commission (PC) and

11    Underhill Conservation Commission (UCC) minutes, Defendants have been

12    consistently and grievously censored and misrepresented Plaintiff's protected

13    speech in public meetings.

14    178. Plaintiff asserts Defendants' have a pattern and practice going to great efforts

15    to subvert landowner rights and the ability of impacted landowners to have a

16    say in their own town's governance; this same type of behavior repeated itself

17    in 2020 and included efforts to silence Plaintiff's attempts to have a say in the

18    Town's budget discussion in a *morning* meeting which Plaintiff asserts was an

19    effort by Defendants to avoid public involvement in budget decisions.

Complaint for Violation of Civil Rights (Non-Prisoner)

179. Plaintiff asserts the Town of Underhill has deleted *significant* portions of Trails Committee Meeting Minutes in which Plaintiff participated; Plaintiff was even involved the drafting of The Underhill Trails Handbook, which Defendants refuse to follow.

180. Plaintiff asserts an example of Plaintiff's protected speech occurred in correspondence around 2005, which further motivated Defendant's retaliation for Plaintiff's purchase of private property Defendants had wanted donated to the Town of Underhill, Plaintiff stated:

Dear members of the Underhill Selectboard and fellow residents,

I am writing to express a number of concerns about the Selectboard's decision to place boulders on New Road to eliminate all motor vehicle activity on New Rd/The Crane Brook Trail between December 1 and May 1.

My primary concern, since my land is accessed by this long-standing road (by too many names: Dump Rd, New Rd, Fuller Rd, Crane Brook Trail) is that this will reduce my current ability to access my land. In addition, I believe the town may be not fully adhering to the law in blocking that section of road since it has already been legally established that a gate could not be placed there, which is the assumed reason for using the boulders/ however, the legal definition of a "gate" includes anything used to block passage (including boulders).

In the meeting I attended in December to present these concerns and learn more about the decision making process, a number of additional problems became clear. Most importantly, the Chair of the Selectboard, Stan Hamlet had clearly made up his mind on what he wanted, and admitted that his wife strongly wanted to block the road, but pushed the decision through instead of professionally admitting to a conflict of interest stating his opinion and reasons for it, and then allow allowing his fellow Selectboard members to make the decision…

Complaint for Violation of Civil Rights (Non-Prisoner)

181. Plaintiff asserts Defendants refused to honor a petition submitted with the support of 60 residents in 2002 opposing the Underhill Trails Ordinance which stated, in part: We the legal voters of the Town of Underhill would like to petition the Selectboard of the Town of Underhill to reconsider their efforts and/or attempts to close down or stop thru traffic to any and or all motorized vehicles at any time of the year on the New Road (AKA the old Dump Road) It would be more beneficial for all taxpayers and the surrounding landowners of New Road for the road to be repaired and maintained for all residents to utilize instead of an elite few…

182. Plaintiff asserts in April of 2013 Plaintiff's attorney, Chris Roy with Downs Rachlin Martin, expressed to John O'Donnel, attorney for Defendant Town of Underhill:

I have had a more detailed discussion with my clients.

They are willing to stipulate to a remand and sign-off on a revised application by the trails committee if it includes the following:

1. Physical impediments constructed as part of the trail development which prevent use of side trails that extend onto adjoining private property.

2. Clear, obvious, periodic signage along the east side TH26 starting just north of the town garage to the Fuller property notifying users of TH26 that adjoining lands are private property and that there should be no trespassing. It is worth noting that people also cross the town property and other parcels on the west side of TH26 in the area of the beaver pond (e.g., in the winter), come to TH26, and then cross over onto the private property on the east side of TH26. This will only increase as the town encourages residents to use recreational trails in the area.

3. Development of the town trails will presumably create more need for parking as more people make use of the trails. In order to avoid "informal"

Complaint for Violation of Civil Rights (Non-Prisoner)

1    parking on TH26 which would create the same issues as "formal" parking in
2    that location, some provision should be made for parking. Available land for
3    parking that is already available to the town, would avoid the issue of
4    blocking TH26, and would meet my clients' needs include the trailhead up
5    on Irish Settlement Road, and town property just to the south of the town
6    garage on New Road/TH26. Making parking available there, coupled with
7    no parking signs on TH26 just to the north of the town garage, would seem
8    to address both the town's needs and my clients' concerns.

9    I would anticipate that my clients would work with the town and its trails
10   committee in developing the revised application. To the extent the DRB
11   departs from any of the elements of the application forming the basis of my
12   clients' agreement, however, they would reserve the right to appeal.

13   If the town and its trails committee is amenable to the above, let me know
14   and I will inform the court that a settlement has been reached involving a
15   remand, and will prepare a stipulated motion for remand for review. Thanks.

16
17   183. Plaintiff asserts later the same day Defendant Town of Underhill's
18       Correspondence to Vermont Superior Court Docket No 160-10-11Vtec stated:
19       The Town of Underhill and its Trail's Committee has formally withdrawn its
20       application to construct trails and related crossings/signage on property
21       owned by the Town of Underhill at 77 New Road, Underhill Vermont.
22       Consequently, a hearing on this appeal will no longer be necessary.

23   184. Relevant allegations Plaintiff asserts based upon paragraphs 182 and 183

24   None of the three proposed stipulations, which were based upon Plaintiff's

25   experience of living near (or perhaps in?) Defendant's *ipse dixit* "Crane Brook

26   Conservation District," were overly onerous or unreasonable.

27   185. Plaintiff asserts instead of considering reasonable stipulations, Defendants

28   withdrew their application, publicly blamed Plaintiff, and as of the past year

29   are currently moving forward without proper permitting and the ensuant

Complaint for Violation of Civil Rights (Non-Prisoner)

1    procedural protections, such as constructive notice, which the Development

2    Review Process is intended to provide to nearby landowners and other

3    interested persons.

4    186. Plaintiff has credible knowledge and belief Selectboard minutes in Fall of

5    2013 defame Plaintiff's character by describing Plaintiff and former co-

6    litigants as *the litigious nature of the appellants"* while willfully ignoring the

7    factual history of Plaintiff's involvement in the Trails Committee prior to the

8    Town of Underhill seeking legal advice on how to *rescind* Plaintiff's access.

9    187. Plaintiff asserts, in addition to multiple officials referencing of a 1995 plan

10   for the Crane Brook District, the Town Clerk to date has not responded

11   Plaintiff's request to produce this document or a handful of other public

12   records Plaintiff requested.

13   188. Plaintiff asserts, despite the recent discussions among Defendants on the

14   Underhill Conservation Commission members mischaracterizing the beaver

15   activity along the former TH26 as something new or somehow different from

16   natural seasonal variations in beaver activity and pernicious impacts of

17   Underhill's obstinate refusal to maintain the central segment of TH26, there is

18   *only a single substantial difference* between the conditions Plaintiff attempted

19   to have resolved in the September 14, 2020 Underhill Conservation

20   Commission meeting and the May 10, 2021 meeting: As of this past February,

Complaint for Violation of Civil Rights (Non-Prisoner)

1    the Vermont courts have allowed the Town of Underhill to achieve the avowed

2    and clearly malicious goal of officially *rescinding* Plaintiff's previously

3    promised otherwise self-executing southerly access to his domicile and

4    surrounding *private* property.

5    189. Plaintiff asserts it took an *extreme* level of persistence by Plaintiff to

6    convince Defendants to approve a revised version of the censored elements of

7    the 9/14/2020 meeting minutes *nine months later* and the impact of this willful

8    censorship persists since very few members of the public dig through meeting

9    minutes that old and the potential to apply for the grant Plaintiff mentioned

10   now requires waiting for the next grant-writing cycle.

11   190. The recording of the June 14, 2021 Underhill Conservation Commission

12   meeting demonstrates Town Officials are willfully ignoring the fact public

13   meetings minutes *are purely to document what has occurred in or been*

14   *submitted to the meeting* and meeting minutes do not permit censorship,

15   revisionist history, or the exercise of *creative* license.

16   191. Plaintiff has a substantiated belief the "gaps" in public records are *willful*

17   and *pernicious* since landowners are denied constructive notice or warning as

18   to what a small handful of JULT members intend to take for themselves.

19   192. Plaintiff asserts Defendants have a pattern and practice of actively thwarting

20   the individual rights to have a say in local government and ensured public

Complaint for Violation of Civil Rights (Non-Prisoner)

1    opposition to what JULT members want would ineffectual; such as the

2    "Underhill Conservation Commission" diverting landowners to the "Underhill

3    Trails Committee" which made a "Trails Handbook" which has not been

4    followed for the past 12 years, but does effectively create a knowingly false-

5    promise in Defendants interest to convince naïve landowners to allow further

6    development of trails despite absolutely no legal obligation to provide any

7    maintenance on a trail.

8    193. Plaintiff asserts Town officials have violated Plaintiff's First amendment

9    right by preventing him and other members of the public from speaking *at*

10   *least once* about a topic being discussed or debated or taken other official

11   actions to entirely censor Plaintiff or the accurate content of Plaintiff's

12   protected speech in public meetings; the most brazen instances of violation of

13   the First amendment rights Plaintiff and other residents have been committed

14   by Defendants Stan Hamlet, Daniel Steinbauer, Bob Stone, Clifford Peterson,

15   Karen McKnight, and Nancy McRae.

16   194. Plaintiff asserts the *entire* impetus for a Charter Change is Selectboard

17   member Peter Duval; in contrast, *far* more grievous allegations against

18   Defendant Daniel Steinbauer incorporated in Plaintiff's Petition on Public

19   Accountability was circumvented despite being properly filed with the support

20   of over 5% of Underhill's voters on November 30, 2020.

Complaint for Violation of Civil Rights (Non-Prisoner)

## Substantiation of Claims Specific to Front Porch Forum

195. The nexus of defendant Front Porch Forum acting as state actor and therefor

subject to liability under §1983 is shown by the high number of municipalities

throughout Vermont, including the Town of Underhill, which use Front Porch

Forum *as the primary platform, if not sole method, of interacting with the*

*public* and substantial public funding FPF receives as a "Public Benefit

Corporation."

196. Paragraph 166 on page 48 is a perfect example of Town Officials willfully

refusing to separate Front Porch Forum from serving as *THE* source for

official communications from town officials acting under color of law: The

Underhill Conservation Commission was reminded that agendas should be

posted to the Town of Underhill website instead of only Front Porch Forum

only to have Front Porch Forum used in the same meeting as *THE* source of

official public communications about the Conservation Commission's plant

sale..

197. Allegation 195 is also substantiated by the failure to post the *officially*

*recognized and funded* Green Up Day to the Town of Underhill Calendar on

the Official Town Website (which Front Porch Forum posts by Defendant

Karen McKnight informed the public would be held on May 1, 2021, and then

Complaint for Violation of Civil Rights (Non-Prisoner)

1     a subsequent Front Porch Forum post by Karen McKnight notified the public

2     Green Up Day was extended to May 3, 2021).

3   198. Plaintiff has knowledge and belief the Facebook group "Underhill

4     Residents" was previously administered by a Town Official which censored

5     protected speech in violation of the First Amendment; discovery is necessary

6     to determine what individuals involved in Front Porch Forum's censorship of

7     Plaintiff's protected speech were either Town of Underhill Officials or

8     colluding with Town of Underhill Officials to violate Plaintiff's rights.

9   199. Front Porch Forum has censored Plaintiff multiple times and has a pattern

10     and practice of censoring protected speech of other citizens, the most proactive

11     of which was simply ensuring Plaintiff could not be involved in the public

12     debate of the proposed discontinuance of Butler Road, Front Porch Forum's

13     "Member Support" responded to Plaintiff's request not to be blocked on

14     3/17/2021 at 2:54 PM:

15     Hi David – When an FPF member has trouble maintaining civility with other
16     members or staff, or posts excessively to the point of driving away other
17     participants, monthly posting limits come into play. FPF's mission is to help
18     neighbors connect and build community, and we work to maintain open and
19     civil forums where people will feel welcome and encouraged to participate.
20     Sometimes that requires asking more frequent and aggressive participants to
21     take a break.

22     Member Support

23     FrontPorchForum.com - Essential civic infrastructure in Vermont

Complaint for Violation of Civil Rights (Non-Prisoner)

--------

**Name:** David Demarest

**Email:** david@vermontmushrooms.com

**Subject:** Unable to post to FPF

**Comments:** I have only made a single post to FPF the past month, it is not appropriate to censor me on political and legal topics directly affecting me and my neighbors. Please remove the block on my account.

200. Front Porch Forum's email concedes FPF is "*Essential* civic infrastructure in

Vermont" and discovery during other causes of action will allow the FPF

cause of action to form a convenient trial unit with other causes of action.

201. For the purpose of context, Plaintiff's one and only post the preceding

month, which was able to slip through the cracks of FPF censorship efforts:

Re: Butler Road Petition Found Invalid

Underhill – No. 3901 • David Demarest • New Road, Underhill
Posted to: Underhill
Mar 13, 2021

I wish I could say I was surprised that the Town of Underhill Selectboard would treat a landowner the way they have chosen to treat your family and all the voters that signed your petition (or the Petition on Public Accountability which should have been allowed to add articles to the Town Meeting Day warning...).

As David Brin observes, "It is said that power corrupts, but actually it's more true that power attracts the corruptible. The sane are usually attracted by other things than power..." I wish you and your family the best of luck and hope someday our town's governance can have the majority of our selectboard members actually respect the rights of our town's residents, and especially the constitutional rights of landowners whose personal property certain recreationalists covet and want to enjoy for free...

Complaint for Violation of Civil Rights (Non-Prisoner)

1  202. Plaintiff did manage to share the content of the most recent protected speech

2      he was blocked from sharing on FPF in the non-governmental "Underhill

3      Residents" Facebook Group (which as mentioned in paragraph 198 previously

4      was run by a Town Official engaged in censorship on behalf of the Town of

5      Underhill) which stated in part:

6      all current Selectboard members AND Selectboard members of the past 12
7      years are FULLY aware that the Selectboard has the legal authority to use
8      "discretion" to discontinue any and every single segment of Class IV road in
9      our town (or turn it into a trail against landowner wishes..) WITHOUT a
10     petition. I have knowledge and belief that the Cambridge Selectboard would
11     gladly go along with the wishes of the landowners to discontinue the middle
12     segment of Butler Road so our current Selectboard is merely going out of
13     their way to make things difficult for landowners in our town...

14 203. Discovery is necessary to determine which individuals are involved behind

15     the scenes to censor Plaintiff's protected speech of FPF are currently Town

16     Officials, or other named Defendants acting under color of law.

17 204. Discovery is necessary to determine how many FPF moderators are

18     simultaneously town officials or employees acting on behalf of a municipality.

19 205. Plaintiff has knowledge and belief of other citizens being censored or

20     blocked from FPF and it may be judicially appropriate to add other interested

21     parties to the cause of action against FPF.

22 206. The Town of Underhill regularly prefers to use Front Porch Forum, or a

23     combination of Front Porch Forum and one or two non-official Underhill

Complaint for Violation of Civil Rights (Non-Prisoner)

1    Facebook groups, to post meeting agendas and conduct surveys which may

2    later have official Town-recognized significance, and in general to conduct

3    official town business for impermissible reasons.

4    **Substantiation of Claims Specific to Jericho Underhill Land Trust**

5    207. Plaintiff asserts Defendants named in paragraphs 10, 13, 16, 17, 18, 20, 23,

6    26, 27, 30, 33, 34, 38, and 39 are known to be both JULT affiliates *and* Town

7    Officials acting under color of law.

8    208. Plaintiff asserts multiple Defendants have quoted or otherwise made

9    reference to a document purported to have established the "Crane Brook

10   Conservation District" in the 1990s; however, none of the town officials

11   present were able to provide Plaintiff with a copy of the document and Plaintff

12   believes this document clearly documents the impermissible collusion between

13   JULT members to violate the First, Fifth, Ninth, and Fourteenth  amendment

14   rights of local landowners for their own personal benefit.

15   209. Plaintiff asserts Defendants named in this complaint are *not* an exhaustive

16   list of how JULT is able to use its special connection with the Town of

17   Underhill's official governmental authority or JULT affiliates which also wear

18   the hat of Town Officials; proper discovery is important due to the inherent

19   complexity of a case involving over 20 years of collusion between town

Complaint for Violation of Civil Rights (Non-Prisoner)

1    officials, which has included the tampering with and destruction of official

2    town records.

3    210. Plaintiff asserts Discovery into The Town of Underhill and Jericho Underhill

4    Land Trust efforts to preferentially purchase certain properties at a premium

5    price from Town Officials or others among the "in crowd" primarily for

6    recreation as opposed to genuine conservation (specifically the purchase of

7    Casey's Hill and Tomasi Meadow properties by JULT and subsequent transfer

8    to the Town of Underhill) is warranted to further substantiate the nexus of

9    between JULT and Town of Underhill official actions and inactions.

10   211. Plaintiff asserts JULT members made concerted efforts to purchase

11   Defendant Dick Albertini's property for a gravel pit at a premium price

12   demonstrating the degree in which personal ulterior motives control

13   Underhill's governance in ways in which many of Underhill's Town Officials

14   are rarely, if ever, reaching impartial decisions and JULT members

15   consistently look out for the interests of other Town Officials and fellow JULT

16   members.

17   212. The Jericho Underhill Land Trust and its affiliates, actively manipulate the

18   public's interest in "conservation" and "preservation" to further an ancillary

19   goal which is the goal of developing public recreational opportunities for *their*

Complaint for Violation of Civil Rights (Non-Prisoner)

1  membership in ways that *have extraordinarily little, if anything, to do with*

2  *genuine environmental conservation and preservation.*

3  213. JULT's seemingly benign development of public recreational opportunities

4  through public funding (including the Town of Underhill) and their

5  membership has functioned as a thinly veiled way to increase personal

6  property values and economic returns from the subdivision and development

7  of JULT affiliate properties the optimal distance from recreational

8  opportunities being developed at the expense of other nearby landowners,

9  without compensation.

10  214. Livy Strong currently Chairs both JULT *and* the Jericho Underhill Park

11  District; JULT recognizes the strong nexus between JULT and official

12  governmental action throughout their website, including stating, "The Jericho

13  Underhill Land Trust is best known for its establishment of the Mills Riverside

14  Park in 1999…The Mills Riverside Park is owned and managed by the Jericho

15  Underhill Park District."

16  215. The nexus of Defendant Jericho Underhill Land Trust actions under the

17  municipal authority of the Town of Underhill enables JULT to violate

18  Plaintiff's rights while in parallel finding public and private sources of funding

19  to purchase properties owned by Town Officials or fellow JULT members to

20  achieve a disproportionate benefit for JULT affiliates (which includes multiple

Complaint for Violation of Civil Rights (Non-Prisoner)

examples of a straightforward subdivision and development process for JULT member's real estate relative to other similarly situated real estate) at the cost of Plaintiff and other landowners.

216. The purchase of Casey's Hill, the effortless *preliminary* subdivision process of Defendant Dick Albertini's property and a similarly effortless *preliminary* subdivision process for Defendant Marcy Gibson provide substantiation for allegations in paragraph 209 when compared to the Town of Underhill's treatment of Plaintiff's property.

217. JULT Members outright lied during the 2010 New Road Reclassification and as outlined above fellow JULT affiliates had a majority roll in the outcome of the 2010 New Road reclassification enabling JULT to act in collusion to exert disproportionate influence in the future taking of Plaintiff's property.

218. Another example of the disproportionate influence of JULT members (which is in paragraph **Error! Reference source not found.** on page **Error! Bookmark not defined.**), is when JULT's interests outweighed the voices of Nancy Shera, Jeff Moulton, Carol Butler, Jeff Sprout and Kane Smart (Downs Rachlin Martin, attorney for David Demarest and Jeff Moulton).

219. Dick Albertini and Marcy Gibson's furtherance of their own personal self-interests was only possible due to collusion with fellow JULT members with a shared desire to take Plaintiff's property and property access rights; this is

Complaint for Violation of Civil Rights (Non-Prisoner)

1    even more egregious because Plaintiff built his domicile on New Road *before*

2    Marcy Gibson purchased her property and the disproportionate personal profit

3    for members enjoying a streamlined subdivision and development process is

4    not a permissible goal for a 501(c)3 Land Trust.

5    220. Marcy Gibson's special relationship with the Town of Underhill as a JULT

6    member and former Town Official also allowed her to avoid the problems of

7    having access to a trail begin at the bottom of her driveway (or the recreational

8    destination which is advertised as the "Crane Brook Area") *even though the*

9    *property opposite her driveway is publicly owned by the Town of Underhill*

10   and despite Marcy Gibson officially seeking Plaintiff be forced into exactly

11   that situation by the 2010 New Road Reclassification.

12   221. Town Officials with a special relationship with JULT, and JULT members

13   actively serving as Town Officials, were heavily involved in both the fictional

14   2001 reclassification and Town of Underhill acquiring Casey's Hill in the

15   early 2000's under very questionable circumstances and motivations.

16   222. It is vitally essential that Plaintiff be afforded the opportunity to conduct

17   appropriate discovery into the *entire* circumstances surrounding *municipal*

18   *decision making* and the eventual purchases of Casey's Hill at a substantial

19   profit for Town Officials, instead of other available properties, and the

20   concurrent Town of Underhill efforts to devalue NR-144 and other properties

Complaint for Violation of Civil Rights (Non-Prisoner)

1    which had their parcel code abbreviation changed to "FU" as demonstrated by

2    Table 1 on page 20.

3    223. JULT decided to have the Town of Underhill acquire Tomasi Meadow;

4    without *any* functional voter input on *the best focus of public conservation*

5    *efforts,* as opposed to the binary choice of *conserve what JULT has chosen for*

6    *the Town of Underhill or nothing at all,* despite other properties available for

7    sale at the time with more acreage per dollar *and* naturally functioning

8    ecosystems far more suitable for conservation.

9    **Substantiation of Claims Specific to Petition Clause of First Amendment**

10   224. Defendant Daniel Steinbauer willfully refused to remove himself from a lead

11   role involving circumventing Plaintiff's Petition on Public Accountability, and

12   the subsequent circumventing of the ability for Plaintiff and over 5% of

13   Underhill's voters to have three *non-binding* articles properly warned and

14   subsequently placed on the 2021 Town Meeting Day ballot is a recent overt

15   example of the impacts of not resolving Conflict of Interest allegations against

16   a Town Official.

17   225. Defendant Daniel Steinbauer was also central to circumventing the 2010

18   Petition on Fairness in Road Maintenance of Public and Private Roads, which

Complaint for Violation of Civil Rights (Non-Prisoner)

1  was submitted in accordance with state law and could have prevented over a

2  decade of state litigation and many of the present causes of action.

3  226. Defendants Steve Walkerman, Dan Steinbauer, and Steve Owens

4  unanimously refused to abide by the demands of the 2010 Petition on Fairness

5  in Town Road Maintenance.

6  227. Defendants Dan Steinbauer, Bob Stone, and Peter Duval unanimously

7  refused to abide by the demands of the 2020 Petition on Public Accountability.

8  228. Plaintiff has a preponderance of documentation, knowledge, and belief that a

9  clique of Town Officials will readily follow input from a small fraction of

10  Underhill's residents (even if it incurs additional legal expenses to seek legal

11  advice on how best to go against the findings of a State of Vermont Speed

12  Study, or results in litigation with residents...) while obstinately refusing to act

13  on petitions submitted by Plaintiff or other residents (such as Lisa Fuller in

14  2002, or Natalie Caughlin in 2020) which had *substantial* voter support.

15  229. Plaintiff asserts there are literally hundreds of pages of public records

16  *excerpts* over a span of the past 20 years which can document materially

17  adverse actions by Town Officials which have been intended to dissuade

18  landowners and other residents that may disagree with a town official from

19  speaking out against problems within Underhill's governance, which in the

Complaint for Violation of Civil Rights (Non-Prisoner)

1    most extreme circumstances prevents residents from contacting the Town

2    about both minor and major issues lest they too be ostracized as "Others."

3    230. Plaintiff asserts there is relevance of the word intentional choice "Others" in

4    in various public meeting minutes and the willful decision to heavily censor

5    "others present" from a functional say in the 2020 Underhill Town Plan is

6    demonstrative of what has referred to as "The Underhill Way."

7    231. Plaintiff asserts Defendants have also used deceptive exaggerations such as

8    "Several members of the Conservation Commission" in attempts to create a

9    perception of legitimacy to wield governmental authority to violate the right to

10   petition for redress of grievances which includes refusing to honor a petition

11   submitted by Lisa Fuller with the support of 60 residents, Plaintiff's 2010

12   Petition in Fairness in Town Road Maintenance of Public and Private Roads

13   which was duly submitted with over 5% of Underhill's registered voters

14   signatures, the Butler's petition duly submitted with over 15% of Underhill's

15   registered voters signatures, and Plaintiff's most recent 2020 Petition on

16   Public Accountability duly submitted with the support of over 5% of

17   Underhill's registered voters.

Complaint for Violation of Civil Rights (Non-Prisoner)

1

## **FIRST CAUSE OF ACTION**

2

### **Violation of the Fourteenth Amendment - Procedural Due Process**

3
4
Plaintiff against Defendants named in ¶10-40 and restating 43
under 42 U.S.C. § 1983

5
232. Plaintiff re-alleges and incorporates by reference herein all relevant

6
paragraphs of this Complaint.

7
233. Plaintiff has been denied structural due process, and the procedural due

8
process right of access to *impartial* decision makers to determine municipal

9
road maintenance decisions and road reclassification decisions; both of which

10
have been *willfully* manipulated against Plaintiff to such an *extreme* degree by

11
Defendants to willfully cause the intentional categorical taking of Plaintiff's

12
private property and the vast majority of Plaintiff's property interests.

13
234.  As elaborated in paragraphs 60-67 beginning on page 16 and throughout the

14
present claims, a deferential administrative review of a Defendant-fabricated

15
record involving narrowly defined preceding legal matters allowed *willful* and

16
*malicious* intrinsic and extrinsic fraud by Defendants to be unaddressed in

17
prior narrowly defined state court proceedings.

18

## **SECOND CAUSE OF ACTION**

19

### **Corresponding Fourteenth Amendment 42 U.S.C. § 1983 Monell Claim**

20
21
Plaintiff against Defendant Town of Underhill for Violation of the Fourteenth
Amendment - Procedural Due Process

Complaint for Violation of Civil Rights (Non-Prisoner)

235. Plaintiff re-alleges and incorporates by reference all Town Official actions and inactions under the First Cause of Action as Monell Claim against the Town of Underhill with resultant municipal liability.

236. This complaint only documents a small fraction of the longstanding pattern and practice of the Town of Underhill's willful and perfidious violation of the rights of Plaintiff and other residents.

## **THIRD CAUSE OF ACTION**

### **Violation of the Ninth and Fourteenth Amendment - Substantive Due Process**

Plaintiff against Defendants named in ¶10-40 and restating ¶43

237. Plaintiff re-alleges and incorporates by reference herein all relevant paragraphs of this Complaint.

238. Plaintiff has been denied substantive due process by the combination of perfidious municipal breaches of promises and public trust combined with numerous malicious actions and inactions which have risen to such an extreme degree (both in duration and in severity) in violation of Plaintiff's First, Fifth, and Ninth amendments constitutional rights.

239. Defendants' actions and inactions over the past 20 years demonstrates an awareness that Vermont Law *only* allows municipalities to take private property by the process of Eminent Domain under a far more narrowly defined

Complaint for Violation of Civil Rights (Non-Prisoner)

1    set of circumstances which outright precludes recreation as a lawful primary

2    goal of the taking.

3    240. Defendants have *never* made *any* arguments for the reclassification of a

4    segment of TH26 into a Legal Trail which would not rationally have been

5    better achieved by *either* proper maintenance of public infrastructure *or* the

6    discontinuance of a segment of TH26 other than recreation.

7    241. Plaintiff asserts the facts stated in paragraph 239 and 240 when taken

8    together clearly demonstrate Defendants acted contrary to clearly established

9    state laws which has caused repetitive violation of the substantive right of

10   privacy around one's domicile the proximate cause of which is Defendants

11   creation of the "Crane Brook Trail" and subsequent advertising of the area as a

12   recreational destination.

13   242. Plaintiff makes reference to paragraphs _____ to emphasize that Defendants

14   had almost certain knowledge that as a matter of Vermont law the Vermont

15   Constitution constrains the municipal taking of private property to *necessity*,

16   as opposed to *simply creating recreational opportunities for the profit and*

17   *pleasure of a few influential interest groups* at the expense of other local

18   landowners.

19

Complaint for Violation of Civil Rights (Non-Prisoner)

243.  Defendants The Town of Underhill, Dan Steinbauer, Bob Stone, and Peter Duval refusal to allow the Petition on Public Accountably, which Plaintiff submitted with over 5% of Underhill's registered voters signatures prevented three non-binding advisory articles to the ballot be voted on March 4, 2021.

244. Defendants have a longstanding pattern and practice of violating Plaintiff's constitutional right to equal treatment under the law.

245. Defendants' *willful* collusion to repeatedly violate both Federal and State laws is also a violation of Plaintiff's substantive rights.

## FOURTH CAUSE OF ACTION

## Corresponding Ninth and Fourteenth Amendment 42 U.S.C. § 1983 Monell Claim

Plaintiff against Defendant (¶9) Town of Underhill for Violation of the Fourteenth Amendment - Substantive Due Process

246. Plaintiff re-alleges and incorporates by reference the actions and inactions of the Third Cause of Action as Monell Claim against the Town of Underhill.

## FIFTH CAUSE OF ACTION

## Violation of the Fifth Amendment – Taking Clause

Plaintiff against Defendants ¶10-40, and recognizing 43, for persistent efforts to take consistently greater amounts of Plaintiff's property and property interests without just compensation under 42 U.S.C. § 1983

247. This cause of action is most succinctly supported by paragraph 72 on page 19 and Table 1 on page 20.

Complaint for Violation of Civil Rights (Non-Prisoner)

248. The February 26, 2021 Vermont Supreme Court Decision, which was built upon Defendants' persistent fraud on the court and due process violations in prior state litigation, officially extinguished Plaintiff's previously promised and self-executing private right of reasonable access to parcel NR-144 (which was later renamed FU-111) and documents the unconstitutional permanent taking of Plaintiff's property unless this Court grants Plaintiff's prayers for relief.

249. Plaintiff also re-alleges and incorporates by reference herein all relevant paragraphs of this Complaint.

## SIXTH CAUSE OF ACTION

### Corresponding Fifth Amendment 42 U.S.C. § 1983 Monell Claim

Plaintiff against Defendant (¶9) Town of Underhill for Violation of the Fifth Amendment – Taking Clause

250. Plaintiff re-alleges and incorporates by reference all actions and inactions by Town Officials under the Fifth Cause of Action as Monell Claim against the Town of Underhill with resultant municipal liability.

251. This complaint documents only a small handful of the longstanding patterns and practice of the Town of Underhill perfidiously violating the rights of Plaintiff and other residents in efforts to take private property and private property interests without just compensation.

Complaint for Violation of Civil Rights (Non-Prisoner)

1

## SEVENTH CAUSE OF ACTION

2
3
4

### Violation of the First Amendment – Censorship and Manipulation of Public Records of Plaintiff's Protected Speech and Retaliation for Plaintiff's Protected Speech

5   Plaintiff against Defendants in ¶ 10, 11, 19, 20 21, 22, 25, 26, 27, 29, 31, 32, 33, 34, 37,
6   38, 40, with the caveat expressed under ¶43, based upon 42 U.S.C. § 1983
7
8   252. Plaintiff re-alleges and incorporates by reference herein all relevant

9       paragraphs of this Complaint.

10  253. Allegations against Defendants outlined in paragraph 179 on page 53,

11       paragraph 184 and 185 beginning on page 55, paragraph are some of the most

12       notable instances substantiating this cause of action.

13  254. It is inherently retaliatory to remove money from a budget which would

14       improve the condition of the public right of way adjacent to Plaintiff's

15       property simply because Plaintiff requested the maintenance be conducted in a

16       manner that would benefit *all* reasonable interest groups, as opposed to only a

17       few.

18  255. The Town of Underhill providing winter maintenance to one Class IV road

19       segment while simultaneously choosing ~12 years of state court litigation

20       instead of considering Plaintiff's good faith inquiry into the Town of

21       Underhill's willingness to grant for a grant to replace a failed culvert with a

22       municipal investment of a mere $1,600 (or assist in removal of litter for the

Complaint for Violation of Civil Rights (Non-Prisoner)

1    segment of New Road abutting Plaintiff's property north of the Town Garage)

2    is demonstrative of a level of *de facto* bias against, retaliation against, and

3    collusion against Plaintiff without furthering *any* legitimate government

4    interest.

5    ## EIGHTH CAUSE OF ACTION

6    ### Corresponding First Amendment 42 U.S.C. § 1983 Monell Claim

7    Plaintiff against Defendant Town of Underhill (¶9) for Violation of the **First
8    Amendment** –Censorship and Manipulation of Public Records of Plaintiff's
9    protected speech and retaliation for Plaintiff's protected speech

10   256. Plaintiff re-alleges and incorporates by reference all actions and inactions

11   perpetuated by Town officials which are claimed under the Seventh Cause of

12   Action as a Monell Claim against the Town of Underhill with resultant

13   municipal liability.

14   257. Plaintiff has personally witnessed a longstanding pattern and practice of the

15   Town of Underhill willfully misrepresenting, editing, and deleting, and

16   suppressing protected speech from public meetings and other records.

17   258. The degree and consistency of retaliation by the Town of Underhill for

18   protected speech has caused a hesitancy of many residents to publicly express

19   dissenting opinions.

Complaint for Violation of Civil Rights (Non-Prisoner)

## NINTH CAUSE OF ACTION

### Violation of the Fifth and Fourteenth Amendment – Collusion to Violate Plaintiff's Procedural Due Process Rights and Substantive Due Process Rights

Plaintiff against Defendant Jericho Underhill Land Trust (¶42) under 42 U.S.C. § 1983

259. Plaintiff re-alleges and incorporates by reference herein all relevant paragraphs of this Complaint which involve Town of Underhill and Town Officials when such actions and inactions were predicated by decisions made by trustees, donors, members, and other known affiliates of JULT acting under color of law.

260. The percentage of Defendants to this complaint (paragraphs 10, 13, 16, 17, 18, 20, 23, 26, 27, 30, 33, 34, 38, and 39 ) which are known to be both JULT affiliates *and* Town Officials which acted under color of law to violate Plaintiff's clearly established rights is demonstrative of the ability of JULT to achieve its own private purposes synonymous with official governmental authority.

261. Paragraphs 207-223 beginning on page 63 are demonstrative of JULT's desires being synonymous with what actions Defendant Town of Underhill will make on behalf of JULT under color of law.

Complaint for Violation of Civil Rights (Non-Prisoner)

## **TENTH CAUSE OF ACTION**

**Violation of the First Amendment – Censorship of Plaintiff's Protected Speech**

Plaintiff against Defendant Jericho Underhill Land Trust (¶42) under 42 U.S.C. § 1983

262. Plaintiff re-alleges and incorporates by reference herein all relevant

paragraphs of this Complaint and public records specific to Front Porch

Forum's special relationship with local Vermont governments and censorship

of protected speech.

263. There are multiple prior instances of FPF censoring Plaintiff, and other

residents throughout Vermont, the most egregious factual censorship of

Plaintiff's protected speech on *"essential civic infrastructure"* is summarized

in paragraphs 195-206 beginning on page 59.

264.  FPF's has demonstrated a willful decision to achieve the ability to act under

color of law with a significant nexus to official governmental authority and

actions.

265. FPF has censored protected speech on multiple occasions throughout

Vermont (which has included the retaliatory nature of blocking *all* of

Plaintiff's potential *essential* public posts) is a violation of the First

amendment.

Complaint for Violation of Civil Rights (Non-Prisoner)

1

## ELEVENTH CAUSE OF ACTION

2

### Violation of the First Amendment – Right to Petition Clause

3

(42 U.S.C. § 1983, Plaintiff against Defendants 10, 11, 12, 29, 38)

4

266. Plaintiff re-alleges and incorporates by reference herein all relevant

5

paragraphs of this Complaint which involve Defendants refusing to abide by

6

duly submitted petitions, including the 2010 Petition on Fairness *or* the 2020

7

Petition on Public Accountability.

8

267. Paragraphs 224-231 beginning on page 68 partially specifies how this

9

specific constitutional violation has caused extreme harm to Plaintiff and

10

democratic processes within Underhill's governance.

11

## TWELFTH CAUSE OF ACTION

12
13

### Corresponding Monell Claim for Violation of the Right to Petition Clause of First Amendment

14

268. Plaintiff re-alleges and incorporates by reference all actions and inactions

15

perpetuated by Town officials which are claimed under the Eleventh Cause of

16

Action as a Monell Claim against the Town of Underhill.

17

## JURY DEMANDED

18
19

Plaintiff demands a jury trial.

Complaint for Violation of Civil Rights (Non-Prisoner)

<u>**REQUEST FOR RELIEF SPECIFIC TO FIRST AND SECOND CAUSES OF ACTION**</u>

A. Injunctive relief finding the current Vermont Supreme Court Precedent set in *Ketchum* creates an unconstitutional interpretation of Vermont law which results in *de facto* structural due process violation; a *constitutionally valid interpretation* of Vermont law requires road maintenance and reclassification decisions be appealable in accordance with the procedural due process protections of 19 V.S.A. § 740 and that this process shall be *competently* conducted in a *timely* manner, as was the case prior to the Vermont Supreme Court's *Ketchum* decision.

B. Injunctive relief, involving the segment of TH26/New Road/Fuller Road which remained a Class IV town highway after the 2010 New Road Reclassification, generally based upon the Vermont Superior Court decision in the prior maintenance appeal but updated to account for the further deterioration of Plaintiff's limited remaining Class IV road frontage in subsequent years due to Defendants' sustained refusal to conduct *any* maintenance of the segment of TH26 abutting Plaintiff's property.

Complaint for Violation of Civil Rights (Non-Prisoner)

C. Injunctive relief remanding a *new* Notice of Insufficiency appeal in Vermont courts to review the insufficiency in maintenance of the former Class III/Class IV segment of New Road which was reclassified into a Legal Trail in 2010 *separated from the prior intrinsic and extrinsic fraud upon the state courts*; since this segment was reclassified into a Legal Trail in 2010 based *purely* upon Defendants' fraud upon the court as a way to circumvent Plaintiff's *first-filed* Notice of Insufficiency appeal, it is necessary to stipulate that review be under Rule 74 of Vermont Rules of Civil Procedure and *based solely upon both the Underhill Road Policies and Vermont State Town Highway classifications of TH26 as existed on January 1, 2010.*

D. *If* Defendants require this Court issue the injunctive relief specified in C, as opposed to Defendants attempting to reach a mutual agreement through mediation between Plaintiff and *impartial* Town of Underhill representatives, it is judicially appropriate that this Court order Defendants to pay Plaintiff's legal fees and expenses for all Notice of Insufficiency appeals that may be remanded to Vermont courts. Injunctive relief requiring Town of Underhill Officials to recuse themselves, *or be recused against their will*, when a documentable conflict of interest exists since unaddressed Conflicts of Interest cause

Complaint for Violation of Civil Rights (Non-Prisoner)

1   an impermissibly high risk of additional procedural due process

2   violations.

## REQUEST FOR RELIEF SPECIFIC TO THIRD AND FOURTH CAUSES OF ACTION

5   E.  Declaratory relief stating all Vermont Class IV Town Highways and

6   Town Legal Trails *shall* be maintained without bias; interested

7   persons in Vermont, in addition to a procedural due process

8   protections of a *timely* Rule 74 appeal when a Town Highway is

9   altered by a lack of maintenance or reclassification from that which

10  would be reasonably expected have a substantive right that a Taking

11  *only occurring* due to *Necessity*.

12  F.  Relief sought under other causes of actions which may be more

13  efficiently addressed under this cause of action.

## REQUEST FOR RELIEF SPECIFIC TO FIFTH AND SIXTH CAUSES OF ACTION

16  G.  Compensatory damages for the temporary categorial taking of

17  Plaintiff's reversionary property rights and the unmitigated damages

18  of the taking of additional property interests and value, subject to

19  proof, from the date of the Town of Underhill's 2010 New Road

20  Reclassification until such time as these damages may be mitigated.

Complaint for Violation of Civil Rights (Non-Prisoner)

H. Compensatory damages, according to proof, for the past taking of the reasonable expectation of privacy at Plaintiff's domicile since Defendants first began willfully directing public recreation to the "Crane Brook Conservation District" while simultaneously refusing to mitigate *any* resultant impacts to Plaintiff, other nearby private property owners, or the environment.

I. Declaratory relief confirming the downgrade of a Town Highway to an *entirely unmaintained* Legal Trail or an *entirely unmaintained* Class IV Road constitutes a greater categorical taking than a conversion of a railroad right of way into a Legal Trail: municipalities have discretion to EITHER provide *minimal* maintenance of Class 4 roads when staff and financial resources allow (consisting of, at a minimum, honoring the historical municipal promise of replacement of bridges and culverts, "as needed" addition of gravel, and periodic litter removal) and "Legal Trails" (such as, at a minimum, periodic litter removal) OR they *shall* follow the legal procedure to discontinue an unmaintained Class 4 Road or Legal Trail to avoid the categorical and regulatory taking of private property and property interests without constitutionally required due process *or* just compensation.

Complaint for Violation of Civil Rights (Non-Prisoner)

J.  Injunctive relief requiring the Town of Underhill to EITHER reclassify the Legal Trail portion of the central segment of the former TH26 corridor back into a Class III or IV Town Highway *which is reasonably maintained* OR *discontinue* a portion of the unmaintained segment of Class IV road and all of the Legal Trails on TH26 *with legally binding stipulations agreeable to Plaintiff* OR fully compensate Plaintiff for the ongoing current and future loss of reversionary property rights, the permanent taking of the previously promised reasonable southerly access to Plaintiff's domicile and surrounding property, the resultant taking of reasonable investment-backed returns of Plaintiff's property taken by the most recent Vermont Supreme Court Decision, and financial compensation for the taking of the intrinsic value and privacy of a personal domicile above the purely financial losses of the taking of private property economic value.

K.  Compensatory damages of lost potential income and reasonable returns on investment of Plaintiff's farm, Green Mountain Mycosystems LLC, and concurrent damages caused by Defendants willful misrepresentation of Plaintiff's protected speech in ways that

Complaint for Violation of Civil Rights (Non-Prisoner)

1    damaged Plaintiff's professional reputation as an Environmental

2    Scientist.

3    L. Compensation for the compensable property interest inherent to the

4    Notice of Insufficiency, which Plaintiff and co-litigants timely filed;

5    addition of additional interested parties to this cause of action as the

6    court deems just and proper.

7    M. In addition to punitive damages against Defendant Steve Walkerman

8    stated in paragraph U, an additional punitive damage equal to the total

9    amount of capital gains Steve Walkerman achieved from the sale of

10   his real estate located near TH26.

11   N. In addition to punitive damages against Defendant Dick Albertini

12   stated in paragraph U, additional punitive damages consisting equal to

13   the total amount of capital gains obtained from the subdivision and

14   sale of PV109 and the total capital gains from the sales of all other

15   nearby real estate Dick Albertini profited from.

16   **REQUEST FOR RELIEF SPECIFIC TO SEVENTH AND EIGTH CAUSES
17   OF ACTION**

18   O. As the Court deems proper, according to proof, compensatory and

19   punitive damages for Defendants' retaliatory actions and inactions the

20   proximate cause of which were Plaintiff's protected speech.

Complaint for Violation of Civil Rights (Non-Prisoner)

1      P. As the Court deems proper, according to proof, compensatory and

2          punitive damages for Defendants' *willful* mischaracterization of, or

3          *willful* censorship of, public records and Plaintiff's protected speech

4          which has resulted in personal and professional harm to Plaintiff's

5          good name and reputation.

6      **REQUEST FOR RELIEF SPECIFIC TO NINTH CAUSE OF ACTION**

7      Q. As the Court deems proper, compensatory and punitive damages

8          against Defendant Jericho Underhill Land Trust for violation of

9          Plaintiff's Fifth, Ninth, and Fourteenth amendment rights.

10     R. After discovery is complete, compensatory and punitive damages

11         rights as the Court may deem just and proper against any additional

12         individual Town Officials and Jericho Underhill Land Trust affiliates

13         functionally acting under color of law, according to proof of

14         individual capacity liability for violation of, or collusion to violate,

15         Plaintiff's constitutional rights.

16     **REQUEST FOR RELIEF SPECIFIC TO TENTH CAUSE OF ACTION**

17     S. Declaratory relief finding the nexus between Defendant Front Porch

18         Forum and local Vermont governmental authority as "Essential Civic

19         Infrastructure" precludes the censorship of protected speech.

Complaint for Violation of Civil Rights (Non-Prisoner)

1
2
## REQUEST FOR RELIEF SPECIFIC TO ELEVENTH AND TWELFTH CAUSES OF ACTION

3    T. Injunctive relief requiring Defendant Town of Underhill allow the

4      Petition on Public Accountability *Advisory-Articles* to be properly

5      warned and placed on the ballot to be voted upon on the next Town

6      Meeting Day.

7
8
## REQUESTS FOR RELIEF ATTRIBUTED TO INDIVIDUALLY NAMED DEFENDENTS' *WILLFUL* VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

9    U. Punitive damages against Defendants Daniel Steinbauer, Dick

10      Albertini, Jonathan Drew, Marcy Gibson, Stan Hamlet, Brad Holden,

11      Clifford Peterson, Patricia Sabalis, Trevor Squirrel, Ted Tedford and

12      Steve Walkerman, each individually, equal to 3 times all presently

13      claimed compensatory damages.

14    V. Punitive damages against Defendant Bob Stone, Rick Heh, Steve

15      Owen, Rita St Germain, Karen McKnight, Nancy McRae, Daphne

16      Tanis, Mike Weisel, each individually, equal to all presently claimed

17      compensatory damages.

18
## REQUESTS FOR RELIEF ATTRIBUTED TO EACH CAUSE OF ACTION

19    W. Payment of compensatory damages adjusted for inflation consisting of

20      all legal fees, expenses, and professional services Plaintiff has

Complaint for Violation of Civil Rights (Non-Prisoner)

1               incurred in preparation for and in actual past litigation of legal matters

2               the proximate cause of which was official the pursuit of "*any way* the

3               Town could rescind the access [to Plaintiff's home and land]" and all

4               resultant past and present *willful* violations of Plaintiff's civil rights.

5     X. Compensatory damages according to proof, and adjusted for inflation,

6               for the extreme stress, mental and emotional pain and suffering, and

7               the physical health impacts protracted litigation with the Town of

8               Underhill has caused Plaintiff due to Defendants' *malicious* intention

9               to purloin Plaintiff's property expressed in the October 8, 2009 and

10             the complete disregard for and *willful* violation of the legal protections

11             of *promissory estoppel* and the subsequent violation of Plaintiff's

12             First, Fifth, Ninth, and Fourteenth amendment rights in Defendants'

13             relentless pursuit of that avowed malicious goal.

14     Y. Any request for relief specified under one cause of action may be

15             more appropriately awarded based upon another cause of action.

16     Z. All awarded compensation shall be adjusted for both inflation and

17             taxation implications.

18     AA.      Payment of legal expenses and expert testimony for the present

19             case.

Complaint for Violation of Civil Rights (Non-Prisoner)

1    BB.    Payment of reasonable attorney's fees pursuant to

2          42 U.S.C. Section 1988.

3    CC.    All other relief the Court may deem to be just or proper.

4    **CERTIFICATION AND CLOSING**

5    269. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the

6          best of my knowledge, information, and belief that this complaint: (1) is not

7          being presented for an improper purpose, such as to harass, cause unnecessary

8          delay, or needlessly increase the cost of litigation; (2) is supported by existing

9          law or by a non-frivolous argument for extending, modifying, or reversing

10         existing law; (3) the factual contentions have evidentiary support or, if

11         specifically so identified, will likely have evidentiary support after a

12         reasonable opportunity for further investigation or discovery; and (4) the

13         complaint otherwise complies with the requirements of Rule 11.

14   270. I agree to provide the Clerk's Office with any changes to my address where

15         case–related papers may be served. I understand that my failure to keep a

16         current address on file with the Clerk's Office may result in the dismissal of

17         my case.

18   Date of signing: June 21, 2021    Signature of Plaintiff:

19                                      David P Demarest
20                                      P.O. Box 144
21                                      Underhill, VT 05489
22                                      (802)363-9962