UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| DAVID P. DEMAREST, an individual, ) <br> PLAINTIFF ) <br> ) <br> v. ) <br> ) <br> TOWN OF UNDERHILL, a municipality ) <br> and charter town, SELECTBOARD CHAIR ) <br> DANIEL STEINABAUER, as an ) <br> individual and in official capacity, et al. ) | CASE NO. 2:21-cv-00167-wks |

**MOTION TO DISMISS COMPLAINT**

NOW COME Defendants Town of Underhill, Daniel Steinbauer, Bob Stone, Peter Duval, Dick Albertini, Judy Bond, Peter Brooks, Seth Friedman, Marcy Gibson, Barbara Greene, Carolyn Gregson, Stan Hamlet, Rick Heh, Brad Holden, Faith Ingulsrud, Kurt Johnson, Anton Kelsey,[1] Karen McKnight, Nancy McRae, Michael Oman, Steve Owens, Mary Pacifici, Clifford Peterson, Patricia Sabalis, Cynthia Seybolt, Trevor Squirrell, Rita St. Germain, Daphne Tanis, Walter "Ted" Tedford, Steve Walkerman, Mike Weisel, and Barbara Yerrick, (collectively, the "Municipal Defendants"), by and through their attorneys, Carroll, Boe, Pell & Kite, P.C., pursuant to Fed. R. Civ. Proc. 12(b) and move this Court to Dismiss the Complaint filed on June 21, 2021 because the Complaint fails to meet the requirements of Fed. R. Civ. Proc. 10(a), 8(a)(2), and 8(d)(1). In further support of this request, the Municipal Defendants provide the following:

---

[1] Anton Kelsey, although named as a "party" in ¶ 25 of the Complaint, is not included in the list of defendants in the Court's Docket.

CARROLL, BOE, PELL & KITE, P.C. <br> 64 COURT STREET <br> MIDDLEBURY, VT 05753 <br> (802) 388-6711 <br> Fax 388-2111

# MEMORANDUM OF LAW

**I.     The Complaint fails to comply with the requirements of Fed. R. Civ. Proc. 10(a).**

Fed. R. Civ. P. 10(a) provides in relevant part:

**Caption; Names of Parties.** Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties . . . .

The caption of Plaintiff's Complaint names only two potential defendants:

DAVID P. DEMAREST, an individual, PLAINTIFF v. TOWN OF UNDERHILL, a municipality and charter town, SELECTBOARD CHAIR DANIEL STEINABAUER[2] [sic], as an individual and in official capacity, et. al.

Paragraphs 9 through 42 of the Complaint name a total of 34 "Parties" (apparently defendants), including 31 current or former Town officials in their official capacities and sometimes in their individual capacities. The Complaint also names "Front Porch Forum" and "Jericho Underhill Land Trust" as "Parties."

Thirty-two of these 34 "Parties" are not identified in the caption of the Complaint. This violates Rule 10(a). A court may dismiss a complaint, even one filed by a *pro se* plaintiff, that fails to comply with Rule 10(a), provided the plaintiff is given an opportunity to file an amended complaint to correct the defect. *Mullicane v. Glendora Police Dep't*, 2018 U.S. Dist. LEXIS 227973, *6, 2018 WL 6264982 (C.D. Cal. 2018) (directing *pro se* plaintiff to amend his Complaint and instructing plaintiff "The First Amended Complaint must list the names of each defendant in the caption, on the first page."); *Razavi v. San Jose Police*, 2017 U.S. Dist. LEXIS 74722, *2 (N.D. Cal. 2017) (dismissing *pro se* plaintiff's complaint because the "complaint does

CARROLL, BOE,
PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

---

[2] Presumably, Plaintiff intends to name Daniel Steinbauer, *see* Complaint at ¶ 9, although the caption bears the name "Steinabauer" instead of "Steinbauer."

not comply with the form requirements of Rules 8 or 10," including, *inter alia*, "does not specifically identify all parties").

Such dismissal and amendment by Plaintiff would not be a mere technicality. It will clarify which persons Plaintiff actually intends to sue and clarify any 12(b)(6) analysis that might be applied to Plaintiff's claims with respect to each defendant. *See, e.g., Ochoa v. Grogan*, 2009 U.S. Dist. LEXIS 37787, *12-14 n.1, 2009 WL 1272273 n.1 (E.D. Cal. 2009) (determining that complaint that mentioned individual in the body of the complaint but omitted the individual from the caption did not name the individual as a defendant because complaint did not "link [the individual] to any harm suffered by Plaintiff"). For these reasons, the Municipal Defendants respectfully request the Court dismiss Plaintiff's Complaint on the ground that it fails to comply with Rule 10(a) and order Plaintiff to file an amended complaint within a reasonable period of time.

## II.     The Complaint fails to meet the requirements of Fed. R. Civ. Proc. 8.

Fed. R. Civ. Proc. 8(a)(2) states, in relevant part, that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1) requires that "each allegation must be simple, concise, and direct."

The Second Circuit has explained the purpose of the Rule 8 requirements as follows:

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.
>
> When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, *see* Fed. R. Civ. P. 12(f), or to dismiss the complaint. Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised. When the

CARROLL, BOE,
PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

- 3 -

court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8.

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (internal citations and quotation marks omitted).

Plaintiff's Complaint is 90 pages long. It alleges 12 causes of action, involving events stretching over 20 years, against 34 defendants. Thirty-one of those defendants are individuals alleged to be either current or former Town of Underhill officials. The Second Circuit has dismissed such complaints as violative of Rule 8 under less egregious circumstances. *Salahuddin v. Cuomo*, 861 F.2d at 43 ("In the present case, there is no doubt that Salahuddin's complaint fails to comply with Rule 8's 'short and plain statement' requirement. It spans 15 single-spaced pages and contains explicit descriptions of 20-odd defendants, their official positions, and their roles in the alleged denials of Salahuddin's rights"); *see also Celli v. Cole*, 699 Fed. Appx. 88, 89 (2d Cir. 2017) (trial court dismissed "a ninety-five-page proposed third amended complaint that was ill structured and largely indecipherable"); *Kalderon v. Finkelstein*, 495 Fed. Appx. 103, 105 (2d Cir. 2012) (district court "would have acted well within its discretion in dismissing the complaint (with leave to replead) for failure to comply with Rule 8(a)(2) and (d)(1) of the Federal Rules of Civil Procedure" where "rambling, 126-page complaint" that "was neither short nor plain").

This Court has also not been shy about requiring plaintiffs to amend prolix complaints to comply with Rule 8(a)(2). *Wolffing v. Household Bank F.S.B.*, 2013 U.S. Dist. LEXIS 64367, *1 (D. Vt. 2013); *Barron v. Pallito*, 2010 U.S. Dist. LEXIS 53050, *8-9, 2010 WL 2243801 (D. Vt. 2010); *Gentlewolf v. Windham County Humane Soc'y, Inc.*, 2010 U.S. Dist. LEXIS 3348, *3, 2010 WL 234766 (D. Vt. 2010).

CARROLL, BOE,
PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

The Complaint's prolixity imposes an "'unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Shabtai v. Levande*, 38 Fed. Appx. 684, 686 (2d Cir. 2002) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Although Plaintiff devotes twenty pages of his Complaint to identifying potential causes of action and the resulting remedies he seeks (*see* Complaint at pp. 71-90), the factual allegations supporting these potential claims (*see* Complaint at pp. 10-70) are vague, conclusory, and rambling; they routinely cycle between general abstraction with no specific factual context to extraordinary detail that is untethered to any specific cause of action or sequence of allegations.

For example, the Complaint repeatedly asserts the existence of "evidence", "knowledge", "belief", "factual documentation", or "personal experience" with respect to Defendants' potential wrongdoing, with no description of the evidence that might exist or the specific facts and circumstances such evidence might demonstrate. Examples of such allegations are these:

> 50. Plaintiff has credible knowledge, belief, factual documentation and personal experience that officially named Defendants violated Plaintiff's civil rights; individuals presently only named in their official capacities may have been acting primarily due to Defendant Town of Underhill official policies and practices of violating Plaintiff's civil rights; officially named Defendants may have been acting with deliberate indifference to Plaintiff's civil rights or with Malicious intentions, or both, and discovery it is [sic] essential to determination of if [sic] individual capacity claims against some of the officials currently only named in their official capacity is warranted.

> 84. Plaintiff has credible knowledge and belief present *Monell* claims against the Defendant Town of Underhill are also substantiated by Defendant Town of Underhill willful intentions, actions, and inactions over the span of over 20 years focused upon purloining landowner property rights along TH26.

> 85. Plaintiff has credible documentation and belief Defendants have willfully engaged in an ongoing pattern of censorship and misrepresentation of the public record (since at least 2001) and legal record (since at least 2009).

CARROLL, BOE,
PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

These are only a few examples of such allegations in the Complaint.[3] Such allegations boil down to an assertion that the Plaintiff "knows" the defendants have done something wrong, without letting the defendants know what it is they are alleged to have done or how the Plaintiff knows they have done it. This is not a notice pleading that "enables [a defendant] to answer and prepare for trial." *Salahuddin*, 861 F.2d at 42; *also Breer v. Maranville*, 2012 U.S. Dist. LEXIS 179518, *8-9, 2012 WL 6597707 (D. Vt. 2012) (complaint that failed to provide specific conduct "prevents Defendants from understanding the claims against them and preparing an adequate defense").

Another technique employed throughout the Complaint is Plaintiff's assertion of a legal conclusion, premised on unspecified facts allegedly spanning *years* of potential conduct that must necessarily have been performed by a variety of unnamed and unidentified defendants:

> 58. Plaintiff asserts Defendants have a long-documented history of deceiving the court by willfully misrepresenting facts or creating frivolous debates of clearly known facts and interjecting immaterial facts into the record. ¶ 58

> 51. Plaintiff asserts the Town of Underhill and individually named Defendants have willfully and repeatedly violated the First, Fifth, Ninth, and Fourteenth Amendment throughout the past 20 years up until the present day in a tradition of self-dealing to some and taking from others, such as Plaintiff, in what one Town Official has described as succinctly described as "The Underhill Way." ¶ 51.

> 97. In addition to the actual eventual taking of Plaintiff's property without compensation, Plaintiff asserts Defendants violated the Ninth and Fourteenth amendments by engaging in a willful and relentless effort over the span of around two decades to purloin the use, value, access and personal enjoyment of Plaintiff's private property contrary to legally permissible purposes.

Other examples abound.[4]

CARROLL, BOE,
PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

---

[3] *See also, e.g.,* Complaint at ¶¶ 49, 68, 70, 71, 72 (at Table 1 n. 2), 75, 82, 83, 87, 96, 98, 100, 115, 153, 186, 191, 198, 205, 228,

[4] See, e.g., Complaint at ¶¶ 55, 84, 89, 90, 129, 133, 209, and 229.

- 6 -

These allegations provide each of the 31 individual Municipal Defendants with little opportunity to understand what specific conduct is being alleged, at what time the conduct is alleged to have occurred, and whether the allegations target him or her, or one of the other 30 Municipal Defendants who might have served during the extended period named in the Complaint. Such sprawling, unfocused, and conclusory allegations are insufficient under Rule 8. *See Jemmott v. N.Y. City Transit Auth.*, 660 Fed. Appx. 62, 64 (2d Cir. 2016) (affirming dismissal of complaint "on the ground that the allegations were vague, confusing, and unconnected, dating as far back as 1983"); *Strunk v. United States House of Representatives*, 68 Fed. Appx. 233, 235 (2d Cir. 2003) (affirming dismissal of complaint that "asserted violations of several federal statutes and eleven constitutional amendments, without explaining what conduct constituted the violations, which defendants violated which statutes or amendments, or how the alleged violations harmed him"); *also Barron v. Pallito*, 2011 U.S. Dist. LEXIS 68402, *18 (D. Vt. 2011) (Rule 8 "demand[s] 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)).

Still other allegations, although they appear to include potentially relevant legal terminology, are simply incomprehensible and do not appear to state or support a cogent claim against anyone in particular:

> 68. Plaintiff has personal knowledge and belief public hearings and public meeting minutes/recordings (combined with notably missing or misrepresented public meeting minutes...) and the entirety of the Kafkaesque legal record surrounding preceding litigation in state courts demonstrates Defendants' flagrant disregard for Plaintiffs constitutional rights, extreme animus of Defendants using positions of governmental authority for the personal benefit of themselves at the cost of Plaintiff and other landowners, and gratuitous antagonization of Plaintiff and other parties without genuinely advancing any permissible governmental interests for over two decades.
>
> 91. Plaintiff asserts an example of a record which would be politically harming and incriminating for Defendants, and publicly exonerating to Plaintiff's personal and professional reputation, is the October 9, 2009 Selectboard Minutes which

CARROLL, BOE,
PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

references the October 8, 2009 letter which sought to *rescind* Plaintiff's prior access vaguely as, "Crane Brook Trail: Chris has sent a letter to Vince." [sic] *in the very same meeting* the Better Back Roads Grant program was discussed ***and*** the Underhill Trails Handbook (which Plaintiff had participated in drafting in a good faith effort to find solutions to problems Defendants were causing landowners, but which Defendants still refuse to follow) was about to have a press release.

132. Plaintiff asserts Defendants' state of mind in this era intended to criminalize innocuous conduct but upon legal advice it was presumably determined civil sanctions are unlikely to raise to the level that an individual attempts to litigate an overly broad (and selectively enforced) ordinance instead of cowing to the Selectboard tradition of ultra vires abuse of governmental authority.

Such allegations are vague and unintelligible and require the defendants and this Court to attempt to guess what allegations and claims Plaintiff intends to bring. A properly plead complaint should not require a defendant to stand and wonder what claims are being asserted against him or her.

Further, Plaintiff has exacerbated the difficulty created by his vague and unfocused allegations by routinely asserting allegations collectively against the "Defendants," without specifying which specific defendants are alleged to have participated in which allegations.[5] Under these circumstances, dismissal under Fed. R. Civ. Proc. 8 is appropriate:

> Although Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, Atuahene's complaint failed to satisfy this minimum standard.

*Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001); *also Strunk v. United States House of Representatives*, 68 Fed. Appx. 233, 235 (2d Cir. 2003) (affirming dismissal of

CARROLL, BOE, PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

---

[5] *See, e.g.,* Complaint at ¶¶ 57, 58, 64, 74, 93, 97, 114, 118, 128, 130, 132, 152, 154, 178, 181, 192, and 231 (all making conclusory allegations prefaced by the phrase "Plaintiff asserts Defendants . . . .")

Complaint where plaintiff "asserted violations of several federal statutes and eleven constitutional amendments, without explaining what conduct constituted the violations, which defendants violated which statutes or amendments, or how the alleged violations harmed him" because "the complaint did not put the defendants on notice of the allegations against them."); *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("[T]he burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants. Given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.) (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)).

Finally, it should be noted that Plaintiff's attempts to provide internal cross-references within the Complaint were unsuccessful, as indicated by an error message stating "**Error! Reference source not found**, on page **Error! Bookmark not defined**" that appears in the Complaint at ¶¶ 52, 76, and 218. Similarly, Paragraph 242 attempts to reference "paragraphs ____." For these paragraphs, the defendants and this Court must guess at what paragraphs Plaintiff intended to reference. This small error in the pleading epitomizes the confusion and lack of cohesion that plagues the larger Complaint. The defendants, and this Court, should not have to wade through this rambling "mass of verbiage," *Salahuddin*, 861 F.2d at 42, and conclusory allegations to determine the claims Plaintiff is asserting and the basis for those claims.

The Tenth Circuit has aptly described Complaints such as this and roundly denounces them:

> The complaint is a quintessential "shotgun" pleading of the kind we have condemned repeatedly, beginning at least as early as 1991. It is in no sense the

CARROLL, BOE,
PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

> "short and plain statement of the claim" required by Rule 8 of the Federal Rules of Civil Procedure. FED.R.CIV.P. 8(a)(2). It is fifty-eight pages long. It names fourteen defendants, and all defendants are charged in each count. The complaint is replete with allegations that "the defendants" engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of. Each count incorporates by reference the allegations made in a section entitled "General Factual Allegations"--which comprises 146 numbered paragraphs--while also incorporating the allegations of any count or counts that precede it. The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies. This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts and is the type of complaint that we have criticized time and again.
>
> In the past when faced with complaints like this one, we have vacated judgments and remanded with instructions that the district court require plaintiffs to replead their claims. That is the appropriate disposition here.

*Magluta v. Samples*, 256 F.3d 1282, 1284 (10th Cir. 2001) (internal citations and quotations omitted).

Plaintiff's Complaint resembles and exceeds the "'shotgun' pleading in *Magluta*. It is ninety pages long (instead of *Magluta*'s fifty-eight). It names thirty-four defendants (instead of fourteen) and is "replete with allegations that "the defendants" engaged in certain conduct, making no distinction among the [34] defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." *Id*. Because Plaintiff's Complaint does not provide a "short and plain statement of the claim[s]" it asserts as required by Rule 8 of the Federal Rules of Civil Procedure, the Municipal Defendants respectfully request that the Court dismiss the Plaintiff's Complaint.

### III. The Municipal Defendants respectfully request that, in the event of dismissal and leave to amend, the Court set an appropriate date for the Municipal Defendants' responsive pleadings.

The Municipal Defendants understand that an order dismissing the Complaint will likely include leave for Plaintiff to amend his pleading to comply with Rule 8. The Municipal

CARROLL, BOE,
PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

Defendants have no objection to such a procedure, but they respectfully request, in the event the court dismisses the Complaint and such leave is granted, that the Court identify a date certain for providing answers to the amended complaint that will allow the Municipal Defendants adequate time to review, understand, and frame their responsive pleadings.

To that end, the Municipal Defendants request that, in the event the Complaint is dismissed and leave to amend is granted, that the Court order each of the Municipal Defendants to file his, her, or its responsive pleading on the 21st day following the date that the return of service for the last Municipal Defendant to be served is filed with this Court. Not only will this date provide counsel for the Municipal Defendants with an appropriate amount of time to frame each of the Municipal Defendants' responses, but it will also promote judicial efficiency by providing this Court with a single date by which to expect the Municipal Defendants' responsive pleadings and, if those responsive pleadings include any motion practice, allow the Court to resolve such motions as a group, rather than as a series of disjointed filings, spread out over time.

Respectfully submitted, this 13th day of July, 2021.

           CARROLL, BOE, PELL & KITE, P.C.

           BY:/s/: Kevin L. Kite_____
            James F. Carroll, Esquire
            Kevin L. Kite, Esquire
            64 Court Street, Middlebury, VT  05753
            (802) 388-6711
            jcarroll@64court.com
            kkite@64court.com

            *Attorneys for Municipal Defendants*

CARROLL, BOE,
PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111