U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF VERMONT**

2021 AUG -2  PM 3: 38

CLERK

BY_____
DEPUTY CLERK

DAVID P. DEMAREST, an individual,
PLAINTIFF

v.

TOWN OF UNDERHILL,
a municipality and charter town,
SELECTBOARD CHAIR
DANIEL STEINBAUER, as an
individual and in official capacity, et al.

CASE NO: 2:21-cv-167-wks
(42 U.S.C. § 1983)
(42 U.S.C. § 1983 Monell)
Jury Trial Demanded

## AMENDING AS A MATTER OF COURSE

Plaintiff respectfully submits the attached Amended Complaint *as a Matter*

*of Course* in accordance with Federal Rules of Civil Procedure Rule 15 (a)(1)(B).

In compliance with Local Rule 7(a)7, Plaintiff attempted to contact opposing

counsel; counsel for Defendant Town of Underhill and co-defendant town officials

was unresponsive, counsel for Defendant Front Porch Forum did not consent to the

filing of an Amended Complaint, and counsel for Defendant Jericho Underhill

Land Trust requested Plaintiff file an amended complaint before their response.

Respectfully submitted this 2nd day of August, 2021.

By: /s/: David Demarest
David P Demarest, *Pro Se*
P.O. Box 144
Underhill, VT 05489
(802)363-9962
david@vermontmushrooms.com

Complaint for Violation of Civil Rights (Non-Prisoner)

1  David P. Demarest
2  P.O. Box 144
3  Underhill, VT 05489
4  (802)363-9962
5  david@vermontmushrooms.com
6
7  Pro Se Plaintiff DAVID P DEMAREST
8
9          **UNITED STATES DISTRICT COURT**
10                      **FOR THE**
11              **DISTRICT OF VERMONT**
12
13  DAVID P. DEMAREST, an individual,      |    CASE NO: 2:21-cv-167
14  PLAINTIFF                              |    (42 U.S.C. § 1983)
15                                         |    (42 U.S.C. § 1983 Monell)
16                                         |    Jury Trial Demanded
17  v.
18  DEFENDANT TOWN OF UNDERHILL, a municipality and charter town,
19  DEFENDANT SELECTBOARD CHAIR DANIEL STEINBAUER,
20  as an individual and in official capacity,
21  DEFENDANT BOB STONE, as an individual and in official capacity,
22  DEFENDANT PETER DUVAL, in official capacity,
23  DEFENDANT DICK ALBERTINI, as an individual and in official capacity,
24  DEFENDANT JUDY BOND, in official capacity,
25  DEFENDANT PETER BROOKS, in official capacity.
26  DEFENDANT SETH FRIEDMAN, in official capacity.
27  DEFENDANT MARCY GIBSON, as an individual and in official capacity,
28  DEFENDANT BARBARA GREENE, in official capacity,
29  DEFENDANT CAROLYN GREGSON, in official capacity,
30  DEFENDANT STAN HAMLET, as an individual and in official capacity,
31  DEFENDANT RICK HEH, as an individual and in official capacity,
32  DEFENDANT BRAD HOLDEN, as an individual and in official capacity,
33  DEFENDANT FAITH INGULSRUD, in official capacity,
34  DEFENDANT KURT JOHNSON, in official capacity,
35  DEFENDANT ANTON KELSEY, in official capacity,
36  DEFENDANT KAREN MCKNIGHT, as an individual and in official capacity,
37  DEFENDANT NANCY MCRAE, as an individual and in official capacity,
38  DEFENDANT MICHAEL OMAN, in official capacity,
39  DEFENDANT STEVE OWENS, as an individual and in official capacity,

Complaint for Violation of Civil Rights (Non-Prisoner)

1   DEFENDANT MARY PACIFICI, in official capacity,
2   DEFENDANT CLIFFORD PETERSON, as an individual and in official capacity,
3   DEFENDANT PATRICIA SABALIS, as an individual and in official capacity,
4   DEFENDANT CYNTHIA SEYBOLT, as an individual and in official capacity,
5   DEFENDANT TREVOR SQUIRRELL, as an individual and in official capacity,
6   DEFENDANT RITA ST GERMAIN, as an individual and in official capacity,
7   DEFENDANT DAPHNE TANIS, as an individual and in official capacity,
8   DEFENDANT WALTER "TED" TEDFORD, as an individual and in official
9   capacity,
10  DEFENDANT STEVE WALKERMAN, as an individual and in official capacity,
11  DEFENDANT MIKE WEISEL, as an individual and in official capacity,
12  DEFENDANT BARBARA YERRICK, in official capacity,
13
14  DEFENDANT FRONT PORCH FORUM, INC, ("FPF") as a Public Benefit
15  Corporation fairly treated as acting under color of law due to past and present
16  factual considerations while serving the traditional governmental role of providing
17  "*Essential Civic Infrastructure*" ranging from the distribution of public meeting
18  agendas to the coordination of civilian natural disaster relief efforts
19
20  DEFENDANT JERICHO UNDERHILL LAND TRUST, ("JULT") as Non-Profit
21  Corporation fairly treated as acting under color of law due to past and present
22  factual considerations and a special relationship willfully participating in and
23  actively directing acquisition of municipal property by the Town of Underhill
24

25  **FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

26  (Non-Prisoner Complaint)

27  1. In violation of the Fifth Amendment, Defendants the Town of Underhill and a

28  clique of Defendant individual town officials, acting both individually and in

29  collusion under color of law, have recently succeeded in their long-term goal

30  of maliciously rescinding all prior implicit and explicit promises made by The

31  Town of Underhill to Plaintiff for reasonable access to and use of his domicile

32  and over 50 acres of surrounding private property.

Complaint for Violation of Civil Rights (Non-Prisoner)

2. In the furtherance of the above goal, Defendant Town of Underhill and town officials named in the present complaint have also acted under color of law to discriminate against Plaintiff in multiple ways including: censoring and misrepresenting protected speech (including preventing factual evidence from ever being incorporated into the legal record in prior state litigation), intentionally and relentlessly retaliating against protected speech, obstructing the right to petition multiple times, *willfully* acting with *deliberate indifference* to necessary structural and procedural due process legal protections, and violating Plaintiff's substantive due process rights in *flagrant* violation of the First, Ninth, and Fourteenth Amendments.

3. The degree of deceit, fraud, and obstruction above named Town of Underhill officials have *willfully* perpetuated in a Kafkaesque maze of non-chronological appellate-style reviews of Defendants Town of Underhill' administrative decisions over the span of 12 years of Vermont state court litigation emphasizes allegations against the Town of Underhill and Town of Underhill officials presently named.

4. Most notably to present claims, the Town of Underhill and Town of Underhill officials have obstinately continued to falsely claim the Town of Underhill reclassified a segment of TH26 in 2001; this assertion was originally a contentious claim due to well established law, but Defendant Town of

Page 3 of 96

Complaint for Violation of Civil Rights (Non-Prisoner)

1    Underhill and Town of Underhill officials have continued to *willfully* make

2    this *false claim* in court for over a decade despite the Vermont Superior

3    Court's ruling dated May 31, 2011, which was not appealed (Docket No

4    S0234-10 CnC), and persistently remained willfully indifferent to County

5    Road Commissioner findings of fact.

6    5. The above stated civil rights violations have been exasperated by the special

7    self-dealing relationship and decision-making authority the Jericho Underhill

8    Land Trust has in the Town of Underhill's determination which properties the

9    Town of Underhill will acquire from willing sellers and which property, such

10   as Plaintiff's, the Town of Underhill will take without compensation.

11   **6.** The above stated civil rights violations have also been exasperated by

12   Defendant Front Porch Forum Inc. willingly participating in the censorship of

13   Plaintiff's protected speech from their *Essential Civic Infrastructure* which is

14   presently used for traditional governmental functions ranging from the posting

15   of public meeting agendas to the coordination of citizens involved in disaster

16   relief efforts.

Complaint for Violation of Civil Rights (Non-Prisoner)

## Table of Contents

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS ...........2

JURISDICTION & VENUE ...................................................................................7

PARTIES ...............................................................................................................7

GENERAL ALLEGATIONS ...............................................................................12

General Chronology of Facts Relevant to The Present Claims ...............................16

Ketchum v. Town of Dorset Resulting in an Unconstitutional Interpretation of Vermont Law and *de facto* Structural Due Process Violation Contrary to Federal Precedent ..................................................................................................................20

Enrichment of Town Officials by Taking of Other's Property Value .....................23

Accrual Date of February 26, 2021 ........................................................................26

Substantiation of Monell claims against Town of Underhill ..................................27

Substantiation of Claims Specific to First and Second Causes of Action ...............32

Substantiation of Claims Specific to Third and Fourth Causes of Action ..............33

Substantiation of Claims Specific to Ninth Amendment ........................................34

Substantiation of Claims Specific to Fifth and Sixth Causes of Action .................38

Substantiation of Claims Specific to Seventh and Eight Causes of Action ............58

Substantiation of Claims Specific to Front Porch Forum ......................................65

Substantiation of Claims Specific to Jericho Underhill Land Trust .......................69

Substantiation of Claims Specific to Petition Clause of First Amendment ............74

FIRST CAUSE OF ACTION ...............................................................................

Violation of the Fourteenth Amendment - Procedural Due Process .......................77

SECOND CAUSE OF ACTION Corresponding Monell Claim ............................77

THIRD CAUSE OF ACTION ..............................................................................

Violation of the Ninth and Fourteenth Amendment - Substantive Due Process .....78

FOURTH CAUSE OF ACTION Corresponding Monell Claim ............................80

FIFTH CAUSE OF ACTION ...............................................................................

Violation of the Fifth Amendment – Taking Clause .............................................80

SIXTH CAUSE OF ACTION Corresponding Monell Claim ................................81

Complaint for Violation of Civil Rights (Non-Prisoner)

SEVENTH CAUSE OF ACTION ...............................................................................

Violation of the First Amendment – Censorship and Manipulation of Public Records of Plaintiff's Protected Speech and Retaliation for Plaintiff's Protected Speech ...........................................................................................................82

EIGHTH CAUSE OF ACTION Corresponding Monell Claim ..............................83

NINTH CAUSE OF ACTION (against Jericho Underhill Land Trust) ..................84

Violation of the Fifth, Ninth and Fourteenth Amendment – Collusion to Violate Plaintiff's Procedural Due Process Rights and Substantive Due Process Rights....84

TENTH CAUSE OF ACTION (against Front Porch Forum Inc.) ..............................

Violation of the First Amendment – Censorship of Plaintiff's Protected Speech ...85

ELEVENTH CAUSE OF ACTION .............................................................................

Violation of the First Amendment – Right to Petition Clause ..................................86

TWELFTH CAUSE OF ACTION Corresponding Monell Claim ..........................86

JURY DEMANDED ...............................................................................................86

REQUEST FOR RELIEF SPECIFIC TO FIRST AND SECOND CAUSES OF ACTION...........................................................................................................87

REQUEST FOR RELIEF SPECIFIC TO THIRD AND FOURTH CAUSES OF ACTION...........................................................................................................89

REQUEST FOR RELIEF SPECIFIC TO FIFTH AND SIXTH CAUSES OF ACTION...........................................................................................................89

REQUEST FOR RELIEF SPECIFIC TO SEVENTH AND EIGTH CAUSES OF ACTION...........................................................................................................92

REQUEST FOR RELIEF SPECIFIC TO NINTH CAUSE OF ACTION ..............93

REQUEST FOR RELIEF SPECIFIC TO TENTH CAUSE OF ACTION .............93

REQUEST FOR RELIEF SPECIFIC TO ELEVENTH AND TWELFTH CAUSES OF ACTION....................................................................................................94

REQUESTS FOR RELIEF ATTRIBUTED TO INDIVIDUALLY NAMED DEFENDENTS' *WILLFUL* VIOLATION OF PLAINTIFF'S CIVIL RIGHTS.....94

REQUESTS FOR RELIEF ATTRIBUTED TO ALL CAUSES OF ACTION AGAINST TOWN OF UNDERHLL AND NAMED TOWN OFFICIALS ...........94

CERTIFICATION AND CLOSING .........................................................................96

Complaint for Violation of Civil Rights (Non-Prisoner)

## **JURISDICTION**

7. The federal rights asserted by Plaintiff are enforceable under 42 U.S.C. § 1983.

8. This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331, 1343(a)(3) and has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201-2202 and Fed. R. Civ. P. 57 and 65.

## **VENUE**

9. Venue is proper in the District of Vermont under 28 U.S.C. § 1391(b) since Plaintiff and majority of Defendants are residents of this judicial district.

10. All the actions and inactions by Defendants giving rise to all causes of action occurred within this judicial district.

## **PARTIES**

11. THE TOWN OF UNDERHILL, P.O. Box 120, Underhill, VT 05489, a municipality and charter town of The State of Vermont.

12. DANIEL STEINBAUER, 52 Range Road, Underhill VT 05489. Current Underhill Selectboard Chair and Justice of the Peace (and former Underhill Conservation Commission Member), as an individual and in official capacity.

Complaint for Violation of Civil Rights (Non-Prisoner)

1      13. BOB STONE, 54 River Road #A, Underhill VT 05489, current Underhill

2           Selectboard Member, as an individual and in official capacity.

3      14. PETER DUVAL, 25 Pine Ridge Rd, Underhill VT 05489, current Underhill

4           Selectboard Member, in official capacity.

5    (The following Defendants are listed alphabetically by last name)
6      15. DICK ALBERTINI, 66 Kiln Rd, Essex Junction, VT 05452, former Underhill

7           Conservation Commission Member and former Underhill Planning

8           Commission Chair, as an individual and in official capacity.

9      16. JUDY BOND, 435 Cilley Hill Rd, Underhill, VT 05489, former Underhill

10         Conservation Commission Member and former Underhill Planning

11         Commission Member, in official capacity.

12     17. PETER BROOKS, 71 Beacon St #2, Somerville, MA 02143, former Underhill

13         Selectboard Member, in official capacity.

14     18. SETH FRIEDMAN, 139 Pleasant Valley Rd, Underhill VT 05489, former

15         Underhill Selectboard Member (and current Underhill Recreation Committee

16         Member), in official capacity.

17     19. MARCY GIBSON, 50 New Rd, Underhill, VT 05489, former Jericho

18         Underhill Park District member, as an individual and in official capacity.

19     20. BARBARA GREENE, 80 Commons Rd, Williston, VT 05495, former

20         Underhill Conservation Commission Member, in official capacity.

Complaint for Violation of Civil Rights (Non-Prisoner)

21. CAROLYN GREGSON, 99 Pleasant Valley Rd, Underhill, VT 05489, former Underhill Town Administrator, in official capacity.

22. STAN HAMLET (deceased), former Underhill Selectboard Member, as an individual and in official capacity.

23. RICK HEH, 52 Kelley Rd, Underhill, VT 05489, former Underhill Selectboard Member and former Highways Infrastructure and Equipment Committee (HIEC) member, as an individual and in official capacity.

24. BRAD HOLDEN, 60 Covey Rd, Underhill, VT 05489, Interim Underhill Town Administrator and former Underhill Selectboard Member and professional surveyor for the Town, as an individual and in official capacity.

25. FAITH INGULSRUD, 50 Clymer St, Burlington VT 05401, former Underhill Conservation Commission Member, in official capacity.

26. KURT JOHNSON, 45 Mt Vista Rd, Underhill, VT 05489, former Underhill Selectboard Member and current Chair of Infrastructure Committee (synonymous with HIEC), in official capacity.

27. ANTON KELSEY, 200 Pleasant Valley Rd, Underhill, VT 05489, Underhill Recreation Committee Chair, in official capacity.

28. KAREN MCKNIGHT, 164 Beartown Rd, Underhill, VT 05489 Underhill Conservation Commission Chair and Development Review Board, and former Trails Committee Member, as an individual and in official capacity.

Complaint for Violation of Civil Rights (Non-Prisoner)

29. NANCY MCRAE, 599 Pleasant Valley Rd, Underhill, VT 05489, Underhill Conservation Commission member and former Trails Committee Member, as an individual and in official capacity.

30. MICHAEL OMAN, 191 Pleasant Valley Road, Underhill, VT 05489, former Underhill Planning Commission Member, in official capacity.

31. STEVE OWENS, 180 River Road, Underhill VT 05489, former Underhill Selectboard Member, as an individual and in official capacity.

32. MARY PACIFICI, (deceased), former Underhill Conservation Commission Member, in official capacity.

33. CLIFFORD PETERSON, 1226 E Hyde Park Blvd Apt 1, Chicago, IL 60615, former Underhill Selectboard Member, as an individual and in official capacity

34. PATRICIA SABALIS, 609 Irish Settlement Rd Apt A, Underhill, VT 05489, former Underhill Selectboard Member and current Justice of the Peace, as an individual and in official capacity.

35. CYNTHIA SEYBOLT, 150 Hawthorn Dr, Shelburne, VT 05482, former Underhill Conservation Commission Member and former Underhill Planning Commission Member, as an individual and in official capacity.

36. TREVOR SQUIRRELL, 15 Snyder Rd, Underhill, VT 05489, former Underhill Conservation Commission Chair and former Underhill Planning Commission Member, as an individual and in official capacity.

Complaint for Violation of Civil Rights (Non-Prisoner)

1  37.RITA ST GERMAIN, 18 Tupper Rd, Underhill, VT 05489, former Underhill

2  Conservation Commission Member, as an individual and in official capacity.

3  38.DAPHNE TANIS, 359 Irish Settlement Rd, Underhill, VT 05489, Underhill

4  Conservation Commission Member, as an individual and in official capacity.

5  39.WALTER "TED" TEDFORD, 20 Beartown Rd, Underhill, VT 05489, former

6  Underhill Selectboard Member, as an individual and in official capacity.

7  40.STEVE WALKERMAN, 5631 Dorset St, Shelburne, VT 05482, former

8  Underhill Selectboard Member, as an individual and in official capacity.

9  41.MIKE WEISEL, 626 Irish Settlement Rd, Underhill, VT 05489, Underhill

10  Infrastructure Committee Member, as an individual and in official capacity.

11  42.BARBARA YERRICK, 64 Krug Rd, Underhill, VT 05489, former Underhill

12  Conservation Commission Member, in official capacity.

13  43.FRONT PORCH FORUM, INC ("FPF"), P.O. Box 73, Westford, VT 05494, a

14  publicly funded Public Benefit Organization which provides the traditional

15  governmental function of "Essential Civic Infrastructure in Vermont."

16  44.JERICHO UNDERHILL LAND TRUST ("JULT"), P.O. Box 80, Jericho, VT

17  05465, an organization which currently claims 501(C)(3) status and receives

18  substantial support and legal authority from a special relationship with the

19  Towns of Underhill and Jericho; trustees, donors, members and family

Complaint for Violation of Civil Rights (Non-Prisoner)

1    members of JULT include Defendants named in paragraphs 12, 15, 18, 19, 20,

2    22, 25, 28, 29, 32, 35, 36, 40, 41 above.

3    45. Due to a lack of transparency within the governance of Defendant Town of

4    Underhill, discovery is necessary to determine if individual capacity claims

5    should be added to Defendant town officials presently only named in their

6    official capacity and to potentially substantiate addition of other parties.

7    **GENERAL ALLEGATIONS**

8    46. Defendants Town of Underhill, Stan Hamlet, Peter Brooks and former

9    Underhill selectboard member Bob Pasco (not presently named as a

10    Defendant) changed Plaintiff's property code from "NR-144" to "FU-111"

11    *after* Plaintiff purchased NR-144 in reliance upon an attorney's review of the

12    land records *and* built his domicile trusting the explicit promises made by

13    Defendants Town of Underhill and Stan Hamlet for reasonable ongoing future

14    access to NR-144.

15    47. After years of *willfully* refusing to provide *any* reasonable maintenance to the

16    central segment of Town Highway 26 (TH26) under the guise of budgetary

17    constraints (even though the Town was receiving state funding to maintain the

18    entire class III segment), Defendants Town of Underhill, Daniel Steinbauer,

19    Steve Owens, Trevor Squirrell, Steve Walkerman and others acting under color

Complaint for Violation of Civil Rights (Non-Prisoner)

1    of law and outside of public awareness officially sought legal advice in a letter

2    dated October 8, 2009 to determine "if there is any way the Town could

3    rescind the access" which Plaintiff was previously promised *and* actively

4    utilizing for access to Plaintiff's domicile and surrounding private property.

5    48. The schematic to the right shows the general

6    spatial layout of Plaintiff's property and

7    surrounding properties; the segment of TH26

8    between the two hand-drawn lines is the

9    segment which an October 8, 2009 letter

10   expressed the desire to *rescind* Plaintiff's

11   access, and the small mark on the road next to

12   "Shera's property" was the factual transition

13   between Class III and Class IV road prior to

14   the 2010 New Road Reclassification.

15   49. Plaintiff has engaged in protected speech

16   advocating Selectboard members and other

17   Town Officials recuse themselves when they

18   have a Conflict of Interest, and explicitly

19   stated observations of problems within



20   Underhill's governance for over 16 years; publishing the above-mentioned

Complaint for Violation of Civil Rights (Non-Prisoner)

1    October 8, 2009 letter, with Plaintiff's factual commentary, in the February 20,

2    2014 edition of the Mountain Gazette is one example of Plaintiff's protected

3    speech which inspired further malicious and gratuitous retaliation in violation

4    of Plaintiff's First Amendment rights.

5    50.The past Vermont court decisions based upon an appropriate standard of

6    judicial review for issues presently raised *and* genuine facts (as opposed to the

7    portions of the prior state litigation legal record riddled with intrinsic and

8    extrinsic fraud) are:

9        A. The un-appealed Vermont court decision May 31, 2011 (Docket No

10           S0234-10, which found Defendants' claim that a 2001 New Road

11           Reclassification had occurred was in fact entirely *invalid*),

12       B. The findings of Chittenden County Road Commissioners for Docket

13           No 234-10 CnC (Dated June 26, 2013, "Repairs are to consist of those

14           repairs recommended by petitioner, consulting engineer, John P.

15           Pitrowski, P.E., as set forth in a letter to petitioners' counsel dated

16           November 21, 2012...").

17       C. Despite the Road Commissioners finding *entirely* in favor of Plaintiff,

18           they still did not take into account all relevant historical facts, such as

19           a prior Town of Underhill Road Foreman's factual knowledge and the

20           *malicious* intentions of a clique of Town Officials which is self-

Page 14 of 96

Complaint for Violation of Civil Rights (Non-Prisoner)

1        evident from over 20 years of public meeting minutes, which were

2        never allowed into the record.

3    51. Plaintiff has credible knowledge, belief, and personal experience that

4        individually named Defendants acted with *willful indifference* or *malicious*

5        intentions, or both, towards Plaintiff's civil rights; factual documentation and

6        recordings of public meetings and hearings in which town officials presently

7        sued in their individual capacity demonstrated demeanor characteristic of

8        outright animosity towards Plaintiff while choosing to make specific actions

9        and inactions which were reasonably knowable to cause harm to Plaintiff.

10   52. Due to Defendant Town of Underhill violations of Vermont Open Meeting

11       Law, discovery it is essential to determine if town officials either only named

12       in their official capacities or not presently named were acting primarily due to

13       Defendant Town of Underhill official policies and practices, or if the addition

14       of individual capacity claims is warranted due to a deliberate indifference to

15       Plaintiff's civil rights, or acting with malicious intentions, or both.

16

Complaint for Violation of Civil Rights (Non-Prisoner)

**General Chronology of Facts Relevant to The Present Claims**

53. Defendant Town of Underhill and town officials involved in the Selectboard and Underhill Conservation Commission in Spring of 2002 wanted the prior owner of Plaintiff's property to *donate* parcel NR-144 to the Town, as the prior owner (the Shakespeare's) had already done with parcel NR-141x.

54. The preceding statement is based in part by the Selectboard meeting minutes submitted by Defendant Peter Brooks dated April 11, 2002, which state:

> The UCC would like to have town buy the Shakespeare land. There is no penalty for them to give it to the town.

55. Plaintiff met with Defendants Town of Underhill, Stan Hamlet, and Carolyn Gregson *prior to* the purchase of NR-144; meeting minutes failed to record the entirety of the promises officially made to Plaintiff by Defendants Town of Underhill and Stan Hamlet.

56. As a matter of incontestable fact, Plaintiff had already built a domicile,[1] and the Defendant Town of Underhill presently continues to retain the property code "NR-141x" for the property opposite a *northern* portion of Plaintiff's property despite changing Plaintiff's lot code from NR-144 to FU-111.

---

[1] Plaintiff personally built a domicile under a New Dwelling Permit (B02-41) which was approved for property code "NR-144" on July 1, 2002 with the inherent municipal promise of reasonable access combined with the reasonable expectations of privacy living in the middle of over 50 acres of *private* property.

Complaint for Violation of Civil Rights (Non-Prisoner)

57. On October 8, 2009, after years of refusing to conduct reasonable and necessary maintenance to the central segment of TH26, Defendants Town of Underhill, Daniel Steinbauer, Steve Owens, Trevor Squirrell, Steve Walkerman and others acting under color of law but outside of public awareness officially responded to Plaintiff's good-faith efforts to find solutions to their *willful* creation of access problems (which even included the inconsistent placement of boulders in the way of Plaintiff's access), and environmental problems, by seeking legal advice on how to "*rescind*" Plaintiff's previously promised access, instead of considering a grant which Plaintiff suggested to preserve *all* reasonable public uses *and* private uses *while* protecting the environment for approximately $1,600.

58. Plaintiff retained legal counsel in a timely-manner, in order to protect what was once a clearly recognized legal property right; what followed should have been a very straightforward legal process under Rule 74 since the claimed 2001 New Road reclassification was *invalid,* and the Road Commissioners agreed with all the recommendations made by the engineers retained by Plaintiff and two former co-litigants in the past Notice of Road Insufficiency appeals *and* officially opposed the use of a *sua sponte* 2010 New Reclassification to circumvent a first-filed notice of insufficiency.

Complaint for Violation of Civil Rights (Non-Prisoner)

59. Plaintiff asserts the documented actions of Defendants Town of Underhill, Daniel Steinbauer, Steve Owens, Trevor Squirrell, Steve Walkerman, Marcy Gibson, Karen McKnight, Stan Hamlet, and others acting under color of law but outside of public awareness demonstrates knowledge, that Town Highway 26 (also known to as "TH26" / "New Road" / Fuller Road / "Crane Brook Trail" / "Old Dump Road"), *in accordance with clearly established law*, was a Class III / Class IV Town Highway connecting Irish Settlement Road to the North with Pleasant Valley Road to the South until the 2010 New Road reclassification; the entire impetus behind the 2010 New Road reclassification was a willful intent of the Town of Underhill, and Defendant town officials which held positions of governmental authority at that time, to violate Plaintiff's procedural due process rights.

60. Approximately 12 years of preceding Vermont state court proceedings document Defendant Town of Underhill, and Defendant town officials sued in their individual capacity, decision to willfully deceive the Vermont state courts by misrepresenting or censoring relevant facts and creating frivolous debates of clearly known facts or interjecting immaterial facts.

Complaint for Violation of Civil Rights (Non-Prisoner)

61. Five examples of the preceding statement in the state court records involving

Plaintiff (and former co-litigants) against Defendant Town of Underhill are:

62. The persistence of references to a 2001 New Road reclassification for

about a decade after the final ruling which stated 2001 reclassification

effort was invalid,

63. Stating the portion of New Road between Pleasant Valley Road and the

Town Garage was paved as an uncontested fact,

64. Frivolously denying of the Town of Underhill had previously installed

culverts and provided general maintenance of the central segment of

TH26, despite the *entire town* once using TH26 to access public landfills,

65. Censorship of a factual lack of any legitimate justification for the sustained

refusal to spend a mere $1,600 to replace a failed culvert along Plaintiff's

prior road frontage, or help to remove litter and illegally dumped items

from the Town right of way, and

66. Prior Vermont Supreme Court Oral Arguments emphasis on Plaintiff's

home being "off-grid" as a rationale for Defendant's actions and inactions.

67. As of February 26, 2021, after ~12 years of litigation in Vermont state courts,

Defendant Town of Underhill succeeded in officially rescinding the vast

majority of the past, present, and prospective future uses and enjoyment of

Plaintiff's property.

Complaint for Violation of Civil Rights (Non-Prisoner)

1 **Supreme Court of Vermont Decision: 22 A.3d 500 (Vt. 2011), 10-165,**

2 **Ketchum v. Town of Dorset**

3 **Results in an Unconstitutional Interpretation of Vermont Law and *de facto***
4 **Structural Due Process Violation and is Contrary to Federal Precedent**

5 68. The Ketchum decision states,

6     We also reject plaintiffs' argument that we must read the requirement into
7     the statute to avoid an absurd and irrational result. We cannot say that it is
8     wholly irrational for the Legislature to choose to have a different standard of
9     review for the selectboard's decision to reclassify a town highway than for
10     the altering, laying out or resurveying of a highway. All of the latter
11     decisions implicate a town's eminent domain power because they may
12     require a taking of land abutting the town highway. In contrast, downgrading
13     a road does not involve a taking.

14 69. Plaintiff asserts it would be difficult to imagine a set of factual circumstances

15     better able to conclusively prove the *Ketchum* decision results in clear legal

16     error, and an unconstitutional judicial interpretation of Vermont law, than the

17     reclassification (more accurately defined as a conversion) of a Class III or

18     Class IV Town Highway into an unmaintained Legal trail.

19 70. The Town of Underhill has *altered and subsequent taken* Plaintiff's prior

20     reasonable access and the 2010 New Road Reclassification constituted a

21     categorical taking of Plaintiff's reversionary property rights.

22 71. The Town of Underhill has willfully achieved a taking of the vast majority of

23     Plaintiff's previously clearly recognized bundle of private property rights

24     above the categorical taking of reversionary rights. [As this Court deems just

Complaint for Violation of Civil Rights (Non-Prisoner)

1   and proper, other property owners abutting the 49.5 foot wide "Legal Trail"

2   portion of the TH26 corridor should be permitted to join the relevant cause of

3   action for compensation of their lost reversionary property rights.]

4   72. Plaintiff asserts, due to *Ketchum*, interested persons in Vermont are now

5   denied the procedural due process afforded a Rule 74 appeal when a

6   municipality refuses to conduct reasonable levels of road maintenance (even if

7   it is to the extreme degree of *altering* a Town Highway by refusing to replace

8   failed bridges or culverts), or when *converting* a Town Highway usable by all

9   into a recreational trail which *rescinds* prior landowner access and property

10   rights by *reclassifying* a segment of Class III or Class IV Town Highway into a

11   49.5 foot wide "Legal Trail."

12   73. Plaintiff asserts Rule 75 appeals are so heavily deferential to municipal

13   administrative decisions that, as a matter of law, a structural due process

14   violation occurred when Defendants Town of Underhill, Daniel Steinbauer,

15   Steve Owens, and Steve Walkerman committed intrinsic and extrinsic fraud in

16   Vermont courts.

17   74. Plaintiff asserts Defendants Town of Underhill, Daniel Steinbauer, Steve

18   Owens, and Steve Walkerman violated the procedural due process right to an

19   *impartial* decision of Plaintiff and numerous other interested persons by

20   conducting the 2010 New Road Reclassification *willfully* ignoring both the

Complaint for Violation of Civil Rights (Non-Prisoner)

option to *discontinue* the segment and the *significant* opposition of interested persons *and* the public at large.

75. Plaintiff asserts Defendant Town of Underhill was able to create its own legal record to undergo administrative review for the 2010 New Road Reclassification; numerous glaring facts indicative of municipal actions and inactions which could reasonably be considered evidence of the Town of Underhill acting arbitrarily, capriciously, maliciously, and outright vindictively, were never incorporated into preceding state court legal records.

76. Numerous portions of the legal record contained in preceding state litigation are so severely prejudiced by misconduct of Defendant Town of Underhill, and town officials presently sued in their individual capacity, so as to serve as little more than a very compelling reason to issue Declaratory relief involving the precedent Vermont courts set in *Ketchum*, since as was succinctly stated:

> The court's role is to determine if there is adequate evidence to support the Selectboard's decision. The court reviews only the record below without new evidence. There is no fact-finding. It is an appellate-style review of an administrative decision.

77. Defendant Town of Underhill and town officials presently sued in their individual capacities have received a windfall level of unchecked governmental authority to use executive actions and concurrent willful extrinsic and intrinsic fraud to violate Plaintiff's procedural due process rights.

Complaint for Violation of Civil Rights (Non-Prisoner)

78. The Ketchum interpretation of Vermont law has already inspired Defendants Town of Underhill, Dan Steinbauer, Bob Stone, and Peter Duval, to begin prospecting the development of other recreational destinations at the cost of other local landowners and it is still to be determined if a landowner supported *discontinuance* of an unmaintained Class IV segment of Butler Road which has not been maintained for decades will ever occur, or if it will eventually be reclassified into a trail against the will of over 15% of Underhill's voters.

### **Enrichment of Town Officials by Taking of Other's Property Value**

79. Plaintiff asserts as an uncontestable fact that the location of the Town's Highway Department's garage on TH26 made it very reasonable to maintain the entire length of TH26 between Pleasant Valley Road and Irish Settlement Road.

80. Plaintiff has credible evidence there was *never* a compelling justification for Defendant Town of Underhill to stop maintaining any segment of TH26 between Pleasant Valley Road and Irish Settlement Road.

81. Plaintiff asserts knowledge and belief the *willful refusal* to replace culverts on the central section of TH26 *created* environmental problems.

82. As depicted in Table 1, The Town of Underhill's appraisals of properties on and near TH-26 demonstrate the disproportionate negative financial impact of

Complaint for Violation of Civil Rights (Non-Prisoner)

1    the taking of Plaintiff's property compared to nearby real estate values and the

2    elimination of a reasonable investment backed return and appreciation in

3    comparison to surrounding properties.

4  83. Named Defendants financially benefiting from being an optimal proximity to a

5    free public trail (the converted segment of TH26) and the "Crane Brook

6    Conservation Area" are underlined in Table 1.

7  84. Defendants Dick Albertini and Marcy Gibson are two of the most notable

8    examples of Underhill Officials which significantly profited from a completed

9    subdivision process which was dramatically easier than the Town of

10   Underhill's response to Plaintiff's efforts to obtain a *preliminary* access

11   permit.

Complaint for Violation of Civil Rights (Non-Prisoner)

| Table 1 | 2019 Assessment[2] Exclusive Of Improvements | | | (Named Defendants Are Underlined) (Properties Are Listed North To South) |
|---|---|---|---|---|
| **Parcel ID** | **Acres** | **Parcel $** | **$ Acre** | **Ownership** |
| IS-359 | 10.02 | $117,800 | $11,756 | Walter and Daphne (UCC Member) Tanis[3] |
| FU-11 | 3.4 | $87,400 | $25,705 | Jessica Butler and Jeremy Rector |
| FU-12x | 0.33 | $23,000 | $69,697 | Town of Underhill |
| FU-23 | 7.5 | $100,000 | $13,333 | John and Tammy Viggato |
| FU-49 | 49.5 | $162,900 | $3,291 | Trust for Jeff and Angela Moulton (formerly co-litigant with plaintiff) |
| FU-54X | 17 | $127,300 | $7,488 | Town of Underhill |
| FU-57 | 122.4 | $267,600 | $2,186 | Jonathan and Lisa Fuller (formerly co-litigant with plaintiff) |
| **FU-111** | 51.64 | $108,000 | **$2,091** | **David Demarest** |
| **NR-141x** | 10.19 | $122,100 | **$11,982** | **Town of Underhill[4]** |
| NR-50 | 8.98 | $114,600 | $12,762 | Marcy Gibson (JUPD and JULT member) |
| NR-48 | 3.77 | $98,600 | $26,154 | Kevin Gibson (Marcy Gibson's son) |
| NR-3 | 30.3 | $163,100 | $5,383 | John and Denise Angelino |
| PV-200 | 24 | $170,000 | $7,083 | Anton (Recreation Committee Chair) and Amy Kelsey |
| PV-139 (with frontage opposite NR-3) | 30 | $207,100 | $6,903 | Trust of Seth Friedman (current Recreation Committee and former Selectboard member) and Allison Friedman (JULT member) |
| PV-109[5] | 25.02 | $526,000[6] | $21,023 | Dick (former UCC and Planning Commission member) and Barbara Albertini (JULT members) |

---

[2] Plaintiff has knowledge and belief the assessment process is not always accurate, fair, *or* impartial; there are multiple intentional errors in many Town of Underhill public records (such as listing Plaintiff's home as a "camp," as opposed to Plaintiff's domicile, and previously deleting records of the culvert inventory on a segment of TH26/New Road/Fuller Road/Crane Brook Trail). Despite this caveat, Defendant Town of Underhill assessments recognize the dramatic devaluation of Plaintiff's property compared to nearby properties that are similarly situated.
[3] With a home located near northern terminus of TH26, Plaintiff asserts both Daphne and Walter Tanis have previously trespassed on Plaintiff's posted property. Defendant Daphne Tanis, while acting in her official capacity, has stated that "you need to be more open-minded" in reference to the public use of Plaintiff's property for free.
[4] Opposite Plaintiff's property and donated to Town by the prior owner of NR-144 less than 5 years before prior landowners opposed the unappealable and therefore entirely fictional 2001 New Road Reclassification. Opposition was summarized in Selectboard meeting minutes simply as a "Rehash of past arguments."
[5] PV-109 is now a 5-lot subdivision which provided substantial personal profit for Dick and Barbara Albertini.
[6] Due to presumed typo in assessment, this is the "Full" value since there were no structures at time of assessment.

Complaint for Violation of Civil Rights (Non-Prisoner)

## **Accrual Date of February 26, 2021**

85. An accrual date of February 26, 2021 for present claims is supported by

Justice Robinson's well-reasoned dissenting opinion of the most recent prior

state court proceeding:

> Moreover, the claims in this case and the challenge to the 2010
> reclassification decision in no way form a convenient "trial unit."
> Restatement (Second) of Judgments § 24(2). This is due both to the distinct
> procedural postures of the claims, and the divergent legal and factual
> predicates. With respect to the first point, because Demarest I was a Rule 75
> appeal of a municipal 18 decision, the trial court reviewed the Town's
> reclassification decision on the record. It did not hold an evidentiary hearing
> to determine whether the Town's decision comported with the applicable
> law. And its standard of review was accordingly deferential to the Town. For
> purposes of analyzing claim preclusion, a Rule 75 appeal is thus very
> different from a freestanding claim initiated in court by a plaintiff. Plaintiff
> could not have litigated the claims at issue in this case in the context of the
> 2010 municipal reclassification proceeding. And on appeal to the trial court,
> if plaintiff had sought to interject a claim asserting a private right of access
> to future subdivided lots, the court's analysis would have been effectively, if
> not formally, bifurcated: the court would have decided the reclassification
> issue based on a previously established municipal record, and it would have
> evaluated the private-access claims on the basis of a record developed during
> the superior court proceeding and presented through summary-judgment
> motions or an evidentiary hearing. Procedurally, there would have been
> virtually no overlap in the trial court's resolution of the Rule 75 appeal on
> the one hand, and plaintiff's individual claims on the other.

86. Plaintiff asserts Defendant Town of Underhill and Defendant Town Officials'

pattern of invidious delays, obstruction, and discriminatory decision-making

has been strategically perpetuated precisely because they *knew* there was a

Complaint for Violation of Civil Rights (Non-Prisoner)

1    lack of any legally permissible justification for their intentions, or their

2    subsequent actions and inactions.

3    **Substantiation of Monell claims against Town of Underhill includes:**

4    87. Plaintiff has documentation, knowledge, substantiated belief, and personal

5    experience Defendants' malicious disregard for the Constitutional protections

6    of the First, Fifth, Ninth, and Fourteenth Amendments (as well as the Vermont

7    Constitution and Vermont Open Meeting Laws) is heavily entrenched within

8    the culture, and patterns and practices, of the Town of Underhill's governance.

9    88. Plaintiff references the Repa Road Litigation over landowner access rights,

10    notably this litigation was involving efforts to deny landowner rightful access

11    to private property and issues surrounding purported trails; as a matter of

12    historical fact Repa Road previously continued into Westford as Goodrich

13    Road, and a Class IV segment of Repa Road was upgraded to Class III road.

14    89. Plaintiff references Defendants' use of executive sessions and legal advice on

15    ways to obstruct the wishes of landowners and over 15% of Underhill's

16    registered voters who signed a landowner-backed petition to *discontinue* a

17    Class IV segment of Butler Road (TH11), instead of *reclassifying* the segment

18    into a Legal Trail (which would personally benefit Defendant Pat Sabalis).

Complaint for Violation of Civil Rights (Non-Prisoner)

90. Plaintiff references Underhill v Blais Litigation, which involved a landowner with property near Defendant Karen McKnight's home, and may have been predicated upon the tradition of Underhill Officials willful misrecording or deleting public records with an intent to later *rescind* prior promises similar to Plaintiff's experience.

91. Plaintiff references legal issues involving Lyn DuMoulin in Spring of 2002.

92. Plaintiff asserts *extreme* biases in what grants are, and are not, applied for and how those grants and the entire municipal budget is used (for instance, the improvement of the intersection of New Road and Pleasant Valley Road to support the desired purchase of Defendant Dick Albertini's property for a gravel pit and the Town of Underhill acting as a fiscal agent for a local church to receive a $60,000 grant, which is hoped to enable a local church to obtain ~2 acres of land functionally for *free,* even though Defendants obstinately refuse to apply for a grant to replace a culvert on Plaintiff's former road frontage).

93. Plaintiff references the Dumas Road and Roaring Brook situation as further demonstration how many *willful* procedural difficulties Defendants can create for a resident despite going to *extreme* efforts to assist others, such as seeking legal advice on how to go against 23 V.S.A. Section 1007 if the *right people*

Complaint for Violation of Civil Rights (Non-Prisoner)

1     *request* a speed limit lower than a State of Vermont professional speed study

2     recommends.

3  94. Plaintiff has personal knowledge and experience of numerous instances in

4     which Town officials ignore clear Conflicts of Interest in ways which have

5     violated the procedural due process rights of numerous residents.

6  95. Plaintiff has credible knowledge and belief of the Town of Underhill has acted

7     and refused to act in other situations which have caused civil rights violations

8     to residents which are not currently listed in this complaint.

9     **Official Policies and Patterns and Practices Relevant To Present Case**

10  96. Present Monell claims against the Defendant Town of Underhill are also

11     substantiated by Defendant Town of Underhill pattern and practice of

12     sustained *willful* intentions, actions, and inactions over the span of over 20

13     years focused upon purloining landowner property rights along TH26.

14  97. Public records, and missing public records, document Defendant Town of

15     Underhill willfully engaging in an ongoing pattern of censorship and

16     misrepresentation of the public record (since at least 2001) and legal record

17     (since at least 2009).

18  98. In an email dated 10/26/2020, The Underhill Town Clerk, claimed, in part:

19     The only minutes in digital format are the ones on the website. Nothing else.

20     The rest of the minutes are in paper form here at town hall.

Complaint for Violation of Civil Rights (Non-Prisoner)

99. Plaintiff asserts credible knowledge and belief Defendant Town of Underhill *willfully and perfidiously removed* incriminating public records from the Town of Underhill website as a way to manipulate the public record, interfere with Plaintiff's *reasonable* access to public records, and functionally defame Plaintiff's character because the public at large is denied *reasonable* access to public records *which were previously readily available on the Town's website* and the entire history is necessary to form an accurate opinion on Plaintiff's past and present litigation against Defendant Town of Underhill.

100. As of the date of the filing of the Original Complaint, the Town of Underhill Website has:

    A. Development Review Board meeting minutes *available for free download* on the Town's website all the way back to January 2007,

    B. Planning Commission Meeting Minutes *available for free download* on the Town's website all the way back to January 2009

    C. The Underhill Trails Handbook, "adopted by the Selectboard as a best practice manual on September 22, 2009" is *available to download.*

    D. Selectboard Meeting Minutes only after January 2012, and

    E. Underhill Conservation Commission Minutes only after to April 2016.

Complaint for Violation of Civil Rights (Non-Prisoner)

101. Plaintiff engaged in *multiple years* of efforts to obtain fair treatment from Town of Underhill officials, including Plaintiff's efforts as a member of the Underhill Trails Committee, *prior to* the above referenced October 8, 2009 letter seeking legal advice on how to *rescind* prior promises made to Plaintiff and ensuant litigation.

102. Due to the public nature of litigation against a resident's local town government, the selective removal of public records, *which were previously readily available on the Town of Underhill official website*, and intentionally vague or misrepresentative meeting minutes has materially harmed both Plaintiff's local reputation and on-line reputation by censoring an accurate history of the events that caused past and present litigation.

103. Plaintiff asserts an example of a record which would be publicly exonerating to Plaintiff's personal and professional reputation, while simultaneously politically harming and incriminating for Defendants Town of Underhill and town officials involved in the October 9, 2009 Selectboard meeting, is the fact minutes on that date reference the October 8, 2009 letter which sought to *rescind* Plaintiff's prior access vaguely as, "Crane Brook Trail: Chris has sent a letter to Vince.*" in the very same meeting* the Better Back Roads Grant program was discussed ***and*** the Underhill Trails Handbook was about to have a press release.

Complaint for Violation of Civil Rights (Non-Prisoner)

104. The public record should properly document Plaintiff spent considerable personal time participating in drafting the Underhill Trails Handbook as a Trails Committee member in a good faith effort to find solutions to problems caused by Defendant Town of Underhill's refusal to provide appropriate municipal maintenance to public roads and trails combined with numerous trail users causing problems for landowners; at present Defendant Town of Underhill *still* refuses to follow these outlined best management practices.

**Substantiation of Claims Specific to First and Second Causes of Action**

105. The staying of Plaintiff's first-filed road maintenance case for *years* allowed the Town of Underhill's legal counsel to craft a reclassification order to satisfy the low administrative standard of review which simply determine if there was *any* evidence in its favor; procedural due process required *impartial* weighing of the true *necessity* (as defined under 19 V.S.A. § 501 (1)) of the Selectboard proposed New Road reclassification which has taken Plaintiff's property without compensation for recreation.

106. Plaintiff asserts Defendants involved in the 2010 New Road reclassification willfully violated Plaintiff's structural and procedural due process rights to an *impartial* decision-making process.

Complaint for Violation of Civil Rights (Non-Prisoner)

1    107. Plaintiff asserts Defendant Town of Underhill's own records indicated

2          Defendant Steve Walkerman and other named Defendants were interested in

3          discouraging driving through New Road between Pleasant Valley Road and

4          Irish Settlement Road in the early 2000's onward primarily for their own

5          personal enrichment and cross-country skiing.

6    108. Plaintiff's Conflict of Interest Complaint submitted against Defendant Dan

7          Steinbauer clearly outlines violations of Plaintiff's procedural due process and

8          Defendants the Town of Underhill, Dan Steinbauer, Bob Stone and Peter

9          Duval's lack of meaningful response (and censorship of the complaint from

10        the Town of Underhill's website) further documents these allegations.

11    **Substantiation of Claims Specific to Third and Fourth Causes of Action**

12    109. Plaintiff asserts having credible knowledge and belief there is a *long* record

13        of the Town of Underhill and numerous Town of Underhill officials having an

14        interest in the taking of free recreational use of Plaintiff's property, which

15        under Vermont law is an impermissible primary rational for an eminent

16        domain proceeding.

17    110. In addition to the actual eventual taking of Plaintiff's property without

18        compensation, Plaintiff asserts Defendants Town of Underhill and colluding

19        town officials presently sued in their individual capacities violated the Ninth

Complaint for Violation of Civil Rights (Non-Prisoner)

1    and Fourteenth amendments by engaging in a *willful* and *relentless* effort over

2    the span of around two decades to purloin the use, value, access and personal

3    enjoyment of Plaintiff's private property *contrary to legally permissible*

4    *purposes*.

5    111. Plaintiff has credible knowledge, information and belief Defendants Trevor

6    Squirrell, Karen McKnight, Marcy Gibson (which were also JULT members)

7    and other JULT members acting in their official capacities (most notably

8    Defendants Steve Walkerman, Dan Steinbauer, and Stan Hamlet) colluded to

9    violate Plaintiff's Due Process Rights by initiating the 2010 New Road

10   Reclassification process with full confidence fellow affiliates of JULT could

11   successfully act under color of law, with assistance of legal counsel for the

12   Town of Underhill, to reach a *predetermined* future reclassification decision in

13   order to take Plaintiff's property without compensation.

14   **Substantiation of Claims Specific to Ninth Amendment Concurrent With**
15   ***Willful* Violation of Vermont Constitution and State Laws**

16   112. Article 2 and Article 7 of the Vermont Constitution, and the inherent right

17   that a local municipality to abide by State and Federal laws, are rights clearly

18   intended to be fully protected under the Ninth Amendment of the United States

19   Constitution.

Complaint for Violation of Civil Rights (Non-Prisoner)

113. Plaintiff has credible knowledge, documentation, and personal experience

observing Defendants' *willful indifference* to multiple clearly established laws

in violation of the Ninth Amendment rights of Plaintiff and other landowners

including the rights expressed Article 2 and Article 7 of the Vermont

Constitution and Plaintiff's Right to Equal Treatment Under the Law.

## Article 2: Private property subject to public use; owner to be paid

That private property ought to be subservient to public uses when necessity
requires it, nevertheless, whenever any person's property is taken for the use
of the public, the owner ought to receive an equivalent in money.

114. Given the amount of legal advice obtained from Defendants, combined with

their actions and inactions, it is inconceivable they would not be *fully* aware

that under Vermont Law eminent domain proceedings define "Necessity" as:

A *reasonable need* that considers the greatest public good and the least
inconvenience and expense to the condemning party and to the property
owner. It shall not be measured merely by expense or convenience to the
condemning party. Due consideration shall be given to the following factors:

(1) The adequacy of other property and locations.

(2) The quantity, kind, and extent of cultivated and agricultural land that
may be made unfit for use by the proposed taking. In this connection, the
effect on long-range agricultural land use as well as the immediate effect
shall be considered.

(3) The effect of the taking upon home and homestead rights and the
convenience of the owner of the land.

(4) The effect of the taking upon scenic and recreational values in the areas
involved.

(5) The effect upon town grand lists and revenues.

Complaint for Violation of Civil Rights (Non-Prisoner)

(6) The effect upon fish and wildlife, forests and forest programs, the natural flow of water and the streams both above and below any proposed structure, upon hazards to navigation, fishing, and bathing, and upon other public uses.

(7) Whether the cutting clean and removal of all timber and tree growth from all or any part of any flowage area involved is reasonably required.

(c) The complaint, the service thereof and the proceedings in relation thereto, including rights of appeal, shall conform with and be controlled by 19 V.S.A. chapter 5.

**Article 7: Government for the people; they may change it**

That government is, or ought to be, instituted for the common benefit, protection, and security of the people, nation, or community, and not for the particular emolument or advantage of any single person, family, or set of persons, who are a part only of that community; and that the community hath an indubitable, unalienable, and indefeasible right, to reform or alter government, in such manner as shall be, by that community, judged most conducive to the public weal.

115. Plaintiff asserts it is exceedingly implausible Defendants could possibly be unaware of the Vermont Supreme Court Decision of Rhodes v. Town of Georgia dated March 23, 2012 involving Article 7 of the Vermont Constitution.

116. Plaintiff asserts it is now *impossible* to conceivably find *any* defendant acted in an arbitrary and capricious manner since a municipality's maintenance and reclassification decisions have an unlimited administrative "discretion" under the Vermont Rule of Civil Procedure 75 "on the record" appeal process.

117. Plaintiff asserts any *reasonable* jury would believe the parcel name change from NR-144 to FU-111 was an antagonistic administrative decision indicative

Complaint for Violation of Civil Rights (Non-Prisoner)

1   of clear *mens rea* for the sole purpose of later attempting to circumvent the

2   property rights protected by common law and Vermont Statute 19 V.S.A. §

3   717(c).

4   118. To make the seemingly self-evident point crystal clear, Plaintiff has

5   documentation dated April 22, 2019, from the State of Vermont Department of

6   Motor Vehicles, which as an *impartial* Vermont governmental agency states:

7   Your requested selection of special plate FU has been denied.

8   It has been deemed to be a combination that refers to vulgar, derogatory,
9   profane, racial epithets, scatological or obscene language and has been
10   denied based on that reason.

11   119. Defendant Town of Underhill efforts to violate Plaintiff's civil rights were

12   far more egregious than efforts in the *Rhodes* case because Defendants

13   intentionally caused Plaintiff's difficulty *continuing* to access his current

14   *domicile* and infringed upon the reasonable expectations of privacy expected

15   in and around one's *home,* as opposed to "only" taking the economic value of

16   Plaintiff's private property and reasonable investment backed returns.

17   120. One, of many, examples of Defendants' excessive interest in cross-country

18   skiing and other recreation on TH26, as opposed to recognition that the

19   primary purpose of a road is the facilitation of travel, is Selectboard meeting

20   minutes from the winter of 2002 state "The New Road is being plowed to the

21   former Shakespeare property as the new owner [Plaintiff] *seeks* access."

Complaint for Violation of Civil Rights (Non-Prisoner)

1    121. Plaintiff asserts many of the purported "conservation" efforts created

2         substantial economic gains for Defendants Dick Albertini, Carolyn Gregson,

3         Steve Walkerman, Marcy Gibson, and others; the most dramatic of which

4         being Dick Albertini's 5-lot subdivision (see Table 1 on page 25)

5    122. The Rhodes decision also succinctly explains the current circular argument

6         within current Vermont legal interpretations which Defendants have

7         maliciously capitalized on:

8         The selectboard's decision to downgrade its status to a trail did not -- as we
9         have elsewhere held -- constitute a "taking" entitling abutting landowners to
10        compensation. See *Ketchum v. Town of Dorset*, 2011 VT 49, ¶ 13, 190 Vt.
11        507, 22 A.3d 500 (mem.) (reaffirming rule that "downgrading a road does
12        not involve a taking" ); *Perrin v. Town of Berlin*, 138 Vt. 306, 307, 415 A.2d
13        221, 222 (1980) (holding that downgrading of town highway to a trail "does
14        not involve the acquisition of property rights from the abutting owners" so
15        that "no damages are involved").

16   **Substantiation of Claims Specific to Fifth and Sixth Causes of Action**

17   123. The 2010 New Road Reclassification, instead of *discontinuing* a segment of

18        TH26, functionally condemned a 49.5' wide swath of private property to

19        simultaneously deny landowners reversionary property rights *and* rescind past,

20        present, and prospective future accessibility to private property.

21   124.  Defendants' willful actions and inactions have taken the Plaintiff's

22        reasonable access to his domicile and the reasonable expectation of privacy in

23        and around one's home.

Complaint for Violation of Civil Rights (Non-Prisoner)

125. Plaintiff asserts the prior landowners of NR-144 (Shakespeare, Sims, and Slater) requesting to have a segment of TH26 *discontinued* is fundamentally different than a *reclassification* into a legal trail against their will; a town highway *discontinuance* provides reversionary property rights to abutting landowners, ensures landowner privacy, and preserves a landowner's private right of way over the discontinued corridor in accordance with common law and Vermont Statute 19 V.S.A. § 717(c).

126. Given the length of time the Defendant Town of Underhill has refused to help minimize (and intentionally caused) problems for landowners, Plaintiff firmly believes any *reasonable* jury would view the totality of the Defendant Town of Underhill's actions as conspicuously pernicious during a span of over 20 years and based primarily upon the inappropriate personal desire of a handful of individuals to have landowners give away recreational use of private property for free (even if it would come at the extreme cost of taking landowners reasonable access to their homes), which was followed by a relentless and malicious retaliation and intentional violation of many of Plaintiff's other constitutional rights.

127. Plaintiff asserts Defendants have a pattern and practice of attempting to inhibit, and retaliating against, any landowners that wish to exercise the fundamental private property right to exclude others for at least 20 years.

Complaint for Violation of Civil Rights (Non-Prisoner)

1    128. Plaintiff has credible knowledge, belief, witnesses, and video documentation

2        that Defendants and members of the public have felt entitled to disregard

3        Plaintiff's reversionary property rights and go up onto Plaintiff's private

4        property as if it were a part of the "Crane Brook Conservation District."

5    129. Plaintiff asserts there is a history of over 20 years in which Defendants have

6        obstinately refuse to provide *any* reasonable maintenance to certain public

7        infrastructure, including any meaningful assistance to Plaintiff or other nearby

8        landowners plagued by illegal dumping and other problems caused public use

9        and abuse of the "Crane Brook Area," the proximate cause of which is

10       Defendant's advertising of the area as a recreational destination.

11    130. Plaintiff asserts Defendant's Trail Ordinance *willfully* mislead Plaintiff in the

12       interest of later taking Plaintiff's property; in addition to prior promises

13       officially made directly to Plaintiff, the purported Trails Ordinance included

14       the provision that "permits **shall be issued** only to persons who … have a

15       legitimate need to operate a vehicle on the Crane Brook Trail. For the purposes

16       of this ordinance, 'legitimate need' shall mean a compelling personal or

17       business purpose."

18    131. Plaintiff asserts Defendants have willfully refused to mitigate numerous

19       problems caused by Defendant's "Crane Brook Conservation area," such as

Complaint for Violation of Civil Rights (Non-Prisoner)

1    the public nuisance caused by trash such as mattresses and tires that are

2    illegally dumped and people going from the public areas onto private areas"

3    132. Plaintiff asserts despite willfully refusing to mitigate problems already

4    created, Defendants have expressed the strong desire to increase public use of

5    the Crane Brook Area (especially as related to developing and later advertising

6    a "Pump Track" on Town property despite being unsure exactly how much

7    such a development would increase public recreational traffic or resultant

8    potential parking issues and additional environmental impacts to the area).

9    133. Plaintiff asserts the *de facto* legitimate need of Plaintiff to access his home,

10   land and former agricultural operation was previously so definitively promised

11   by the Town of Underhill that promissory estoppel should have precluded

12   Defendant's relentless efforts to find "any way the Town could rescind the

13   access"

14   134. Plaintiff asserts in April of 2002, the Selectboard consistently expressed

15   concern about the amount of money it would take to make improvements to

16   New Road but the Selectboard and Underhill Conservation Commission

17   members of that era actually thought thee Town should buy Plaintiff's

18   property and that "There is no penalty for them to give it to the town."

19   135. Plaintiff asserts in April of 2002 Defendants Stan Hamlet, Ted Tedford,

20   Peter Brooks, Carolyn Gregson was made *fully aware* by a property owner's

Complaint for Violation of Civil Rights (Non-Prisoner)

1      attorney that they were violating his client's constitutional rights; The Town of

2      Underhill and the town officials have *knowingly* engaged in the longstanding

3      pattern and practice of violating individual property owners rights.

4    136. Plaintiff asserts when Plaintiff purchased NR-144 in 2002, it was possible

5      for a standard auto to drive the vast majority of TH26 so long as the driver

6      proceeded with caution and the entire road was easily driven in a standard

7      pickup truck all the way from Pleasant Valley Road to Irish Settlement Road.

8    137. Plaintiff asserts at the time of purchasing his property, the Underhill

9      Selectboard felt entitled to an *ultra vires* authority to simply *"veto"* a

10     landowner's intention to build a home.

11   138. Plaintiff is unaware of *any* reasonable way to have exercised greater due

12     diligence prior to purchasing property than having retained an attorney to

13     review the land records and the purchase and sale agreement, having

14     purchased title insurance, and having personally met with the local

15     Selectboard prior to purchasing NR-144.

16   139. Plaintiff asserts when Plaintiff met with the Selectboard in May of 2002 to

17     confirm there would be no issues with his plans to build an off-grid home,

18     Selectboard members Stan Hamlet and Bob Pasco both approved Plaintiff's

19     intentions for the property if he were to finalize his purchase of NR-144.

Complaint for Violation of Civil Rights (Non-Prisoner)

140. Plaintiff was promised access to NR-144 on what at the time was a through-road and mislead the rougher condition of New Road north of the Town Garage was due primarily to town budgetary constraints.

141. Plaintiff asserts Defendants' refusals to conduct *any* maintenance to the central segment of TH26 were based upon a malicious intention to eventually *rescind* Plaintiff's access to his home and land.

142. Plaintiff believes any reasonable jury aware of Plaintiff's plight over the following ~19 years, which has included ~12 years of active litigation due to the Town of Underhill seeking legal advice on "any way the Town could rescind the access" (letter dated October 8, 2009) would easily understand just how foreboding it was to refer to official *promises* made by the Selectboard to Plaintiff in a public meeting as, "initially we would go along with this.."

143. Plaintiff asserts Defendants have conspired, with the help of hours of legal advice in executive sessions, how to *rescind* landowner access to further their own personal interests and the interests of fellow Town Officials / Jericho Underhill Land Trust affiliates.

144. Plaintiff asserts Town Officials present (Stan Hamlet, Peter Brooks, Carolyn Gregson and Bob Pasco) in the May 20, 2002 morning Selectboard meeting are clearly aware the "Nuisance Ordinance" is unconstitutionally overbroad.

Complaint for Violation of Civil Rights (Non-Prisoner)

1    145. Plaintiff asserts the state of mind of Defendants Town of Underhll and

2         defendant town officials in the May 20, 2002 era intended to criminalize

3         innocuous conduct, but upon legal advice it was presumably determined civil

4         sanctions are unlikely to raise to the level that an individual attempts to litigate

5         an overly broad (and selectively enforced) ordinance instead of cowing to the

6         Selectboard tradition of *ultra vires* abuse of governmental authority.

7    146. Substantiation of the preceding statement includes Selectboard meeting

8         minutes dated May 20, 2002 involving the drafting of a Nuisance Ordinance

9         which recognized the issue of:

10        Nuisance Ordinance: The town lawyer recommended that, under the
11        penalties section, we take out the alternative criminal sanction language. It
12        was agreed to go with the civil sanctions. The issue of whether it would be
13        nitpicking to create this ordinance was discussed. The village lighting was
14        seen as a possible violating of the ordinance, as was the lighting at the
15        school.

16   147. Plaintiff asserts the town received substantial legal advice throughout the

17        past 20 years, so qualified immunity cannot protect individual town officials

18        acting with deliberate indifference to Plaintiff's constitutional rights or

19        individuals maliciously wielding municipal authority during this time because

20        it is entirely implausible that Town Officials were not *fully aware* they were

21        exceeding their lawful authority.

Complaint for Violation of Civil Rights (Non-Prisoner)

148. Plaintiff asserts there was no valid reasoning for renaming TH26 from "Dump Road" to "New Road" instead of the "Crane Brook Road" or other name consistent with typical naming practices, let along justification for what is presumably the inside joke of changing plaintiff's parcel codes (and those of two former co-litigants) from "NR" to "FU" *after* the purchase of parcels on "New Road." (see also paragraphs 116 through 119 on page 37)

149. Plaintiff asserts in the same November meeting, "Dick Albertini requested signs on either end of New Road to discourage people from driving through. The signs should go up now as people are getting stuck. It is officially closed Dec. 1;" but there are in fact no official looking signs to discourage vehicular through traffic.

150. Plaintiff asserts having built a permitted full-time dwelling would logically include plowing to his residence in the winter, and in Defendant's typical pattern and practice of creating revisionist history there is a second version of these meeting minutes which state, "David Demarest (new owner of the Shakespeare property) is plowing Fuller Road to his property."

151. Plaintiff asserts the extreme focus of Defendants creating recreational opportunities for cross country skiing, even if it requires claiming a resident's address has changed from "NR-144" to "FU-111" is indicative of the maliciously misplaced "priorities" of a handful of Town of Underhill Officials,

Complaint for Violation of Civil Rights (Non-Prisoner)

1    many of whom were also either furthering their own and fellow Jericho

2    Underhill Land Trust (JULT) affiliates personal interests, or were overly

3    influenced by an ability to personally profit from the sale of their private

4    property to JULT and the Town of Underhill.

5    152. Plaintiff asserts the barely tenable "compromise" which was *promised in*

6    *writing* to Plaintiff in 2005 by Defendant Stan Hamlet was a *substantial*

7    reduction from the prior promises Stan Hamlet had *officially made* to Plaintiff

8    in the Selectboard meeting Plaintiff had attended *prior to* purchasing NR-144.

9    153. Plaintiff asserts Town of Underhill's written promise to move boulders

10   placed in the way of Plaintiff's right of way was first broken on November 13,

11   2019.

12   154. Plaintiff asserts the longstanding pattern and practice of efforts by the Town

13   of Underhill to undermine landowner property rights, in combination with

14   multiple town officials and other recreationalists believing they are *entitled* to

15   personally enjoy outdoor recreational opportunities from the above-mentioned

16   large blocks of forest land regardless of who owns the land, has ironically

17   been the central factor forcing Plaintiff's previously proposed 9-lot

18   subdivision.

Complaint for Violation of Civil Rights (Non-Prisoner)

155. Plaintiff asserts paragraph 194 on page 59 documents the duplicitous and conniving nature of Defendant Stan Hamlet, since he had been central to the initial promises made to Plaintiff *prior to* the purchase of NR-144.

156. Plaintiff has both accessed and previously plowed all the way from the Underhill Town Garage to Irish Settlement Road.

157. Plaintiff asserts the marketing of the "Trails Handbook" intentionally creates a false assurance that the Town of Underhill would follow the Best Management Practices, but Plaintiff is unaware of any instances in which Defendants have actually followed the Best Management Practices outlined in the Underhill Trails Handbook.

158. Plaintiff asserts since the 2010 New Road Reclassification, National Geographic Maps were updated to depict a significant portion of Plaintiff's former road frontage as a recreational trail which has resulted in increased problems for nearby private property owners without *any* meaningful effort by the Town of Underhill to mitigate.

159. Plaintiff has experienced repeated problems caused by specific individuals and public recreational use of New Road over many years due in a large part to the Town of Underhill's marketing of the recreational use of the "Crane Brook District" / "Crane Brook Area" / "Crane Brook Trail."

Complaint for Violation of Civil Rights (Non-Prisoner)

160. Plaintiff asserts the Town of Underhill continues to willfully refuse to mitigate problems caused by advertisement of the "Crane Brook Area" in complete disregard for the Best Management Practices outlined in the Underhill Trails Handbook.

161. Plaintiff asserts the degree and frequency of problems Plaintiff has experienced is dramatically higher than similarly situated private properties on other Class III or Class IV roads (or properly managed trails) due to the outright refusal of the Town of Underhill to help mitigate the increased number of issues with: the public nuisance of having vehicles parked on Plaintiff's property or in the way of Plaintiff's property access, the public nuisance of litter and illegal dumping, criminal trespass, crimes of vandalism, the theft of thousands of dollars of Plaintiff's personal property, and Plaintiff has even been shot at once while on his private property.

162. Plaintiff asserts Selectboard Minutes in spring of 2010 document the extreme abuses of municipal "discretion" since Defendants Steve Walkerman, Dan Steinbauer, and Steve Owen spending a highway surplus on the Pleasant Valley Road Reconstruction of approximately $108,000, consideration of obtaining a FEMA grant to replace a culvert on a *private* road for approximately $92,000, *and* preparation for the April 24 public hearing to reclassify a segment of New Road in complete disregard for the private

Complaint for Violation of Civil Rights (Non-Prisoner)

1    property rights expressed by Plaintiff, Michael and Tammy Linde, and

2    Jonathon and Lisa Fuller.

3    163. Plaintiff believes there is no way to accurately summarize the amount of

4    emotional duress protracted litigation over access to one's home and land can

5    take on a person, or the loss of privacy at one's home, but Plaintiff having to

6    bear witness to Defendants spending legal funds entertaining the precedent

7    setting idea Underhill helping to obtain replacement of a *private* road culvert

8    while simultaneously pursuing "any way" of Taking as much of Plaintiff's

9    land (and corresponding lifestyle and sense of life's purpose) in ways which

10    were once inconceivable all for *mere recreation* (and their own personal profit)

11    would be unbearable for anyone that found themselves in a similar situation.

12    164. Plaintiff asserts the video recording of the April 24, 2010 New Road

13    Reclassification hearing, the entirety of written submissions are incorporated

14    by reference, and all video recordings of Defendants violating Plaintiff's

15    constitutional rights while acting under color of law proves with a

16    preponderance of evidence the willful violation of Plaintiff's Ninth and

17    Fourteenth Amendment rights by Defendants colluding in the predetermined

18    process.

19    165. Plaintiff asserts the 2010 New Road Reclassification purloined the

20    reversionary property rights of an entire 49.5 feet wide public right of way for

Complaint for Violation of Civil Rights (Non-Prisoner)

1   recreation and Defendants have had over 11 years to work on how the "trail"

2   will be managed without having taken any meaningful steps to mitigate the

3   problems caused by public use and abuse of Plaintiff's former road frontage

4   and ineffectual management which both willfully ignores, and at times even

5   creates, problems for private property owners and the environment.

6   166. Plaintiff asserts Defendants Steve Walkerman, Dan Steinbauer, Steve Owen

7   and Brad Holden colluded to violate Plaintiff's procedural due process rights

8   and the public and private usability of the TH26 corridor for all reasonable

9   interest groups could have been maintained for a very minimal financial

10   municipal investment.

11   167. Plaintiff has knowledge and belief the primary motivation behind the

12   Pleasant Valley Road Project mentioned was Defendants' efforts to allow

13   Defendant Dick Albertini to substantially profit from the sale of his property

14   for a Town gravel pit, after the Town gave him a special deal and even did the

15   prospecting for him at the Town's expense instead of initiating a Request For

16   Proposals process.

17   168. Plaintiff asserts Defendants Clifford Peterson and Rick Heh decision to rely

18   purely upon a claim of unfettered municipal discretion by taking on appeal of

19   the Vermont Superior Court ruling in favor of Plaintiff, and subsequent request

20   for reconsideration and the appeal to the Vermont Supreme Court, occurred

Complaint for Violation of Civil Rights (Non-Prisoner)

1    concurrent with approval to spend an estimated $134,000 to pave up to a point

2    near the southerly terminus of TH26 is indicative of how much effort the Town

3    of Underhill and named Defendants have exerted to eliminate reasonable

4    access to a property which is literally a short walk to the town highway

5    department, which has exceptionally maintained access approximately half a

6    mile from Pleasant Valley Road, which is a paved road to the south relative to

7    taking a northerly route which necessitates driving 15-20 minutes out of the

8    way *and* substantial personal time and expense to maintain since the Town of

9    Underhill still refuses to provide ***any*** maintenance to Plaintiff's limited

10   remaining *public* road frontage.

11   169. In the 5/18/2018 Selectboard meeting, Defendant Pat Sabalis willfully

12   misrepresented Plaintiff's protected speech as "statements berating people and

13   organizations. It's just something I wanted to put on the record because it's

14   upsetting."

15   170. Plaintiff responded to this mischaracterization of the record on May 25, 2018

16   stating, in part:

17   To clarify, Webster's definition of berate is "to scold or condemn
18   vehemently and at length." This is fundamentally different than asking
19   poignant questions that deserve answers before a Selectboard tends to
20   dutifully move forward on whatever UCC members propose.

Complaint for Violation of Civil Rights (Non-Prisoner)

171. Plaintiff asserts the Town of Underhill has willfully and wantonly continued to refuse to provide **any** maintenance to any portion of plaintiff's limited remaining Class IV Road frontage up to the date of the filing of the present case before this court, despite spending significant sums of tax payer money on litigation against Plaintiff and other residents of Underhill.

**172.** Plaintiff asserts in June of 2019, Rick Heh to created a matrix of Class IV road characteristics in attempts to rationalize past and potential future Town of Underhill maintenance of Class IV roads and factual errors in this matrix are *willfully* prejudicial to Plaintiff since Plaintiff publicly made note of specific errors which have persisted over time.

173. Plaintiff asserts a Planning Commission meeting in May of 2019, led by Defendant Jonathan Drew Minutes with Defendant Carolyn Gregson also in attendance and Sandy Wilmot writing the meeting minutes willfully prevented Plaintiff's protected speech and obstructed Plaintiff's efforts to contribute to local governmental planning and decision-making; meeting "minutes" merely state "Overall discussion included" with bullet points of some of the topics discussed.

174. Plaintiff asserts the above mentioned Planning Commission meeting is an example of Plaintiff's protected speech being censored since it makes no mention of Plaintiff bringing up the outright refusal of the Town of Underhill

Complaint for Violation of Civil Rights (Non-Prisoner)

to follow the Best Management Practices outlined in the Underhill Trails Handbook, which Plaintiff had taken part of in efforts to ameliorate some of the problems recreationalists in Underhill had been causing for landowners, and that the Trails Handbook should not be promoted if it is not actually being followed because the Town should not promising things it is unwilling to uphold.

175. Plaintiff asserts in this above-mentioned meeting Plaintiff takes issue with the town deceiving landowners which are forced into taking the brunt of having to pick up litter on a public trail without any assistance from the Town of Underhill.

176. Plaintiff also pointed out parking issues, the lack of the town educating trail users to not leave the trail to go onto private property without permission, and a number of other concerns, which proper planning could help mitigate, but all points brought up by Plaintiff in the meeting were censored to the point that the recorded minutes and the public at large would not be aware of the substance behind the vast majority of the points Plaintiff raised, but most importantly none of Plaintiff's recommendations or assertions were incorporated into the 2020 Town Plan (or genuinely even considered by Town Officials) as is typical of what one Selectboard member referred to as "The Underhill Way."

Complaint for Violation of Civil Rights (Non-Prisoner)

177. In June of 2019, to add emphasis to the futility of residents attempting to have a say in their own local government, the Planning Commission Chair Jonathan Drew wrote an email to Plaintiff in response to a post made on www.FrontPorchForum.com.), stating, "Your incessant whining and profound ignorance is of little importance and interest. If you don't like it here leave."

178. Plaintiff asserts documentation Defendant Jonathan Drew's hostile email, which Plaintiff submitted in the public comment period of a Selectboard meeting in July of 2019, is not actually attached to the Selectboard meeting minutes posted on the Town Website to censor Plaintiff's protected speech to the point it is literally impossible to know if content of the email from Jonathan Drew is positive or negative.

179. Plaintiff asserts Selectboard meeting minutes in July of 2019 also censor Plaintiff and other members of the public which were pointing out other instances of the Town of Underhill's willful and wanton breach of prior promises, such as those made to neighbors of the old town garage on Beartown road (which were previously documented in earlier public meeting minutes).

180. Plaintiff asserts Town Officials willfully continue to use Front Porch Forum as the *primary* and in many situations *only venue* for members of the public to be aware of official municipality agendas and activities

Complaint for Violation of Civil Rights (Non-Prisoner)

181. Plaintiff reminded Defendants Karen McKnight, Nancy McRae, and Daphne Tanis in a June of 2020 Underhill Conservation Commission meeting that agenda should be posted to Underhill Town website in addition to FPF could post to FPF before the weekend (but not the official Town of Underhill website).

182. Plaintiff asserts Town Officials have a longstanding pattern and practice of willfully and wantonly ignoring the failed culvert which Plaintiff has made every conceivable effort to find solutions to remedy which could work for all *reasonable* interested parties prior to the filing of the Notice of Insufficiency in 2009; instead, Town Officials spend time on ineffectual small projects that have little genuine benefit to the Town of Underhill residents.

183. Plaintiff asserts Selectboard members *willfully* and *obstinately* refused to the minutes so as to avoid giving "a true indication of the business of the meeting," and the exclusion of Plaintiff's protected speech was predicated upon a desire to prevent factually and politically important details of the September 21, 2020 Selectboard meeting minutes from being publicly readily available.

184. Plaintiff asserts countless materially adverse actions by Town Officials are intended to dissuade landowners and other residents that may disagree with a town official from speaking out against problems within Underhill's

Complaint for Violation of Civil Rights (Non-Prisoner)

1   governance; this tradition prevents residents from contacting the Town about

2   an issue lest they too be ostracized as "Others" (which will subject a resident

3   to increased scrutiny by Town Officials or worse); those residents brave

4   enough to speak out in spite of almost certain retaliation by officials are likely

5   to have their constructive criticism ignored so there is a very reasonable

6   question of "Why bother?" since nothing is likely to change even when

7   "others" demand the town function for the public good.

8   185. Plaintiff asserts defendant Town of Underhill has continued to refuse the

9   Conflict of Interest allegations submitted against Dan Steinbauer to be

10   available for the public to review on the Town website; Conflict of Interest

11   allegations which Jim Beebe Woodard, who at the time was the Town

12   Administrator, submitted against Selectboard Member Peter Duval were

13   readily viewable on the Town of Underhill website and Front Porch Forum did

14   not censor substantial negative comments directed personally at Selectboard

15   member Peter Duval.

16   186. Plaintiff asserts Selectboard meeting recordings from the Fall and Winter of

17   2020 demonstrate what has been publicly referred to by a town official as the

18   "Underhill Way," with examples of multiple procedural due process violations,

19   willful censorship of Plaintiff's protected speech, and violation of Plaintiff's

20   Ninth Amendment rights since it is not constitutionally acceptable for a single

Complaint for Violation of Civil Rights (Non-Prisoner)

1   person to wield the power of the town against landowners as Dan Steinbauer

2   does.

3   187. Plaintiff believes Defendants Dan Steinbauer, Bob Stone, and Brad Holden

4   decided to have a Selectboard meeting at 830 am in December 2020 as a way

5   to minimize public involvement in the budgetary process and avoid public

6   oversight of issues within Underhill's governance; Defendants were

7   demonstrably bothered that David Demarest and Natalie Coughlin were able

8   to attend and the recording of this December 2020 Selectboard meeting

9   documents Defendants violation of Plaintiff's First, Ninth, and Fourteenth

10   amendment rights.

11   188. Despite Plaintiff's reasonable expectation of privacy being Taken by the start

12   of a recreational trail destination being located bottom of his primary

13   driveway, the Recreation Committee "didn't think it was right to have parking

14   so close to Marcy's house and thought it would be better if it was to the right

15   of the entrance to the town garage for convenience to the trails."

16   189. Plaintiff asserts Town of Underhill's budget is heavily controlled by a

17   handful of heavily biased and self-dealing individuals willing to spend money

18   in certain areas of the budget, while also the retaliatorily rescinding money

19   from other budget items previously intended for purposes which could have

Complaint for Violation of Civil Rights (Non-Prisoner)

1    benefited Plaintiff (or at least mitigated the damages of public use and abuse

2    of Plaintiff's former road frontage).

3    190. Plaintiff also asserts the start of a litigation between Plaintiff and co-litigants

4    against the Town of Underhill began in the Selectboard's choice to use lawyers

5    instead of potentially spending a mere $1,600 on road maintenance which

6    could have allowed all *reasonable* interest groups to coexist instead of Taking

7    Plaintiff's property without just compensation.

8    **Substantiation of Claims Specific to Seventh and Eight Causes of Action**

9    191. Plaintiff asserts, in presumable collusion among the Selectboard (SB),

10    Underhill Recreation Committee (URC), Planning Commission (PC) and

11    Underhill Conservation Commission (UCC) minutes, Defendants have been

12    consistently and grievously censored and misrepresented Plaintiff's protected

13    speech in public meetings.

14    192. Plaintiff asserts Defendants' have a pattern and practice going to great efforts

15    to subvert landowner rights and the ability of impacted landowners to have a

16    say in their own town's governance; this same type of behavior repeated itself

17    in 2020 and included efforts to silence Plaintiff's attempts to have a say in the

18    Town's budget discussion in a *morning* meeting which Plaintiff asserts was an

19    effort by Defendants to avoid public involvement in budget decisions.

Complaint for Violation of Civil Rights (Non-Prisoner)

193. Plaintiff asserts the Town of Underhill has deleted *significant* portions of Trails Committee Meeting Minutes in which Plaintiff participated; Plaintiff was even involved the drafting of The Underhill Trails Handbook, which Defendants refuse to follow.

194. Plaintiff asserts an example of Plaintiff's protected speech occurred in correspondence around 2005, which further motivated Defendant's retaliation for Plaintiff's purchase of private property Defendants had wanted donated to the Town of Underhill, Plaintiff stated:

Dear members of the Underhill Selectboard and fellow residents,

I am writing to express a number of concerns about the Selectboard's decision to place boulders on New Road to eliminate all motor vehicle activity on New Rd/The Crane Brook Trail between December 1 and May 1.

My primary concern, since my land is accessed by this long-standing road (by too many names: Dump Rd, New Rd, Fuller Rd, Crane Brook Trail) is that this will reduce my current ability to access my land. In addition, I believe the town may be not fully adhering to the law in blocking that section of road since it has already been legally established that a gate could not be placed there, which is the assumed reason for using the boulders/ however, the legal definition of a "gate" includes anything used to block passage (including boulders).

In the meeting I attended in December to present these concerns and learn more about the decision making process, a number of additional problems became clear. Most importantly, the Chair of the Selectboard, Stan Hamlet had clearly made up his mind on what he wanted, and admitted that his wife strongly wanted to block the road, but pushed the decision through instead of professionally admitting to a conflict of interest stating his opinion and reasons for it, and then allow allowing his fellow Selectboard members to make the decision…

Complaint for Violation of Civil Rights (Non-Prisoner)

195. Plaintiff asserts Defendants refused to honor a petition submitted with the support of 60 residents in 2002 opposing the Underhill Trails Ordinance which stated, in part: We the legal voters of the Town of Underhill would like to petition the Selectboard of the Town of Underhill to reconsider their efforts and/or attempts to close down or stop thru traffic to any and or all motorized vehicles at any time of the year on the New Road (AKA the old Dump Road) It would be more beneficial for all taxpayers and the surrounding landowners of New Road for the road to be repaired and maintained for all residents to utilize instead of an elite few...

196. Plaintiff asserts in April of 2013 Plaintiff's attorney, Chris Roy with Downs Rachlin Martin, expressed to John O'Donnel, attorney for Defendant Town of Underhill:

I have had a more detailed discussion with my clients.

They are willing to stipulate to a remand and sign-off on a revised application by the trails committee if it includes the following:

1. Physical impediments constructed as part of the trail development which prevent use of side trails that extend onto adjoining private property.

2. Clear, obvious, periodic signage along the east side TH26 starting just north of the town garage to the Fuller property notifying users of TH26 that adjoining lands are private property and that there should be no trespassing. It is worth noting that people also cross the town property and other parcels on the west side of TH26 in the area of the beaver pond (e.g., in the winter), come to TH26, and then cross over onto the private property on the east side of TH26. This will only increase as the town encourages residents to use recreational trails in the area.

3. Development of the town trails will presumably create more need for parking as more people make use of the trails. In order to avoid "informal"

Complaint for Violation of Civil Rights (Non-Prisoner)

parking on TH26 which would create the same issues as "formal" parking in that location, some provision should be made for parking. Available land for parking that is already available to the town, would avoid the issue of blocking TH26, and would meet my clients' needs include the trailhead up on Irish Settlement Road, and town property just to the south of the town garage on New Road/TH26. Making parking available there, coupled with no parking signs on TH26 just to the north of the town garage, would seem to address both the town's needs and my clients' concerns.

I would anticipate that my clients would work with the town and its trails committee in developing the revised application. To the extent the DRB departs from any of the elements of the application forming the basis of my clients' agreement, however, they would reserve the right to appeal.

If the town and its trails committee is amenable to the above, let me know and I will inform the court that a settlement has been reached involving a remand, and will prepare a stipulated motion for remand for review. Thanks.

197. Plaintiff asserts later the same day Defendant Town of Underhill's Correspondence to Vermont Superior Court Docket No 160-10-11Vtec stated: The Town of Underhill and its Trail's Committee has formally withdrawn its application to construct trails and related crossings/signage on property owned by the Town of Underhill at 77 New Road, Underhill Vermont. Consequently, a hearing on this appeal will no longer be necessary.

198. Relevant allegations Plaintiff asserts based upon paragraphs 196 and 197

None of the three proposed stipulations, which were based upon Plaintiff's experience of living near (or perhaps in?) Defendant's *ipse dixit* "Crane Brook Conservation District," were overly onerous or unreasonable.

199. Instead of considering reasonable stipulations, Defendants withdrew their application, publicly blamed Plaintiff, and as of the past year are currently moving forward without proper permitting and the ensuant procedural

Complaint for Violation of Civil Rights (Non-Prisoner)

1    protections, such as constructive notice, which the Development Review

2    Process is intended to provide to nearby landowners and other interested

3    persons.

4    200. Selectboard minutes dated October, 24, 2013 defame Plaintiff's character by

5    describing Plaintiff and former co-litigants as "*the litigious nature of the*

6    *appellants*" while willfully ignoring the factual history of Plaintiff's

7    involvement in the Trails Committee prior to the Town of Underhill seeking

8    legal advice on how to *rescind* Plaintiff's access.

9    201. Despite the recent discussions among Defendants on the Underhill

10    Conservation Commission members mischaracterizing the beaver activity

11    along the former TH26 as something new or somehow different from natural

12    seasonal variations in beaver activity and pernicious impacts of Underhill's

13    obstinate refusal to maintain the central segment of TH26, there is *only a*

14    *single substantial difference* between the conditions Plaintiff attempted to have

15    resolved in the September 14, 2020 Underhill Conservation Commission

16    meeting and the May 10, 2021 meeting: As of this past February, the Vermont

17    courts have allowed the Town of Underhill to achieve the avowed and clearly

18    malicious goal of officially *rescinding* Plaintiff's previously promised

19    otherwise self-executing southerly access to his domicile and surrounding

20    *private* property.

Complaint for Violation of Civil Rights (Non-Prisoner)

202. Plaintiff asserts it took an *extreme* level of persistence by Plaintiff to convince Defendants to approve a revised version of the censored elements of the 9/14/2020 meeting minutes *nine months later* and the impact of this willful censorship persists since very few members of the public dig through meeting minutes that old and the potential to apply for the grant Plaintiff mentioned now requires waiting for the next grant-writing cycle.

203. As of August 2, 2021, the revised 9/14/2020 Underhill Conservation Commission minutes state "that could cover the partial cost (80% matching grant) of the ~$8,000 baffler" even though as emphasized by Plaintiff, it would be a 20% matching grant, and 80% of the cost could be covered by the grant.

204. The recording of the June 14, 2021 Underhill Conservation Commission meeting demonstrates Town Officials are willfully ignoring the fact public meetings minutes *are purely to document what has occurred in or been submitted to the meeting* and meeting minutes do not permit censorship, revisionist history, or the exercise of *creative* license.

205. Plaintiff has a substantiated belief the "gaps" in public records are *willful* and *pernicious* since landowners are denied constructive notice or warning as to what a small handful of JULT members intend to take for themselves.

206. Plaintiff asserts Defendant Town of Underhill and town officials presently sued in their individual capacity have a pattern and practice of actively

Complaint for Violation of Civil Rights (Non-Prisoner)

thwarting the individual rights to have a say in local government and ensured public opposition to what JULT members want would ineffectual; such as the "Underhill Conservation Commission" diverting landowners to the "Underhill Trails Committee" which made a "Trails Handbook" which has not been followed for the past 12 years, but does effectively create a knowingly false-promise in Defendants interest to convince naïve landowners to allow further development of trails despite absolutely no legal obligation to provide any maintenance on a trail.

207. Plaintiff asserts Town officials have violated Plaintiff's First amendment right by preventing him and other members of the public from speaking *at least once* about a topic being discussed or debated or taken other official actions to entirely censor Plaintiff or the accurate content of Plaintiff's protected speech in public meetings; the most brazen instances of violation of the First amendment rights Plaintiff and other residents have been committed by Defendants Stan Hamlet, Daniel Steinbauer, Bob Stone, Clifford Peterson, Karen McKnight, and Nancy McRae.

208. Plaintiff asserts the *entire* impetus for a Charter Change is Selectboard member Peter Duval; in contrast, *far* more grievous allegations against Defendant Daniel Steinbauer incorporated in Plaintiff's Petition on Public

Complaint for Violation of Civil Rights (Non-Prisoner)

1  Accountability was circumvented despite being properly filed with the support

2  of over 5% of Underhill's voters on November 30, 2020.

3  **Substantiation of Claims Specific to Front Porch Forum**

4  209. The nexus of defendant Front Porch Forum acting as state actor and therefor

5  subject to liability under §1983 is shown by the high number of municipalities

6  throughout Vermont, including the Town of Underhill, which use Front Porch

7  Forum *as the primary platform, if not sole method, of interacting with the*

8  *public* and substantial public funding FPF receives as a "Public Benefit

9  Corporation."

10  210. Paragraph 180 on page 54 is a perfect example of Town Officials willfully

11  refusing to separate Front Porch Forum from serving as *THE* source for

12  official communications from town officials acting under color of law: The

13  Underhill Conservation Commission was reminded that agendas should be

14  posted to the Town of Underhill website instead of only Front Porch Forum

15  only to have Front Porch Forum used in the same meeting as *THE* source of

16  official public communications about the Conservation Commission's plant

17  sale..

18  211. Allegation 209 is also substantiated by the failure to post the *officially*

19  *recognized and funded* Green Up Day to the Town of Underhill Calendar on

Complaint for Violation of Civil Rights (Non-Prisoner)

1      the Official Town Website (which Front Porch Forum posts by Defendant

2      Karen McKnight informed the public would be held on May 1, 2021, and then

3      a subsequent Front Porch Forum post by Karen McKnight notified the public

4      Green Up Day was extended to May 3, 2021).

5   212. Plaintiff has knowledge and belief the Facebook group "Underhill

6      Residents" was previously administered by a Town Official which censored

7      protected speech in violation of the First Amendment; discovery is necessary

8      to determine what individuals involved in Front Porch Forum's censorship of

9      Plaintiff's protected speech were either Town of Underhill Officials or

10     colluding with Town of Underhill Officials to violate Plaintiff's rights.

11  213. Front Porch Forum has censored Plaintiff multiple times and has a pattern

12     and practice of censoring protected speech of other citizens, the most proactive

13     of which was simply ensuring Plaintiff could not be involved in the public

14     debate of the proposed discontinuance of Butler Road, Front Porch Forum's

15     "Member Support" responded to Plaintiff's request not to be blocked on

16     3/17/2021 at 2:54 PM:

17     Hi David – When an FPF member has trouble maintaining civility with other
18     members or staff, or posts excessively to the point of driving away other
19     participants, monthly posting limits come into play. FPF's mission is to help
20     neighbors connect and build community, and we work to maintain open and
21     civil forums where people will feel welcome and encouraged to participate.

Complaint for Violation of Civil Rights (Non-Prisoner)

1
2      Sometimes that requires asking more frequent and aggressive participants to take a break.

3      Member Support

4      FrontPorchForum.com - Essential civic infrastructure in Vermont

5      --------

6      **Name:** David Demarest

7      **Email:** david@vermontmushrooms.com

8      **Subject:** Unable to post to FPF

9
10
11     **Comments:** I have only made a single post to FPF the past month, it is not appropriate to censor me on political and legal topics directly affecting me and my neighbors. Please remove the block on my account.

12     214. Front Porch Forum's email concedes FPF is "*Essential* civic infrastructure in

13     Vermont" and discovery during other causes of action will allow the FPF

14     cause of action to form a convenient trial unit with other causes of action.

15     215. For the purpose of context, Plaintiff's one and only post the preceding

16     month, which was able to slip through the cracks of FPF censorship efforts:

17     Re: Butler Road Petition Found Invalid

18     Underhill – No. 3901 • David Demarest • New Road, Underhill
19     Posted to: Underhill
20     Mar 13, 2021

21     I wish I could say I was surprised that the Town of Underhill Selectboard
22     would treat a landowner the way they have chosen to treat your family and
23     all the voters that signed your petition (or the Petition on Public
24     Accountability which should have been allowed to add articles to the Town
25     Meeting Day warning...).

26     As David Brin observes, "It is said that power corrupts, but actually it's more
27     true that power attracts the corruptible. The sane are usually attracted by
28     other things than power..." I wish you and your family the best of luck and

Complaint for Violation of Civil Rights (Non-Prisoner)

hope someday our town's governance can have the majority of our
selectboard members actually respect the rights of our town's residents, and
especially the constitutional rights of landowners whose personal property
certain recreationalists covet and want to enjoy for free...

216. Plaintiff did manage to share the content of the most recent protected speech

he was blocked from sharing on FPF in the non-governmental "Underhill

Residents" Facebook Group (which as mentioned in paragraph 212 previously

was run by a Town Official engaged in censorship on behalf of the Town of

Underhill) which stated in part:

all current Selectboard members AND Selectboard members of the past 12
years are FULLY aware that the Selectboard has the legal authority to use
"discretion" to discontinue any and every single segment of Class IV road in
our town (or turn it into a trail against landowner wishes..) WITHOUT a
petition. I have knowledge and belief that the Cambridge Selectboard would
gladly go along with the wishes of the landowners to discontinue the middle
segment of Butler Road so our current Selectboard is merely going out of
their way to make things difficult for landowners in our town...

217. Discovery is necessary to determine which individuals are involved behind

the scenes to censor Plaintiff's protected speech of FPF are currently Town

Officials, or other named Defendants acting under color of law.

218. Discovery is necessary to determine how many FPF moderators are

simultaneously town officials or employees acting on behalf of a municipality.

219. Plaintiff has knowledge and belief of other citizens being censored or

blocked from FPF and it may be judicially appropriate to add other interested

parties to the cause of action against FPF.

Complaint for Violation of Civil Rights (Non-Prisoner)

220. The Town of Underhill regularly prefers to use Front Porch Forum, or a combination of Front Porch Forum and one or two non-official Underhill Facebook groups, to post meeting agendas and conduct surveys which may later have official Town-recognized significance, and in general to conduct official town business for impermissible reasons.

**Substantiation of Claims Specific to Jericho Underhill Land Trust**

221. Plaintiff asserts Defendants named in paragraphs 12, 15, 18, 19, 20, 22, 25, 28, 29, 32, 35, 36, 40, and 41 are known to be both JULT affiliates *and* Town Officials acting under color of law.

222. Plaintiff asserts multiple Defendants have quoted or otherwise made reference to a document purported to have established the "Crane Brook Conservation District" in the 1990s; however, none of the town officials present were able to provide Plaintiff with a copy of the document and Plaintiff believes this document documents the impermissible collusion between JULT members to violate the First, Fifth, Ninth, and Fourteenth amendment rights of local landowners for their own personal benefit.

223. Plaintiff asserts Defendants named in this complaint are *not* an exhaustive list of how JULT is able to use its special connection with the Town of Underhill's official governmental authority or JULT affiliates which also wear

Complaint for Violation of Civil Rights (Non-Prisoner)

the hat of Town Officials; proper discovery is important due to the inherent complexity of a case involving over 20 years of collusion between town officials, which has included the tampering with and destruction of official town records.

224. The Town of Underhill and Jericho Underhill Land Trust act together to preferentially purchase certain properties at a premium price from Town Officials or others among the "in crowd" primarily for recreation as opposed to genuine conservation (specifically the purchase of Casey's Hill and Tomasi Meadow properties by JULT and subsequent transfer to the Town of Underhill).

225. Plaintiff asserts JULT members made concerted efforts to purchase Defendant Dick Albertini's property for a gravel pit at a premium price demonstrating the degree in which personal ulterior motives control Underhill's governance in ways in which many of Underhill's Town Officials are rarely, if ever, reaching impartial decisions and JULT members consistently look out for the interests of other Town Officials and fellow JULT members.

226. The Jericho Underhill Land Trust and its affiliates, actively manipulate the public's interest in "conservation" and "preservation" to further an ancillary goal which is the goal of developing public recreational opportunities for *their*

Complaint for Violation of Civil Rights (Non-Prisoner)

1    membership in ways that *have extraordinarily little, if anything, to do with*

2    *genuine environmental conservation and preservation.*

3    227. JULT's seemingly benign development of public recreational opportunities

4    through public funding (including the Town of Underhill) and their

5    membership has functioned as a thinly veiled way to increase personal

6    property values and economic returns from the subdivision and development

7    of JULT affiliate properties the optimal distance from recreational

8    opportunities being developed at the expense of other nearby landowners,

9    without compensation.

10    228. Livy Strong currently Chairs both JULT *and* the Jericho Underhill Park

11    District; JULT recognizes the strong nexus between JULT and official

12    governmental action throughout their website, including stating, "The Jericho

13    Underhill Land Trust is best known for its establishment of the Mills Riverside

14    Park in 1999…The Mills Riverside Park is owned and managed by the Jericho

15    Underhill Park District."

16    229. The nexus of Defendant Jericho Underhill Land Trust actions under the

17    municipal authority of the Town of Underhill enables JULT to violate

18    Plaintiff's rights while in parallel finding public and private sources of funding

19    to purchase properties owned by Town Officials or fellow JULT members to

20    achieve a disproportionate benefit for JULT affiliates (which includes multiple

Complaint for Violation of Civil Rights (Non-Prisoner)

1    examples of a straightforward subdivision and development process for JULT

2    member's real estate relative to other similarly situated real estate) at the cost

3    of Plaintiff and other landowners.

4    230. The purchase of Casey's Hill, the effortless *preliminary* subdivision process

5    of Defendant Dick Albertini's property and a similarly effortless *preliminary*

6    subdivision process for Defendant Marcy Gibson provide substantiation for

7    allegations in paragraph 223 when compared to the Town of Underhill's

8    treatment of Plaintiff's property.

9    231. JULT Members outright lied during the 2010 New Road Reclassification and

10   as outlined above fellow JULT affiliates had a majority roll in the outcome of

11   the 2010 New Road reclassification enabling JULT to act in collusion to exert

12   disproportionate influence in the future taking of Plaintiff's property.

13   232. Another example of the disproportionate influence of JULT members

14   occurred on April 29th, 2014 when JULT's interests completely outweighed

15   the voices of Nancy Shera, Jeff Moulton, Carol Butler, Jeff Sprout and Kane

16   Smart (Downs Rachlin Martin, attorney for David Demarest and Jeff

17   Moulton).

18   233. Dick Albertini and Marcy Gibson's furtherance of their own personal self-

19   interests was only possible due to collusion with fellow JULT members with a

20   shared desire to take Plaintiff's property and property access rights; this is

Complaint for Violation of Civil Rights (Non-Prisoner)

1    even more egregious because Plaintiff built his domicile on New Road *before*

2    Marcy Gibson purchased her property and the disproportionate personal profit

3    for members enjoying a streamlined subdivision and development process is

4    not a permissible goal for a 501(c)3 Land Trust.

5    234. Marcy Gibson's special relationship with the Town of Underhill as a JULT

6    member and former Town Official also allowed her to avoid the problems of

7    having access to a trail begin at the bottom of her driveway (or the recreational

8    destination which is advertised as the "Crane Brook Area") *even though the*

9    *property opposite her driveway is publicly owned by the Town of Underhill*

10   and despite Marcy Gibson officially seeking Plaintiff be forced into exactly

11   that situation by the 2010 New Road Reclassification.

12   235. Town Officials with a special relationship with JULT, and JULT members

13   actively serving as Town Officials, were heavily involved in both the fictional

14   2001 reclassification and Town of Underhill acquiring Casey's Hill in the early

15   2000's under very questionable circumstances and motivations.

16   236. It is vitally essential that Plaintiff be afforded the opportunity to conduct

17   appropriate discovery into the *entire* circumstances surrounding *municipal*

18   *decision making* and the eventual purchases of Casey's Hill at a substantial

19   profit for Town Officials, instead of other available properties, and the

20   concurrent Town of Underhill efforts to devalue NR-144 and other properties

Complaint for Violation of Civil Rights (Non-Prisoner)

1    which had their parcel code abbreviation changed to "FU" as demonstrated by

2    Table 1 on page 25.

3    237. JULT decided to have the Town of Underhill acquire Tomasi Meadow;

4    without *any* functional voter input on *the best focus of public conservation*

5    *efforts,* as opposed to the binary choice of *conserve what JULT has chosen for*

6    *the Town of Underhill or nothing at all,* despite other properties available for

7    sale at the time with more acreage per dollar *and* naturally functioning

8    ecosystems far more suitable for conservation.

9    **Substantiation of Claims Specific to Petition Clause of First Amendment**

10   238. Defendant Daniel Steinbauer willfully refused to remove himself from a lead

11   role involving circumventing Plaintiff's Petition on Public Accountability, and

12   the subsequent circumventing of the ability for Plaintiff and over 5% of

13   Underhill's voters to have three *non-binding* articles properly warned and

14   subsequently placed on the 2021 Town Meeting Day ballot is a recent overt

15   example of the impacts of not resolving Conflict of Interest allegations against

16   a Town Official.

17   239. Defendant Daniel Steinbauer was also central to circumventing the 2010

18   Petition on Fairness in Road Maintenance of Public and Private Roads, which

Complaint for Violation of Civil Rights (Non-Prisoner)

1    was submitted in accordance with state law and could have prevented over a

2    decade of state litigation and many of the present causes of action.

3    240. Defendants Steve Walkerman, Dan Steinbauer, and Steve Owens

4    unanimously refused to abide by the demands of the 2010 Petition on Fairness

5    in Town Road Maintenance.

6    241. Defendants Dan Steinbauer, Bob Stone, and Peter Duval unanimously

7    refused to abide by the demands of the 2020 Petition on Public Accountability.

8    242. Plaintiff has a preponderance of documentation, knowledge, and belief that a

9    clique of Town Officials will readily follow input from a small fraction of

10   Underhill's residents (even if it incurs additional legal expenses to seek legal

11   advice on how best to go against the findings of a State of Vermont Speed

12   Study, or results in litigation with residents...) while obstinately refusing to act

13   on petitions submitted by Plaintiff or other residents (such as Lisa Fuller in

14   2002, or Natalie Caughlin in 2020) which had *substantial* voter support.

15   243. Plaintiff asserts there are literally hundreds of pages of public records

16   *excerpts* over a span of the past 20 years which can document materially

17   adverse actions by Town Officials which have been intended to dissuade

18   landowners and other residents that may disagree with a town official from

19   speaking out against problems within Underhill's governance, which in the

Complaint for Violation of Civil Rights (Non-Prisoner)

1    most extreme circumstances prevents residents from contacting the Town

2    about both minor and major issues lest they too be ostracized as "Others."

3    244. Plaintiff asserts there is relevance of the word intentional choice "Others" in

4    in various public meeting minutes and the willful decision to heavily censor

5    "others present" from a functional say in the 2020 Underhill Town Plan is

6    demonstrative of what has referred to as "The Underhill Way."

7    245. Plaintiff asserts Defendants have also used deceptive exaggerations such as

8    "Several members of the Conservation Commission" in attempts to create a

9    perception of legitimacy to wield governmental authority to violate the right to

10   petition for redress of grievances which includes refusing to honor a petition

11   submitted by Lisa Fuller with the support of 60 residents, Plaintiff's 2010

12   Petition in Fairness in Town Road Maintenance of Public and Private Roads

13   which was duly submitted with over 5% of Underhill's registered voters

14   signatures, the Butler's petition duly submitted with over 15% of Underhill's

15   registered voters signatures, and Plaintiff's most recent 2020 Petition on

16   Public Accountability duly submitted with the support of over 5% of

17   Underhill's registered voters.

Complaint for Violation of Civil Rights (Non-Prisoner)

1    ## FIRST CAUSE OF ACTION

2    ## Violation of the Fourteenth Amendment - Procedural Due Process

3    Plaintiff against Defendants named in ¶12-42 and restating 45
4    under 42 U.S.C. § 1983

5    246. Plaintiff re-alleges and incorporates by reference herein all relevant

6    paragraphs of this Complaint.

7    247. Plaintiff has been denied structural due process, and the procedural due

8    process right of access to *impartial* decision makers to determine municipal

9    road maintenance decisions and road reclassification decisions; both of which

10   have been *willfully* manipulated against Plaintiff to such an *extreme* degree by

11   Defendants to willfully cause the intentional categorical taking of Plaintiff's

12   private property and the vast majority of Plaintiff's property interests.

13   248. As elaborated in paragraphs 68-77 beginning on page 20 and throughout the

14   present claims, a deferential administrative review of a Defendant-fabricated

15   record involving narrowly defined preceding legal matters allowed *willful* and

16   *malicious* intrinsic and extrinsic fraud by Defendants to be unaddressed in

17   prior narrowly defined state court proceedings.

18   ## SECOND CAUSE OF ACTION

19   ## Corresponding Fourteenth Amendment 42 U.S.C. § 1983 Monell Claim

20   Plaintiff against Defendant Town of Underhill for Violation of the Fourteenth
21   Amendment - Procedural Due Process

Complaint for Violation of Civil Rights (Non-Prisoner)

249. Plaintiff re-alleges and incorporates by reference all Town Official actions and inactions under the First Cause of Action as Monell Claim against the Town of Underhill with resultant municipal liability.

250. This complaint only documents a small fraction of the longstanding pattern and practice of the Town of Underhill's willful and perfidious violation of the rights of Plaintiff and other residents.

## **THIRD CAUSE OF ACTION**

**Violation of the Ninth and Fourteenth Amendment - Substantive Due Process**

Plaintiff against Defendants named in ¶12-42 and restating ¶45

251. Plaintiff re-alleges and incorporates by reference herein all relevant paragraphs of this Complaint.

252. Plaintiff has been denied substantive due process by the combination of perfidious municipal breaches of promises and public trust combined with numerous malicious actions and inactions which have risen to such an extreme degree (both in duration and in severity) in violation of Plaintiff's First, Fifth, and Ninth amendments constitutional rights.

253. Defendants' actions and inactions over the past 20 years demonstrates an awareness that Vermont Law *only* allows municipalities to take private property by the process of Eminent Domain under a far more narrowly defined

Complaint for Violation of Civil Rights (Non-Prisoner)

1    set of circumstances which outright precludes recreation as a lawful primary

2    goal of the taking.

3    254. Defendants have *never* made *any* arguments for the reclassification of a

4    segment of TH26 into a Legal Trail which would not rationally have been

5    better achieved by *either* proper maintenance of public infrastructure *or* the

6    discontinuance of a segment of TH26 other than recreation.

7    255. Plaintiff asserts the facts stated in paragraph 253 and 254 when taken

8    together clearly demonstrate Defendants acted contrary to clearly established

9    state laws which has caused repetitive violation of the substantive right of

10   privacy around one's domicile the proximate cause of which is Defendants

11   creation of the "Crane Brook Trail" and subsequent advertising of the area as a

12   recreational destination.

13   256. Plaintiff makes reference to paragraphs _____ to emphasize that Defendants

14   had almost certain knowledge that as a matter of Vermont law the Vermont

15   Constitution constrains the municipal taking of private property to *necessity*,

16   as opposed to *simply creating recreational opportunities for the profit and*

17   *pleasure of a few influential interest groups* at the expense of other local

18   landowners.

19

Complaint for Violation of Civil Rights (Non-Prisoner)

1    257. Defendants The Town of Underhill, Dan Steinbauer, Bob Stone, and Peter

2        Duval refusal to allow the Petition on Public Accountably, which Plaintiff

3        submitted with over 5% of Underhill's registered voters signatures prevented

4        three non-binding advisory articles to the ballot be voted on March 4, 2021.

5    258. Defendants have a longstanding pattern and practice of violating Plaintiff's

6        constitutional right to equal treatment under the law.

7    259. Defendants' *willful* collusion to repeatedly violate both Federal and State

8        laws is also a violation of Plaintiff's substantive rights.

9                           **FOURTH CAUSE OF ACTION**

10   **Corresponding Ninth and Fourteenth Amendment 42 U.S.C. § 1983 Monell**
11                                 **Claim**

12   Plaintiff against Defendant (¶9) Town of Underhill for Violation of the Fourteenth
13   Amendment - Substantive Due Process
14   260. Plaintiff re-alleges and incorporates by reference the actions and inactions of

15       the Third Cause of Action as Monell Claim against the Town of Underhill.

16                            **FIFTH CAUSE OF ACTION**

17        **Violation of the Fifth Amendment – Taking Clause**

18   Plaintiff against Defendants ¶12-42, and recognizing 45, for persistent efforts to
19   take consistently greater amounts of Plaintiff's property and property interests
20   without just compensation under 42 U.S.C. § 1983

21
22   261. This cause of action is most succinctly supported by paragraph 82 on page

23       23 and Table 1 on page 25.

Complaint for Violation of Civil Rights (Non-Prisoner)

1    262. The February 26, 2021 Vermont Supreme Court Decision, which was built

2        upon Defendants' persistent fraud on the court and due process violations in

3        prior state litigation, officially extinguished Plaintiff's previously promised

4        and self-executing private right of reasonable access to parcel NR-144 (which

5        was later renamed FU-111) and documents the unconstitutional permanent

6        taking of Plaintiff's property unless this Court grants Plaintiff's prayers for

7        relief.

8    263. Plaintiff also re-alleges and incorporates by reference herein all relevant

9        paragraphs of this Complaint.

10                        **SIXTH CAUSE OF ACTION**

11        **Corresponding Fifth Amendment 42 U.S.C. § 1983 Monell Claim**

12   Plaintiff against Defendant (¶9) Town of Underhill for Violation of the Fifth
13   Amendment – Taking Clause
14

15   264. Plaintiff re-alleges and incorporates by reference all actions and inactions by

16       Town Officials under the Fifth Cause of Action as Monell Claim against the

17       Town of Underhill with resultant municipal liability.

18   265. This complaint documents only a small handful of the longstanding patterns

19       and practice of the Town of Underhill perfidiously violating the rights of

20       Plaintiff and other residents in efforts to take private property and private

21       property interests without just compensation.

Complaint for Violation of Civil Rights (Non-Prisoner)

1

### **SEVENTH CAUSE OF ACTION**

2
3
4

### **Violation of the First Amendment – Censorship and Manipulation of Public Records of Plaintiff's Protected Speech and Retaliation for Plaintiff's Protected Speech**

5
6

Plaintiff against Defendants in ¶ 12, 13, 21, 22 23, 24, 27, 28, 29, 31, 33, 34, 35, 36, 39, 40, 42, with the caveat expressed under ¶45, based upon 42 U.S.C. § 1983

7
8

266. Plaintiff re-alleges and incorporates by reference herein all relevant

9

paragraphs of this Complaint.

10

267. Allegations against Defendants outlined in paragraph 193 on page 59,

11

paragraph 198 and 199 beginning on page 61, paragraph are some of the most

12

notable instances substantiating this cause of action.

13

268. It is inherently retaliatory to remove money from a budget which would

14

improve the condition of the public right of way adjacent to Plaintiff's

15

property simply because Plaintiff requested the maintenance be conducted in a

16

manner that would benefit *all* reasonable interest groups, as opposed to only a

17

few.

18

269. The Town of Underhill providing winter maintenance to one Class IV road

19

segment while simultaneously choosing ~12 years of state court litigation

20

instead of considering Plaintiff's good faith inquiry into the Town of

21

Underhill's willingness to grant for a grant to replace a failed culvert with a

22

municipal investment of a mere $1,600 (or assist in removal of litter for the

Complaint for Violation of Civil Rights (Non-Prisoner)

1    segment of New Road abutting Plaintiff's property north of the Town Garage)

2    is demonstrative of a level of *de facto* bias against, retaliation against, and

3    collusion against Plaintiff without furthering *any* legitimate government

4    interest.

5    ## **EIGHTH CAUSE OF ACTION**

6    ## **Corresponding First Amendment 42 U.S.C. § 1983 Monell Claim**

7    Plaintiff against Defendant Town of Underhill (¶9) for Violation of the **First**
8    **Amendment** –Censorship and Manipulation of Public Records of Plaintiff's
9    protected speech and retaliation for Plaintiff's protected speech

10   270. Plaintiff re-alleges and incorporates by reference all actions and inactions

11   perpetuated by Town officials which are claimed under the Seventh Cause of

12   Action as a Monell Claim against the Town of Underhill with resultant

13   municipal liability.

14   271. Plaintiff has personally witnessed a longstanding pattern and practice of the

15   Town of Underhill willfully misrepresenting, editing, and deleting, and

16   suppressing protected speech from public meetings and other records.

17   272. The degree and consistency of retaliation by the Town of Underhill for

18   protected speech has caused a hesitancy of many residents to publicly express

19   dissenting opinions.

Complaint for Violation of Civil Rights (Non-Prisoner)

## <u>NINTH CAUSE OF ACTION</u>

### <u>Violation of the Fifth, Ninth and Fourteenth Amendment – Collusion to Violate Plaintiff's Procedural Due Process Rights and Substantive Due Process Rights</u>

Plaintiff against Defendant Jericho Underhill Land Trust (¶44) under 42 U.S.C. § 1983

273. Plaintiff re-alleges and incorporates by reference herein all relevant paragraphs of this Complaint which involve Town of Underhill and Town Officials when such actions and inactions were predicated by decisions made by trustees, donors, members, and other known affiliates of JULT acting under color of law.

274. The percentage of Defendants to this complaint (paragraphs 12, 15, 18, 19, 20, 22, 25, 28, 29, 32, 35, 36, 40, and 41 ) which are known to be both JULT affiliates *and* Town Officials which acted under color of law to violate Plaintiff's clearly established rights is demonstrative of the ability of JULT to achieve its own private purposes synonymous with official governmental authority.

275. Paragraphs 221-237 beginning on page 69 are demonstrative of JULT's desires being synonymous with what actions Defendant Town of Underhill will make on behalf of JULT under color of law.

Complaint for Violation of Civil Rights (Non-Prisoner)

## **TENTH CAUSE OF ACTION**

### **Violation of the First Amendment – Censorship of Plaintiff's Protected Speech**

Plaintiff against Defendant Front Porch Forum, Inc. (¶43) under 42 U.S.C. § 1983

276. Plaintiff re-alleges and incorporates by reference herein all relevant paragraphs of this Complaint and public records specific to Front Porch Forum's special relationship with local Vermont governments and censorship of protected speech.

277. There are multiple prior instances of FPF censoring Plaintiff, and other residents throughout Vermont, the most egregious factual censorship of Plaintiff's protected speech on *"essential civic infrastructure"* is summarized in paragraphs 209-220 beginning on page 65.

278. FPF's has demonstrated a willful decision to achieve the ability to act under color of law with a significant nexus to official governmental authority and actions.

279. FPF has censored protected speech on multiple occasions throughout Vermont (which has included the retaliatory nature of blocking *all* of Plaintiff's potential *essential* public posts) is a violation of the First amendment.

Complaint for Violation of Civil Rights (Non-Prisoner)

**<u>ELEVENTH CAUSE OF ACTION</u>**

**<u>Violation of the First Amendment – Right to Petition Clause</u>**

(42 U.S.C. § 1983, Plaintiff against Defendants 12, 13, 14, 31, 40)

280. Plaintiff re-alleges and incorporates by reference herein all relevant paragraphs of this Complaint which involve Defendants refusing to abide by duly submitted petitions, including the 2010 Petition on Fairness *or* the 2020 Petition on Public Accountability.

281. Paragraphs 238-245 beginning on page 74 partially specifies how this specific constitutional violation has caused extreme harm to Plaintiff and democratic processes within Underhill's governance.

**<u>TWELFTH CAUSE OF ACTION</u>**

**<u>Corresponding Monell Claim for Violation of the Right to Petition Clause of First Amendment</u>**

282. Plaintiff re-alleges and incorporates by reference all actions and inactions perpetuated by Town officials which are claimed under the Eleventh Cause of Action as a Monell Claim against the Town of Underhill.

**<u>JURY DEMANDED</u>**

Plaintiff demands a jury trial.

Complaint for Violation of Civil Rights (Non-Prisoner)

1
2

## REQUEST FOR RELIEF SPECIFIC TO FIRST AND SECOND CAUSES OF ACTION

3       A. Injunctive relief finding the current Vermont Supreme Court

4           Precedent set in *Ketchum* creates an unconstitutional interpretation of

5           Vermont law which results in *de facto* structural due process violation;

6           a *constitutionally valid interpretation* of Vermont law requires road

7           maintenance and reclassification decisions be appealable in

8           accordance with the procedural due process protections of 19 V.S.A. §

9           740 and that this process shall be *competently* conducted in a *timely*

10          manner, as was the case due to well-established law prior to the

11          Vermont Supreme Court's *Ketchum* decision.

12      B. Injunctive relief, involving the segment of TH26/New Road/Fuller

13          Road which remained a Class IV town highway after the 2010 New

14          Road Reclassification, generally based upon the Vermont Superior

15          Court decision in the prior maintenance appeal but updated to account

16          for the further deterioration of Plaintiff's limited remaining Class IV

17          road frontage in subsequent years due to Defendants' sustained refusal

18          to conduct *any* maintenance of the segment of TH26 abutting

19          Plaintiff's property.

Complaint for Violation of Civil Rights (Non-Prisoner)

C. Injunctive relief remanding a *new* Notice of Insufficiency appeal in Vermont courts to review the insufficiency in maintenance of the former Class III/Class IV segment of New Road which was reclassified into a Legal Trail in 2010 *separated from the prior intrinsic and extrinsic fraud upon the state courts*; since this segment was reclassified into a Legal Trail in 2010 based *purely* upon Defendants' fraud upon the court as a way to circumvent Plaintiff's *first-filed* Notice of Insufficiency appeal, it is necessary to stipulate that review be under Rule 74 of Vermont Rules of Civil Procedure and *based solely upon both the Underhill Road Policies and Vermont State Town Highway classifications of TH26 as existed on January 1, 2010.*

D. *If* Defendants require this Court issue the injunctive relief specified in C, as opposed to Defendants attempting to reach a mutual agreement through mediation between Plaintiff and *impartial* Town of Underhill representatives, it is judicially appropriate that this Court order Defendants to pay Plaintiff's legal fees and expenses for all Notice of Insufficiency appeals that may be remanded to Vermont courts. Injunctive relief requiring Town of Underhill Officials to recuse themselves, *or be recused against their will*, when a documentable conflict of interest exists since unaddressed Conflicts of Interest cause

Complaint for Violation of Civil Rights (Non-Prisoner)

1    an impermissibly high risk of additional procedural due process

2    violations.

3    **REQUEST FOR RELIEF SPECIFIC TO THIRD AND FOURTH CAUSES**
4    **OF ACTION**

5    E.  Declaratory relief stating all Vermont Class IV Town Highways and

6    Town Legal Trails *shall* be maintained without bias; interested

7    persons in Vermont, in addition to a procedural due process

8    protections of a *timely* Rule 74 appeal when a Town Highway is

9    altered by a lack of maintenance or reclassification from that which

10   would be reasonably expected have a substantive right that a Taking

11   *only occurring* due to *Necessity*.

12   F.  Relief sought under other causes of actions which may be more

13   efficiently addressed under this cause of action.

14   **REQUEST FOR RELIEF SPECIFIC TO FIFTH AND SIXTH CAUSES OF**
15   **ACTION**

16   G.  Compensatory damages for the temporary categorial taking of

17   Plaintiff's reversionary property rights and the unmitigated damages

18   of the taking of additional property interests and value, subject to

19   proof, from the date of the Town of Underhill's 2010 New Road

20   Reclassification until such time as these damages may be mitigated.

Complaint for Violation of Civil Rights (Non-Prisoner)

     H. Compensatory damages, according to proof, for the past taking of the reasonable expectation of privacy at Plaintiff's domicile since Defendants first began willfully directing public recreation to the "Crane Brook Conservation District" while simultaneously refusing to mitigate *any* resultant impacts to Plaintiff, other nearby private property owners, or the environment.

     I. Declaratory relief confirming the downgrade of a Town Highway to an *entirely unmaintained* Legal Trail or an *entirely unmaintained* Class IV Road constitutes a greater categorical taking than a conversion of a railroad right of way into a Legal Trail: municipalities have discretion to EITHER provide *minimal* maintenance of Class 4 roads when staff and financial resources allow (consisting of, at a minimum, honoring the historical municipal promise of replacement of bridges and culverts, "as needed" addition of gravel, and periodic litter removal) and "Legal Trails" (such as, at a minimum, periodic litter removal) OR they *shall* follow the legal procedure to discontinue an unmaintained Class 4 Road or Legal Trail to avoid the categorical and regulatory taking of private property and property interests without constitutionally required due process *or* just compensation.

Complaint for Violation of Civil Rights (Non-Prisoner)

1    J.  Injunctive relief requiring the Town of Underhill to EITHER

2        reclassify the Legal Trail portion of the central segment of the former

3        TH26 corridor back into a Class III or IV Town Highway *which is*

4        *reasonably maintained* OR *discontinue* a portion of the unmaintained

5        segment of Class IV road and all of the Legal Trails on TH26 *with*

6        *legally binding stipulations agreeable to Plaintiff* OR fully

7        compensate Plaintiff for the ongoing current and future loss of

8        reversionary property rights, the permanent taking of the previously

9        promised reasonable southerly access to Plaintiff's domicile and

10       surrounding property, the resultant taking of reasonable investment-

11       backed returns of Plaintiff's property taken by the most recent

12       Vermont Supreme Court Decision, and financial compensation for the

13       taking of the intrinsic value and privacy of a personal domicile above

14       the purely financial losses of private property economic value.

15   K.  Compensatory damages of lost potential income and reasonable

16       returns on investment of Plaintiff's farm, Green Mountain

17       Mycosystems LLC, and concurrent damages caused by Defendants

18       willful misrepresentation of Plaintiff's protected speech in ways that

19       damaged Plaintiff's professional reputation as an Environmental

20       Scientist.

Complaint for Violation of Civil Rights (Non-Prisoner)

L. Compensation for the compensable property interest inherent to the
Notice of Insufficiency, which Plaintiff and co-litigants timely filed;
addition of additional interested parties to this cause of action as the
court deems just and proper.

M. In addition to punitive damages against Defendant Steve Walkerman
stated in paragraph U, an additional punitive damage equal to the total
amount of capital gains Steve Walkerman achieved from the sale of
his real estate located near TH26.

N. In addition to punitive damages against Defendant Dick Albertini
stated in paragraph U, additional punitive damages equal to the total
amount of capital gains obtained from the subdivision and sale of
PV109 and the total capital gains from the sales of all other nearby
real estate Dick Albertini profited from.

**REQUEST FOR RELIEF SPECIFIC TO SEVENTH AND EIGTH CAUSES
OF ACTION**

O. As the Court deems proper, according to proof, compensatory and
punitive damages for Defendants' retaliatory actions and inactions the
proximate cause of which were Plaintiff's protected speech.

P. As the Court deems proper, according to proof, compensatory and
punitive damages for Defendants' *willful* mischaracterization of, or

Complaint for Violation of Civil Rights (Non-Prisoner)

*willful* censorship of, public records and Plaintiff's protected speech which has resulted in personal and professional harm to Plaintiff's good name and reputation.

## REQUEST FOR RELIEF SPECIFIC TO NINTH CAUSE OF ACTION

Q. As the Court deems proper, compensatory and punitive damages against Defendant Jericho Underhill Land Trust for violation of Plaintiff's Fifth, Ninth, and Fourteenth amendment rights.

R. After discovery is complete, compensatory and punitive damages as the Court may deem just and proper against any additional individual Town Officials and Jericho Underhill Land Trust affiliates functionally acting under color of law, according to proof of individual capacity liability for violation of, or collusion to violate, Plaintiff's constitutional rights.

## REQUEST FOR RELIEF SPECIFIC TO TENTH CAUSE OF ACTION

S. Declaratory relief finding the nexus between Defendant Front Porch Forum and local Vermont governmental authority as "Essential Civic Infrastructure" precludes the censorship of protected speech.

Complaint for Violation of Civil Rights (Non-Prisoner)

## REQUEST FOR RELIEF SPECIFIC TO ELEVENTH AND TWELFTH CAUSES OF ACTION

T. Injunctive relief requiring Defendant Town of Underhill allow the

Petition on Public Accountability *Advisory-Articles* to be properly

warned and placed on the ballot to be voted upon Town Meeting Day.

## REQUESTS FOR RELIEF ATTRIBUTED TO INDIVIDUALLY NAMED DEFENDENTS' *WILLFUL* VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

U. Punitive damages against Defendants Daniel Steinbauer, Dick

Albertini, Jonathan Drew, Marcy Gibson, Stan Hamlet, Clifford

Peterson, Patricia Sabalis, Trevor Squirrel, Ted Tedford and Steve

Walkerman, each individually, equal to 3 times all presently claimed

compensatory damages.

V. Punitive damages against Defendant Bob Stone, Rick Heh, Brad

Holden, Steve Owen, Rita St Germain, Karen McKnight, Nancy

McRae, Daphne Tanis, Mike Weisel, each individually, equal to all

presently claimed compensatory damages.

## REQUESTS FOR RELIEF ATTRIBUTED TO ALL CAUSES OF ACTION AGAINST TOWN OF UNDERHLL AND NAMED TOWN OFFICIALS

W. Payment of compensatory damages adjusted for inflation consisting of

all legal fees, expenses, and professional services Plaintiff has

incurred in preparation for and in actual past litigation of legal matters

Complaint for Violation of Civil Rights (Non-Prisoner)

1      the proximate cause of which was official the pursuit of "*any way* the

2      Town could rescind the access [to Plaintiff's home and land]" and all

3      resultant past and present *willful* violations of Plaintiff's civil rights.

4    X. Compensatory damages according to proof, and adjusted for inflation,

5      for the extreme stress, mental and emotional pain and suffering, and

6      the physical health impacts protracted litigation with the Town of

7      Underhill has caused Plaintiff due to the *malicious* intention to purloin

8      Plaintiff's property expressed in the October 8, 2009, the complete

9      disregard for and *willful* violation of the legal protections of

10     *promissory estoppel,* and the subsequent violation of Plaintiff's First,

11     Fifth, Ninth, and Fourteenth amendment rights caused by Defendants

12     Town of Underhill and Defendant town officials sued in an individual

13     capacity for relentlessly pursuing that avowed malicious goal.

14    Y. Any request for relief specified under one cause of action may be

15     more appropriately awarded based upon another cause of action or

16     applied as a directly related self-executing constitutional right.

17    Z. All awarded compensation shall be adjusted for both inflation and

18     taxation implications.

19   AA.    Payment of legal expenses and expert testimony for the present

20     case.

Complaint for Violation of Civil Rights (Non-Prisoner)

1    BB.    Payment of reasonable attorney's fees pursuant to

2        42 U.S.C. Section 1988.

3    CC.    All other relief the Court may deem to be just or proper.

4    **<u>CERTIFICATION AND CLOSING</u>**

5    283. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the

6        best of my knowledge, information, and belief that this complaint: (1) is not

7        being presented for an improper purpose, such as to harass, cause unnecessary

8        delay, or needlessly increase the cost of litigation; (2) is supported by existing

9        law or by a non-frivolous argument for extending, modifying, or reversing

10       existing law; (3) the factual contentions have evidentiary support or, if

11       specifically so identified, will likely have evidentiary support after a

12       reasonable opportunity for further investigation or discovery; and (4) the

13       complaint otherwise complies with the requirements of Rule 11.

14   284. I agree to provide the Clerk's Office with any changes to my address where

15       case–related papers may be served. I understand that my failure to keep a

16       current address on file with the Clerk's Office may result in the dismissal of

17       my case.

18   Date of signing: August 2, 2021    Signature of Plaintiff:

19                                      David P Demarest
20                                      P.O. Box 144
21                                      Underhill, VT 05489
22                                      (802)363-9962