UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| David P. Demarest, | ) |
|                Plaintiff, | ) Case No. 2:21-cv-00167-wks |
| v. | ) |
| Town of Underhill, *et al.*, | ) |
|                Defendants. | ) |

**DEFENDANT FRONT PORCH FORUM, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO FRONT PORCH FORUM, INC.'S MOTION TO DISMISS**

Defendant Front Porch Forum, Inc. ("FPF"), through its attorneys, Lynn, Lynn, Blackman & Manitsky, P.C., pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully submits this Reply to Plaintiff's Response to FPF's Motion to Dismiss.

**I.    Introduction**

Plaintiff has filed a First Amended Complaint, which, like Plaintiff's initial Complaint, fails to state a claim against FPF for violation of Plaintiff's First Amendment rights. Plaintiff's First Amended Complaint fails to state a claim against FPF because the First Amended Complaint does not allege sufficient facts to subject FPF, a private entity, to the requirements of the First Amendment. Plaintiff's inability to plead facts demonstrating FPF acted under color of state law is unsurprising, as FPF is a private entity that has never acted under color of state law. Since Plaintiff's First Amended Complaint fails to state a claim against FPF – as outlined in FPF's Motion to Dismiss and herein – Plaintiff's claim against FPF should be dismissed with prejudice.

## II.     Legal Argument

### A. The Court Should Consider FPF's Motion to Dismiss In Light of the First Amended Complaint

After FPF filed its Motion to Dismiss, Plaintiff filed a First Amended Complaint. *See* Dkt. No. 8 (FPF's Motion to Dismiss); Dkt. No. 46 (First Amended Complaint). When a plaintiff amends the complaint while a motion to dismiss is pending, there are a "variety of ways in which [the court] may deal with the pending motion to dismiss . . . ." *Paladino v. Seals-Nevergold*, No. 17-CV-538, 2019 WL 1283830, at *3 (D. Vt. Mar. 20, 2019) (citation omitted). One option is "considering the merits of the motion in light of the amended complaint." *Id.*

Here, Plaintiff's First Amended Complaint fails to state a claim against FPF for the reasons outlined in FPF's Motion to Dismiss and discussed herein. Accordingly, the Court should consider the merits of FPF's Motion to Dismiss in light of Plaintiff's First Amended Complaint.

### B. Plaintiff's First Amended Complaint Adds No Substantive Allegations Against FPF

Plaintiff's First Amended Complaint adds two paragraphs relevant to Plaintiff's claim against FPF. First, in an unnumbered paragraph on page 2 of the First Amended Complaint, Plaintiff alleges FPF is:

> [A] Public Benefit Corporation fairly treated as acting under color of [state] law due to past and present factual considerations while serving the traditional governmental role of providing "Essential Civic Infrastructure" ranging from the distribution of public meeting agendas to the coordination of civilian natural disaster relief efforts.

Dkt. No. 46 at 2 (internal quotation marks in original). Second, Plaintiff's First Amended Complaint adds an allegation that the alleged violations of Plaintiff's civil rights:

> [H]ave also been [exacerbated] by [FPF] willingly participating in <u>the censorship of Plaintiff's protected speech</u> from their Essential Civic Infrastructure which is presently used for traditional

> governmental functions ranging from the posting of public meeting agendas to the coordinating of citizens involved in disaster relief efforts.

*Id.* at ¶ 6 (emphasis added). Aside from those two additions, Plaintiff's allegations against FPF remain unchanged. *Compare* Dkt. No. 1 at ¶¶ 195-206 (allegations in FPF in Complaint), *with* Dkt. No. 46 at ¶¶ 209-220 (allegations against FPF in First Amended Complaint). These new allegations do not remedy the fatal flaws in Plaintiff's claim against FPF. *See generally* Dkt. No. 8 (identifying reasons Complaint failed to state a claim against FPF).

First, the allegation that FPF is "fairly treated as acting under color of [state] law" is precisely the type of conclusory allegation the Second Circuit has deemed insufficient to sustain a § 1983 claim against a private entity. *See McCluskey v. New York State Unified Ct. Sys.*, 442 F. App'x 586, 589 (2d Cir. 2011). With that conclusory allegation set aside, the fact-based allegations in Plaintiff's First Amended Complaint are that: 1.) FPF serves the traditional governmental role of providing 'Essential Civic Infrastructure' ranging from the distribution of public meeting agendas to the coordinating of citizens involved in disaster relief efforts; 2.) The Town of Underhill and other municipalities in Vermont use FPF as a communication platform; and 3.) FPF receives public funding. *See* Dkt. No. 46 at p. 2 (first allegation), ¶¶ 209-210 (second and third allegations). While the first allegation is now worded slightly differently, those are, substantively, the same allegations Plaintiff made against FPF in his initial Complaint, which fail to state a claim against FPF. *See generally* Dkt. No. 8.

**C. The Allegations in Plaintiff's First Amended Complaint Fail to State a Claim Against FPF**

Plaintiff's First Amended Complaint fails to state a claim against FPF because the First Amended Complaint is without factual allegations demonstrating FPF acted under color of state law. Plaintiff's Response to FPF's Motion to Dismiss confirms Plaintiff's theory is that a 'close

3

nexus' exists between FPF and a state actor, such that FPF suspending Plaintiff's ability to post on FPF should be considered an action taken under color of state law. *See* Dkt. No. 45 at 1-2. Attention to what is required for a 'close nexus' to exist makes clear Plaintiff has failed to state a claim.

1. <u>Plaintiff's First Amended Complaint Contains No Allegations of a Censorship-Related Nexus Between FPF and a State Actor</u>

Preliminarily, the Second Circuit has acknowledged the test for whether a 'close nexus' exists does not lend itself to a "formulaic application[]." *Hadges v. Yonkers Racing Corp.*, 918 F.2d 1079, 1081 (2d Cir. 1990). To determine if a 'close nexus' exists, a court must "determine whether the alleged ties between the state and the private actor are sufficiently strong to attribute the private actor's conduct to the state." *Id.* Critically, "the close nexus test specifically examines <u>the state's link to the challenged action</u>." *Id.* at 1082 (emphasis added); *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) ("The fundamental question . . . is whether the private entity's challenged actions are fairly attributable to the state."); *Skoric v. Killington Ski Resort*, No. 5:17-CV-183, 2017 WL 4342078, at *3 n.3 (D. Vt. Sept. 28, 2017) (evaluating "state's link to the challenged action" for close-nexus test). As such, the analysis of whether a close nexus exists does not consider the totality of the interaction between the private actor and the state; instead, the analysis focuses exclusively on the ties between the private actor and the state with respect to the private actor's challenged conduct. *See id.*

Here, Plaintiff alleges FPF censored his speech in violation of the First Amendment. *See* Dkt. No. 46 at ¶¶ 2, 6, 217. For FPF's conduct to be considered state action, then, there must be a sufficiently close nexus between FPF and a state actor <u>with respect to FPF's alleged censorship of Plaintiff's speech</u>. *See Hadges*, 918 F.2d at 1081. There are no fact-based allegations in Plaintiff's First Amended Complaint supporting any connection, let alone a close nexus, between

4

FPF and a state actor with respect to FPF's alleged censorship of Plaintiff's speech.  *See* Dkt. No. 46 at ¶¶ 209-220.  Since Plaintiff's First Amended Complaint fails to allege facts demonstrating the existence of a close nexus between FPF and a state actor with respect to FPF's alleged censorship of Plaintiff's speech, FPF's alleged censorship of Plaintiff's speech cannot be considered state action.  *See Hadges*, 918 F.2d at 1081.  Since FPF's alleged censorship of Plaintiff's speech cannot be considered state action, FPF is not subject to the First Amendment's regulations and Plaintiff has failed to state a claim against FPF for violating Plaintiff's First Amendment rights.

    2.  The Non-Censorship Related Allegations in Plaintiff's First Amended Complaint Cannot Establish a Close Nexus Between FPF and a State Actor

Plaintiff's First Amended Complaint does contain non-censorship related allegations of a nexus between FPF and a state actor.  *See* Dkt. No. 46 at p. 2 & ¶¶ 209-210.  Were the Court to consider those allegations in evaluating the existence of a close nexus between FPF and a state actor – and the Court need not, as only censorship-related allegations are relevant, as discussed above – Plaintiff's First Amended Complaint would still fail to state a claim.  Plaintiff alleges, first, that FPF provides 'Essential Civic Infrastructure' including distributing public meeting agendas and coordinating disaster relief efforts.  *Id.* at p. 2.  "[I]f [a] private entity is merely affected with the public interest," that does not establish a close nexus.  *Jensen v. Farrell Lines, Inc.*, 625 F.2d 379, 384 (2d Cir. 1980); *see Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491–92 (2d Cir. 2009) ("[C]onduct by a private entity is not fairly attributable to the state merely because the private entity is a business . . . affected with the public interest.").  As such, Plaintiff's allegation that FPF is a resource used by municipalities to distribute public meeting agendas and coordinate disaster relief efforts does not render FPF a state actor.

Plaintiff alleges, next, that state actors use FPF as a communication platform. Dkt. No. 46 at ¶¶ 209-210. Again, that FPF is a resource used by state actors in a way that benefits the public interest does not make FPF a state actor. *See Jensen*, 625 F.2d at 384. A sister court considering the allegation "that Google is a state actor because it works with state universities" deemed that allegation "specious." *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 631 (D. Del. 2007) (granting motion to dismiss First Amendment claims against private actor). The same is true here; that FPF's services are used by state actors does not render FPF a state actor.

Finally, Plaintiff alleges FPF receives public funding. Dkt. No. 46 at ¶¶ 209-210. The Second Circuit has determined receiving public funding is insufficient to render a private entity a state actor. *Jensen v. Farrell Lines, Inc.*, 625 F.2d 379, 387 (2d Cir. 1980). As the Second Circuit explained, "factors in addition to government funding . . . must be present" for a private entity to become a state actor. *Id.* Here, then, Plaintiff's allegation that FPF receives public funding is insufficient to render FPF a state actor.

As a result, were the Court to expand the scope of the close nexus analysis, which the Court should not, Plaintiff's First Amended Complaint would still fail to state a claim against FPF.

### III.    Conclusion

In the end, Plaintiff's First Amended Complaint is without a single fact-based allegation of action under state law by FPF. Plaintiff's First Amended Complaint pleads neither the facts necessary to demonstrate a close nexus between FPF and a state actor nor the facts necessary to demonstrate FPF acted in concert with a state actor. Based on the allegations in Plaintiff's First Amended Complaint, FPF was – at most – a resource state actors used to communicate with the

general public. That falls far short of what is necessary to make FPF's action state action, and, as a result, Plaintiff's First Amended Complaint fails to state a claim against FPF.

Against that background, FPF respectfully requests the Court apply the arguments set forth herein and in FPF's Motion to Dismiss to Plaintiff's First Amended Complaint. FPF respectfully submits that applying those arguments to Plaintiff's First Amended Complaint demonstrates Plaintiff's First Amended Complaint should be dismissed with prejudice.

Dated at Burlington, Vermont this 17th day of August, 2021.

FRONT PORCH FORUM, INC.

By: */s/ Pietro J. Lynn*
Pietro J. Lynn, Esq.
Christopher H. Boyle, Esq.
Lynn, Lynn, Blackman & Manitsky P.C.
*Attorneys for Defendant Front Porch Forum, Inc.*
76 St. Paul Street, Suite 400
Burlington, VT 05401
802-860-1500
plynn@lynnlawvt.com
cboyle@lynnlawvt.com