**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| DAVID P. DEMAREST, an individual, )<br>PLAINTIFF )<br> )<br>v. )<br> )<br>TOWN OF UNDERHILL, a municipality )<br>and charter town, SELECTBOARD CHAIR )<br>DANIEL STEINABAUER, as an )<br>individual and in official capacity, et al. ) | CASE NO. 2:21-cv-00167-wks |

**DEFENDANT JERICHO UNDERHILL LAND TRUST'S MOTION TO DISMISS**

NOW COMES Defendant, Jericho Underhill Land Trust, Inc. i/s/h/a "Jericho Underhill Land Trust" (hereinafter referred to as "JULT"), through its attorneys, Stackpole & French Law Offices and respectfully submits this motion pursuant to Federal Rule of Civil Procedure 12(b)(6). As Plaintiff's complaint fails to state a claim under which relief can be granted against JULT, Plaintiff's claim against JULT should be hereby dismissed with prejudice. Defendant submits the following Memorandum of Law in support of its Motion to Dismiss.

**MEMORANDUM OF LAW**

**I.   Introduction and Relevant Factual Background**

Plaintiff's Amended Complaint is a 96-page document containing non-criminal allegations that Plaintiff's civil rights have been violated. Plaintiff alleges twelve causes of action within his Amended Complaint. Only two of these causes of action target and concern JULT. The Seventh Cause of Action of Plaintiff's Amended Complaint alleges a violation of the First Amendment of the United States Constitution by JULT. *See* Document No. 46, Pg. 82. The Ninth Cause of Action of Plaintiff's Amended Complaint alleges violations of the Fifth, Ninth and Fourteenth Amendments of the United States Constitution. *See* Document No. 46, Pg. 84. Plaintiff alleges that these causes of action arise under 42 U.S.C. § 1983.

1

Critically, and as pled by Plaintiff, JULT is an independent organization claiming 501(C)(3) status while making vague and conclusory allegations that JULT has a special connection with the Towns of Underhill and Jericho. Plaintiff's Complaint cannot establish, nor does it even allege, that JULT is a governmental entity.  For certain, it would be impossible for Plaintiff to establish that JULT is a governmental entity because JULT is a registered domestic non-profit corporation whose intended business is to conduct land conservation projects. *See* Vermont Secretary of State Corporations Division Report on JULT hereto attached as Exhibit 1.

Rather, Plaintiff has launched a vague and overtly conclusory Complaint alleging civil rights violations and conspiracies against a private actor.  Further, Plaintiff cannot establish that JULT is a governmental actor capable of violating his rights as described in Plaintiff's Amended Complaint because there is no plausible nexus between JULT and any governmental actor that would create liability on the part of JULT.

Since plaintiff fails to establish a claim for which relief may be granted against JULT, the Court must dismiss Plaintiff's claims against JULT in their entirety, with prejudice.

**II.    Standard of Review**

Dismissal of a plaintiff's claim is appropriate when it is clear "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Flores v. S. Peru Copper Corp.*, 343 F.3d 140, 148 (2d Cir. 2003). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* at *556.

A conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity. Rather, to survive a motion to dismiss, a

"complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir.1992); *Sticesen v. Fay*, 783 F. App'x 26, 28 (2d Cir. 2019). *Zavalidroga v. Cote*, 395 F. App'x 737, 740 (2d Cir. 2010) (finding "vague conspiracy allegations" insufficient to state § 1983 claim); *See also Finnan v. Ryan*, 357 F. App'x 331, 333 (2d Cir. 2009) (explaining "conclusory allegations" insufficient to state § 1983 claim). As a result, "[a] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983).

### III.    ARGUMENT

#### a. Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because JULT Is Not a State Actor and Did Not Act in Concert with a State Actor.

Plaintiff's § 1983 claims against JULT cannot proceed as Plaintiff has failed to plead with the required particularity any facts to allege that JULT is a state actor. Since the United States constitution "regulates only the government, not private parties," a private actor cannot be subject to a § 1983 claim unless the private actor acts under color of state law. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). ("Private actors are not proper § 1983 defendants when they do not act under color of state law."); *McCluskey v. New York State Unified Ct. Sys.*, 442 F. App'x 586, 589 (2d Cir. 2011). (To act under color of state law, a private actor must be "a willful participant in joint activity with the State or its agents.") *Id.*  Consequently, private individuals and entities are not normally liable for violations of rights secured by the United States Constitution.

In order to maintain a claim based on alleged constitutional violations, a plaintiff must show that the actions complained of are "fairly attributable" to the government. *Rendell–Baker v. Kohn,* 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). Here, JULT is a membership-

based non-profit with members residing in both Jericho and Underhill. There are no governmental affiliates of JULT nor is there any activity conducted by JULT in concert with the Town of Underhill under the color of law. Plaintiff cannot establish that JULT is a government actor because JULT is not a government actor. *See* Exhibit 1. To that end, Plaintiff's Complaint fails to meet the standard of review and must be dismissed.

Further, Plaintiff cannot establish that there was a nexus between JULT and any governmental entity that would hold JULT liable for Plaintiff's § 1983 claims. To survive a motion to dismiss, a "complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir.1992); *Sticesen v. Fay*, 783 F. App'x 26, 28 (2d Cir. 2019). *Zavalidroga v. Cote*, 395 F. App'x 737, 740 (2d Cir. 2010) (finding "vague conspiracy allegations" insufficient to state § 1983 claim). Plaintiff makes tenuous allegations at best in an attempt to establish a nexus between JULT, a private entity, and the Towns of Underhill and Jericho. On a broad level, Plaintiff has alleged that JULT has violated Plaintiff's First Amendment Rights and colluded with the Town of Underhill to deprive Plaintiff of his rights to Due Process under the United States Constitution. However, as discussed below, Plaintiff's pleadings fail to establish the necessary nexus between JULT and the Town of Underhill that would allow his claims to proceed.

Plaintiff alleges a special connection between JULT and the Town of Underhill where JULT has allegedly taken a number of actions under the color of the law to injure Plaintiff. However, Plaintiff's effort to establish a nexus has failed as his First Amended Complaint does not rise above conclusory allegations which are recognized as insufficient to carry his § 1983 claims. *Finnan v. Ryan*, 357 F. App'x 331, 333 (2d Cir. 2009) (explaining "conclusory allegations" insufficient to state § 1983 claim). Within Paragraph 227 of the Plaintiff's Amended Complaint,

Plaintiff alleges a "seemingly benign development of public recreational opportunities through public funding" with the "thinly veiled" goal of increasing "personal property values and economic returns…" for JULT members. *See* Document No. 46, Pg. 71. In reality, these vague allegations, if taken on their face as accurate, amount to alleged vague preferential treatment in favor of other individuals that are not the Plaintiff. There is no specificity within the pleadings to show that this is anything more than speculation on Plaintiff's part. Certainly, there is no plausible allegation that JULT acted under color of state law.

In addition, Plaintiff alleges that a nexus between JULT members and "official government action" is supported by JULT's involvement in establishing the Mills Riverside Park in 1999 which is now owned and managed by the Underhill Park District. *See* Document No. 46, Pg. 71, ¶¶ 228-29. However, the land for the Mills Riverside Park was purchased and conserved by JULT with the overwhelming support from both the residents of the Towns of Jericho and Underhill in 1999. Ownership was subsequently transferred to the Jericho Underhill Park District to manage the land. However, the purpose of JULT is to conserve land. Alleging that transferring purchased land to the Town of Underhill for further management does not rise to a level of establishing a nexus between the parties.

Further, Plaintiff has pled a number of vague and conclusory allegations that underscore that any nexus to JULT is not plausible, including: JULT's non-specific competing interest against Plaintiff and other individuals in 2014 (¶ 232); Town officials serving as JULT members involved in a "fictional 2001 reclassification" and acquisition of Casey's Hill under "very questionable circumstances and motivations," (¶ 235); and JULT members "avoiding problems" faced by other citizens (¶234). The latter allegation is especially telling because it has nothing whatsoever to do with the Plaintiff.  Plaintiff further alleges in his pleadings, without merit, that JULT members

"outright lied" in 2010 regarding a road reclassification. *See* Document No. 46, Pg. 71, ¶¶ 231. On its face, this allegation is overtly conclusory and fails to establish in this instance how JULT acted under the cloak of a governmental actor in order to cause damage to the Plaintiff.

Plaintiff further claims that it is "vitally essential that Plaintiff be afforded the opportunity to conduct appropriate discovery into the entire circumstances surrounding municipal decision making and the eventual purchases of Casey's Hill at a substantial profit for Town Officials…" *See* Document No. 46, Pg. 71, ¶¶ 236. However, by expounding the alleged importance of discovery, Plaintiff admits that he has not pled, nor does he possess, sufficient evidence to support his claims of a nexus between JULT and a governmental actor. Instead, he is attempting to use this litigation as an improper fishing expedition to seek proof of his conclusory allegations.

As this Court has recognized, when a "complaint is devoid of any allegation setting out an act of conspiracy or indeed of active cooperation between" a private actor and a state actor, dismissal of the plaintiff's action is appropriate. *Ragosta v. State of Vt.*, 556 F. Supp. 220, 225 (D. Vt. 1981). While Plaintiff has submitted a voluminous 96-page Amended Complaint that contains a laundry list of accusations and conspiracies theories, his allegations against JULT are comparatively thin. Further, he has failed to pled with any specificity or particularity that there was any level of conspiracy or cooperation between JULT and any governmental entity that would allow him to proceed with his § 1983 claims against JULT. As such, dismissal of Plaintiff's claims against JULT with prejudice is necessary and warranted.

### b. Plaintiff's Claims are barred by Statutes of Limitation

Plaintiff has brought his relevant claims against JULT under 42 USC §1983. However, his claims are barred by the relevant statute of limitations. As there are no statute of limitations contained within the language of 42 USC §1983, the United States Supreme Court has directed

that 42 USC §1988 "requires courts to borrow and apply to all §1983 claims the one most analogous to state statute of limitations." *Owens v Okure*, 488 US 235, 240 (1989). As such, per 12 V.S.A. § 512, injuries to the person suffered by the act or default of another person or damage to personal property suffered by the act or default of another must be brought before the appropriate court within three years after the cause of action accrues. 12 V.S.A. § 512.

Even if Plaintiff could plead his §1983 claims with particularity in a manner that would allow his claims to proceed, Plaintiff's claims are still subject to the statute of limitations and, as alleged, Plaintiff's allegations against JULT appear to reflect actions which are all *at least* seven years old – some of them over twenty. Thus, even if Plaintiff's Complaint could withstand a motion to dismiss, his claims would be barred by the most analogous state statute of limitations which would be a three-year standard. As such, Plaintiff's Complaint against JULT must be dismissed in its entirety with prejudice.

### c. Plaintiff's Complaint is Barred by the Doctrine of Claim Preclusion

Plaintiff's Complaint is not novel or new and is barred by the Doctrine of Claim Preclusion. Claim preclusion "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." *Berlin Convalescent Ctr., Inc. v. Stoneman*, 159 Vt. 53, 56 (1992).  It applies to claims that were actually litigated and those that "should have been raised in previous litigation." *Id.* at 56. As previously discussed, Plaintiff has filed a broad and lengthy motion. However, an examination of Plaintiff's Requests for Relief makes it clear that the heart of this Complaint is Plaintiff's dissatisfaction with the Town of Underhill's decision in 2010 to reclassify the segment of TH26/New Road/Fuller Road from a Class IV town highway to a legal trail.

Within Plaintiff's Request for Relief to his First and Second Causes of Action, he requests injunctive relief regarding the 2010 New Road Reclassification. *See* Document No. 46, Pg. 87, ¶¶ A-D. Within Plaintiff's Request for Relief to his Third and Fourth Causes of Action, he requests declaratory judgment regarding Class IV Town Highways and Town Legal Trails. *See* Document No. 46, Pg. 89, ¶¶ E-F. Within Plaintiff's Request for Relief to his Fifth and Sixth Causes of Action, he requests compensatory damages for the Reclassification of the Town of Underhill's 2010 New Road Reclassification. *See* Document No. 46, Pg. 89-92, ¶¶ G-N.

However, Plaintiff has already fully litigated his claims regarding the reclassification of the Town Highway. On August 3, 2010, Plaintiff appealed the initial decision of the Town of Underhill to reclassify the Town Highway to the Vermont Superior Court. On September 7, 2012, the Vermont Superior Court issued an Order affirming the Town's decision as supported by the evidence. *Demarest v. Town of Underhill*, No. S0937-10 CNC, 2012 WL 8418573 (Vt.Super. Sep. 07, 2012). In 2013, the Vermont Supreme Court affirmed the Town of Underhill's decision to reclassify segment TH26/New Road/Fuller Road from a Class IV town highway to a legal trail. *Demarest v. Town of Underhill*, 2013 Vt. 72 (Vt. 2013). *Demarest* (Vt. 2013) was used by the Vermont Supreme Court in a subsequent decision to again determine that Plaintiff's claims had already been adjudicated when he brought a subsequent lawsuit seeking relief from the Town of Underhill's reclassification of TH26/New Road/Fuller Road. *Demarest v. Town of Underhill*, 2021 Vt. 14 (Vt. 2021). Plaintiff now brings in the instant Complaint under federal jurisdiction in a further attempt to relitigate the 2010 road reclassification. Plaintiff has brought in additional parties, including JULT, under vague conspiracy claims, as window dressing to his underlying goal, to rescind the reclassification of TH26/New Road/ Fuller Road. However, any claims now made against JULT should have been made when Plaintiff initially litigated this issue in 2013.

8

*Berlin Convalescent Ctr., Inc. v. Stoneman*, 159 Vt. 53, 56 (1992).  "[Claim preclusion] bars not only issues actually litigated but also those which should have been raised in previous litigation. *Id.* at *56) (Internal citations omitted).

"The purpose of claim preclusion is to advance the efficient and fair administration of justice because it serves (1) to conserve the resources of the courts and litigants by protecting them against piecemeal or repetitive litigation; (2) to prevent vexatious litigation; (3) to promote the finality of judgments and encourage reliance on judicial decisions; and (4) to decrease the chances of inconsistent adjudication." *Faulkner v. Caledonia County Fair Ass'n*, 178 Vt. 51 (Vt. 2004). The above factors apply here. Most crucially, an application of claim preclusion would promote the finality of the judgments that the Plaintiff has already received from the Vermont Supreme Court (*Demarest v. Town of Underhill*, 2013 Vt. 72 (Vt. 2013) and *Demarest v. Town of Underhill*, 2021 Vt. 14 (Vt. 2021)) and would prevent inconsistent adjudication where the Plaintiff has requested contradictory declaratory judgment and injunctive relief from this Court on an issue that the Vermont Supreme Court has already ruled.  As such, Plaintiff's Complaint against JULT must be dismissed in its entirety with prejudice.

## IV.    CONCLUSION

Overall, because Plaintiff's allegations are impermissibly vague, because JULT is not a governmental entity, because there is no nexus between JULT and any governmental entity, where the statute of limitations have expired on his § 1983 claims against JULT, and where Plaintiff's claims are barred by claim preclusion, JULT respectfully requests that the Court grant JULT's instant motion and dismiss all claims against it with prejudice.

WHEREFORE, Defendant, JULT, respectfully requests that this court:

1. Dismiss Plaintiff's Complaint against JULT with prejudice in its entirety;
2. Award Defendant costs and attorney's fees; and
3. Grant Defendant any other relief that the court deems equitable and just.

Dated: Stowe, Vermont
August 20, 2021

>STACKPOLE & FRENCH LAW OFFICES
>*Attorneys for Defendant*
>**JERICHO UNDERHILL LAND TRUST**
>
>By: s/Elizabeth A. Conolly
>
>>Elizabeth A. Conolly, Esq.
>>Stackpole & French Law Offices
>>P.O. Box 819
>>Stowe, VT 05672
>>(802) 253-7339
>>econolly@stackpolefrench.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record via the Court's electronic filing system. A copy of the foregoing was also sent to plaintiff via email.

>s/Elizabeth A. Conolly
>   Elizabeth A. Conolly, Esq.