UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| DAVID P. DEMAREST, an individual, <br> PLAINTIFF <br><br> v. <br><br> TOWN OF UNDERHILL, <br> a municipality and charter town, <br> SELECTBOARD CHAIR <br> DANIEL STEINBAUER, as an <br> individual and in official capacity, et al. | CASE NO: 2:21-cv-167-wks <br> (42 U.S.C. § 1983) <br> (42 U.S.C. § 1983 Monell) <br> Jury Trial Demanded |

## MEMORANDUM IN OPPOSITION TO FPF MOTION TO DISMISS

The motion to dismiss filed by Defendant Front Porch *Forum* Inc ("FPF") fails to diminish the legal merit of Plaintiff's Tenth Cause of Action. It is a First Amendment violation for a "*public benefit corporation*" to act in *willing participation and support* of a State-actor by engaging in unequivocal *viewpoint discrimination* through the policy of *selectively* censoring political speech.

Liability under 1983 jurisprudence is also established by FPF providing two modern-day *essential civic infrastructure* analogues which were *once traditionally and exclusively* governmental functions: (1) the *non-censored* delivery of the modern-day analogue of "post," which was once a function exclusive to the United States *Post* Office (2) a *public forum*, similar to a public square, for the purpose of public assembly and communicating thoughts of local political importance.

## I. Factual Background

Plaintiff has alleged multiple instances of censorship which cumulated in a subsequent complete refusal to provide *any* carriage of Plaintiff's posts on FPF's *essential civic infrastructure;* FPF's willful decision to completely block Plaintiff's ability to post *due solely to the viewpoints expressed*[1] in prior posts of local political interest is an undeniable First Amendment violation *if* factual allegations and relevant legal factors demonstrate FPF is fairly treated as acting under color of law. The specific individual FPF moderators engaged in viewpoint discrimination are presently unknowable to Plaintiff, but FPF is generally viewed as a "public benefit" forum for local towns and has at times undeniably served as the *sole* online source for Defendant Town of Underhill's communications with the public.

## II. Memorandum of Law

### A. Standard for Motion to Dismiss

Plaintiff agrees on the requisite standards for a motion to dismiss which was presented by FPF.

### B. Contested Factual Allegations Involving FPF Acting As *Essential Civic Infrastructure* and Contested Degree FPF Acted In Concert With A State Actor To Be Viewed In Light Most Favorable To Non-moving Party

---

[1] Nothing in present cause of action, or surrounding factual circumstances, opposes Front Porch Forum moderating the forum based on neural criteria, such as requiring residency within a given town's forum, *or other content-neutral time, place, and manner limitations*, so long as they are *reasonable* and *not discriminatory to viewpoint expressed.*

FPF cannot deny being the recipient of significant governmental funding, numerous instances of FPF being the *sole source* of a public meeting agendas and other correspondence from a state actor to the public (such as surveys intended to direct municipal decision-making), and *willfully* making every conceivable effort to become recognized as a *local public forum*; most notable to the Tenth Cause of Action FPF undeniably refused to deliver Plaintiff's posts of local political significance on FPF's *essential civic infrastructure* based *solely* upon the viewpoint expressed *or presumed likely to be expressed.*

FPF cannot refute Plaintiff's allegation the forum is used for, "traditional governmental functions ranging from the posting of public meeting agendas to the coordination of citizens involved in disaster relief efforts." (¶6 of Amended Complaint).

For the purpose of consideration of a motion to dismiss, at an absolute minimum there are significant contested factual allegations which Plaintiff has adequately alleged demonstrative of a 'nexus' between FPF and the Town of Underhill. FPF has also *willfully* decided to cloak the moderators of its public forum in complete anonymity despite simultaneously requiring all members of the general public to provide their real names and the road they live on in order to participate in their local town's forum.

### C. Vital Role of Communications Infrastructure Within Constitution

The traditional governmental monopoly on the distribution of letters by the United States Post Office is an appropriate historical analogue to the *essential civic infrastructure* presently provided by Front Porch Forum.

The mere thought of the United States Post Office reading letters entrusted to their *essential civic infrastructure* and then refusing to deliver letters containing dissenting political opinions (or refusing to deliver *all* letters authored by a voter which previously presented an opposing political viewpoint) would have been as shocking to the conscious when the Bill of Rights was adopted as it would still be today. The traditional USPS legal monopoly on the distribution of "letter-mail" and the use of USPS mailboxes does more than provide the basic benefits of Universal Service: The United States Post Office also facilitates the communication of *viewpoint-neutral* political speech to the public in the form of low bulk mail prices. Political speech on the internet is no less important to protect as the affordability of political speech through the mail.

### D. Protections on Free Speech in a Designated Public Forum

Front Porch *Forum* has advanced no plausible argument to deny having, at tax-payer expense, *willfully* achieved the status of becoming a designated *public forum*. Plaintiff has adequately alleged having been blocked from Front Porch Forum's *Essential Civic Infrastructure* due *solely* to his anticipated viewpoint.

In addition, Underhill town officials and other residents have been uncensored when making personal attacks or otherwise antagonizing neighbors on FPF, even though the *impermissible manner* of their speech could have been moderated.

FPF's lack of public transparency as to *who* decides what viewpoints to censor is fundamentally different than Plaintiff having no factual support for the 'nexus' between FPF and a state actor. FPF's motion to dismiss attempts to emphasis the idea, "In explicitly acknowledging Plaintiff's hope that discovery will reveal state actors lurking in the shadows of FPF…" *But in so doing this verbiage notably does not actually deny that FPF knowingly allows town officials to heavily influence the forum's viewpoint discrimination (or even act as FPF moderators).*

**Executive Order Number 13925 Dated May 28, 2020**

> In a country that has long cherished the freedom of expression, we cannot allow a limited number of online platforms to hand pick the speech that Americans may access and convey on the internet. This practice is fundamentally un-American and anti-democratic… these platforms function in many ways as a 21st century equivalent of the public square.
>
> …
>
> **Sec. 4**. *Federal Review of Unfair or Deceptive Acts or Practices.* (a) It is the policy of the United States that large online platforms, such as Twitter and Facebook, as the critical means of promoting the free flow of speech and ideas today, should not restrict protected speech. The Supreme Court has noted that social media sites, as the modern public square, "can provide perhaps the most powerful mechanisms available to a private citizen to make his or her voice heard." *Packingham* v. *North Carolina,* 137 S. Ct. 1730, 1737 (2017). Communication through these channels has become important for meaningful participation in American democracy, including to petition elected leaders. These sites are providing an important forum to the public

for others to engage in free expression and debate. *Cf. PruneYard Shopping Center* v. *Robins,* 447 U.S. 74, 85-89 (1980).

### III. Conclusion

The Tenth Cause of Action against Front Porch Forum is supported by facts as alleged, multiple historical analogues of the traditional governmental functions now partially served by the internet, diverse legal precedents involving Net Neutrality, the intentions of both the First Amendment and Civil Rights Act, and Executive Order Number 13925 unequivocally stating, "we cannot allow a limited number of online platforms to hand pick the speech that Americans may access and convey on the internet."

FPF's easy access to its own electronic records of numerous censorship decisions (and presumably the identities of FPF's moderators) and easy reference to the Table of Contents of Plaintiff's Amended Complaint prevents the length of other causes of action from being burdensome to Defendant FPF.

For the above stated reasons, Front Porch Forum's Motion to Dismiss filed on August 17, 2021 should be denied.

Respectfully submitted this 14th day of September, 2021.

By: /s/: David Demarest
David P Demarest, *Pro Se*
P.O. Box 144
Underhill, VT 05489
(802) 363-9962
david@vermontmushrooms.com