UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| DAVID P. DEMAREST,<br><br>               Plaintiff,<br><br>v.<br><br>TOWN OF UNDERHILL, ET AL.,<br><br>               Defendant. | CIVIL ACTION NO.: 2:21-cv-167<br><br>**DEFENDANT FRONT PORCH FORUM, INC.'S SECOND REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**[1] |

The Court should grant Defendant Front Porch Forum, Inc. (FPF)'s Motion to Dismiss (Doc. 8). Plaintiff's Memorandum in Opposition to FPF Motion to Dismiss (Doc. 53) (Plaintiff's Opposition), does not cure the deficiencies identified in FPF's Motion to Dismiss.

Plaintiff's First Amended Complaint (Doc. 46) contains only conclusory and speculative allegations against FPF. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and that raises a right to relief above the speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint that merely 'tenders naked assertions devoid of further factual enhancement' fails to meet this standard," *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S.

---

[1] Front Porch Forum, Inc. (FPF) files a second reply memorandum because after FPF filed its Motion to Dismiss (Doc. 8), Plaintiff filed a First Amended Complaint (Doc. 46). In this posture, the Court should evaluate FPF's Motion to Dismiss in light of the facts alleged in the First Amended Complaint. *See Pettaway v. Nat'l Recovery Sols.*, LLC, 955 F.3d 299, 303–04 (2d Cir. 2020) (holding that "when a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint."); (FPF's Reply, Doc. 50 at 2 (arguing that Court should consider FPF's Motion to Dismiss in light of Plaintiff's First Amended Complaint; quoting *Paladino v. Seals-Nevergold*, No. 17-CV-538, 2019 WL 1283830, at *3 (D. Vt. Mar. 20, 2019))).

at 678), as do "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," *Iqbal*, 556 U.S. at 678.

"A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002); *McCain v. Sprint Cellular Corp.*, No. 2:16-CV-18, 2016 WL 11596029, at *6 (D. Vt. Aug. 16, 2016); *Gadreault v. Grearson*, No. 2:11-CV-63, 2011 WL 4915746, at *5 (D. Vt. Oct. 14, 2011); *Pietrangelo v. Alvas Corp.*, 664 F. Supp. 2d 420, 436 (D. Vt. 2009).

In *Butcher v. Wendt*, 975 F.3d 236 (2d Cir. 2020), the court applied these principles to dismiss a claim under § 1983 of conspiracy between private individuals and public official. The court explained that the plaintiff's acting-in-concert allegations were "uniformly conclusory, speculative, and implausible." 975 F.3d at 241.

In opposing FPF's Motion to Dismiss, Plaintiff continues to rely on "uniformly conclusory, speculative, and implausible" allegations, which are insufficient as a matter of law. *See Butcher*, 975 F.3d at 241; (D0c. 53).

FPF incorporates herein its previous arguments that Plaintiff's allegations are conclusory and therefore insufficient as a matter of law. (Doc. 8, 50).

Plaintiff's argument that FPF acted in concert with a state actor, (Doc. 53 at 2), is based purely on speculation. He alleges that he needs discovery to determine the truth of that allegation. (Doc. 46 at 67, ¶¶ 212, 217, 218). But the Federal Rules of Civil Procedure do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft*, 556 U.S. at 678–79; *Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 719 (2d Cir. 2013); *Lumumba v. Marquis*, No. 2:13 CV 69, 2013 WL 5429429, at *3 (D.

Vt. Sept. 30, 2013) (adopting report and recommendation). Plaintiff's mere speculation merits dismissal.

Plaintiff's reliance on Executive Order 13925 (May 28, 2020), (Doc. 53 at 5), does not support his claim. That Executive Order has been revoked. Executive Order 14029 (May 21, 2021), 2021 WL 1979332. In any event, it does not support his claim. *See Gomez v. Zuckenburg*, No. 520CV633TJMTWD, 2020 WL 7065816, at *1 (N.D.N.Y. Dec. 3, 2020) (dismissing action based on E.O. 13925 against Facebook for disabling his online account).

With nothing more than conclusory and speculative allegations against FPF, Plaintiff has failed to plausibly invoke the state-action doctrine. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (holding that private operator of public-access cable television channel, on which members of public may air privately-produced programming, and which suspended film producers from use of public-access channel, was not liable under state-action doctrine).

## CONCLUSION

Plaintiff has already had an opportunity to cure the defects in his pleading against FPF, but he has failed to avail himself of that opportunity. The Court should dismiss the action against FPF on the merits with prejudice.

DATED: September 21, 2021

                FRONT PORCH FORUM

                By:  /s/ William A. O'Rourke III
                   William A. O'Rourke III, Esq.
                   John A. Serafino, Esq.
                   RYAN SMITH & CARBINE, LTD.
                   P.O. Box 310
                   Rutland, Vermont 05702-0310
                   (802) 786-1000
                   wor@rsclaw.com