UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

DAVID P. DEMAREST, an individual, )
PLAINTIFF )
 )
v. ) CASE NO. 2:21-cv-00167-wks
 )
TOWN OF UNDERHILL, a municipality )
and charter town, SELECTBOARD CHAIR )
DANIEL STEINABAUER, as an )
individual and in official capacity, et al. )

**DEFENDANT JERICHO UNDERHILL LAND TRUST'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS**

NOW COMES, Defendant, Jericho Underhill Land Trust (hereinafter referred to as "JULT" or the "Land Trust"), by and through its attorneys, Stackpole & French Law Offices located in Stowe, Vermont, and respectfully submits this Reply in further support of JULT's Motion to Dismiss pursuant to F.R.C.P. 12(b).

**INTRODUCTION**

1. Plaintiff's Opposition fails to articulate any meaningful argument against dismissal of his § 1983 claims against JULT.

2. Throughout Plaintiff's Opposition he refers to "JULT affiliates"[1] rather than the entity that is the actual Land Trust. None of Plaintiff's allegations or exhibits, nor his Opposition plausibly suggest that JULT made any decision under color of law for or against the Plaintiff that amount to a violation of his constitutional rights. Instead, Plaintiff's pleadings and Opposition are rife with unsubstantiated suggestions of conspiracy which ultimately amount to a suggestion of

---

[1] Plaintiff's Opposition also suggests that these "JULT affiliates" are co-represented by counsel. *See e.g.*, Document No. 56 at page 8, line 15-16. This office does not represent any party other than JULT.

1

preferential treatment for individuals that are not the Plaintiff, involving matters that have nothing to do with the Plaintiff.

3. Plaintiff's causes of action against JULT are also made in violation of the statute of limitations, and are subject to the doctrine of claim preclusion. Any § 1981 claims brought against JULT would have – had they existed at all – been discovered many years ago in one of the four prior litigations arising out of this same set of facts.

4. This matter should be dismissed with prejudice because Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Flores v. S. Peru Copper Corp.*, 343 F.3d 140, 148 (2d Cir. 2003).

## Argument

### I. *JULT is Not a Governmental Entity and Did Not Act Under Color of State Law*

5. To maintain a claim based on an alleged constitutional violation, a plaintiff must show that the actions complained of are "fairly attributable" to the government. *Rendell-Baker v. Kohn,* 457 U.S. 830, 838-40 (1982). Plaintiff's amended pleading, and more recently his Opposition, fail to meet this burden.

6. The mere suggestion that JULT and its members worked with the Town of Underhill, or gave other citizens preferential treatment, does not satisfy the requirements for a § 1983 claim against the Land Trust. "The traditional definition of acting under color of state law requires that the defendant in a §1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Kia P. v. McIntyre* 235 F.3d 749, 756 (2d Cir. 2000).

7. Plaintiff's suggestion that JULT or its affiliates were "co-involved" in various matters does not suffice to state a claim for a violation of civil rights where Plaintiff fails to allege

that JULT exercised any state power. Indeed, Plaintiff failed to allege facts which would show that JULT had *any* power whatsoever, or that JULT took any action which could be "fairly attributable" to a government action.

8. Instead, Plaintiff's allegations are vague, confused, and respectfully, somewhat puzzling. Plaintiff substantiates his claims by alleging there is relevance to the use of the word "others" in various public meeting minutes. *See* Document No. 46 at ¶ 244. Elsewhere, Plaintiff alleges that JULT and its affiliates "manipulate the public's interest" in "conservation and preservation" to further an "ancillary goal" of developing public recreational opportunities. *See* Document No. 46 at ¶ 226. Plaintiff also raises allegations about JULT activities having nothing to do with the Plaintiff. *See e.g.,* Document No. 46 at ¶ 222 alleging an unavailable document created in the 1990s; ¶ 225 referencing JULT's purchase of another person's gravel pit. What is clear from the pleadings and Opposition is that the allegations fall far short of actionable § 1983 claims.

9. To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 56 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plaintiff, in alleging nothing beyond preferential treatment, fails to meet the particularity requirements to survive dismissal. While Plaintiff may plausibly suggest that JULT and the Town of Underhill were entwined, he fails to particularize how JULT acted with the Town of Underhill such that JULT committed any unconstitutional act. As such, Plaintiff has failed "nudge his claim . . . across the line from conceivable to plausible." *Id.* at 683 (2009).

## II. *The Statute of Limitations has Expired*

10.  Plaintiff argues that the three-year statute of limitations has not expired because the "conspiracy" to take Plaintiff's property rights continued until February 26, 2021, when the "official rescinding of Plaintiff's private rights of access" took place; that is, when the Vermont Supreme Court ruled against his 2016 subdivision Appeal. *See* Document No. 46 at page 85. *See also* Document No. 55 at page 20.

11.  However, that is not how accrual dates are calculated. Accrual begins "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002); s*ee also, Brewer v. Hashim*, 2017 WL 2787622 (U.S. Dist. Ct. VT).

12.  Here, Plaintiff has availed himself of 4 prior state court actions beginning in 2010 following his purchase of the property in 2002. Plaintiff had reason to know of the allegations at issue in this matter long ago, as they are all inextricably linked to his claims arising out of his prior actions. Indeed, Plaintiff alleges that "*there are literally hundreds of pages of public records*" which document materially adverse actions by Town officials. *See* Document No. 46 at ¶ 243 (emphasis added). Plaintiff also makes reference to JULT's activities in the late 1990s and early 2000s. *See* Document No. 46 at page 74. Plaintiff's pleadings do not allege that these causes of action went undiscovered until less than three years ago; that would be impossible based on the facts alleged and his prior litigation history.

### III.  *This Action is Barred by the Doctrine of Claim Preclusion*

13.  JULT did not need to be named in a prior lawsuit for the doctrine of claim preclusion to apply. The doctrine of claim preclusion holds that "a final judgment on the merits of an action precludes the parties *or their privies* from relitigating issues that were or could have been raised in that action." *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275 at 284 (2d


Cir. 2000) (emphasis added). "Literal privity is not a requirement for res judicata to apply. *Id.* citing, *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995) ("Whether there is privity between a party against whom claim preclusion is asserted and a party to prior litigation is a functional inquiry in which the formalities of legal relationships provide clues but not solutions.")

14. Here, while JULT was not specifically named in the prior actions, JULT has a privity relationship with the other defendants to the extent that their interests in the resolution of those matters are aligned with the other defendants. "A privity relationship generally involves a party so identified in interest with the other party that they represent one single legal right." *Johnson v. Davis*, 2015 WL 5316973 (D. Vt. 2015) (internal citations omitted). Here, all of the defendants, in this case and in Plaintiff's prior actions, share the same legal interests. Indeed, most of Plaintiff's allegations are aimed at "JULT affiliates" whom Plaintiff suggests are so entwined with the Land Trust and the Town of Underhill that they are all substantially the same entity. Of course, JULT does not agree with this characterization, but it does suggest that the parties' interests are aligned.

15. Further, As noted by the Town of Underhill in their motion for the same relief, a previous final judgment on the merits exists from the 2010 Trail Maintenance Case, and the 2010 Reclassification Appeal, and the claims presented here were or could have been fully litigated in those prior proceedings. As such, the Plaintiff's claims should be dismissed.

## IV. Conclusion

16. Plaintiff's Amended Complaint contains only vague and conclusory allegations against JULT. It does not contain sufficient factual matter to state a claim for relief that is plausible on its face and which rises above the speculative level. Plaintiff cannot cure these defects with

additional amendments to his pleadings. For these reasons and the foregoing, this action against JULT must be dismissed.

DATED: Stowe, Vermont
October 1, 2021

                      STACKPOLE & FRENCH LAW OFFICES
                      *Attorneys for Defendant*
                      **JERICHO UNDERHILL LAND TRUST**

        By:   /s/ *Elizabeth A. Conolly*

                      Elizabeth A. Conolly, Esq.
                      Stackpole & French Law Offices
                      P.O. Box 819
                      Stowe, VT 05672
                      (802) 253-7339
                      econolly@stackpolefrench.com

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record via the Court's electronic filing system. A copy of the foregoing was also sent to Plaintiff via email and U.S. First-Class mail.

                      /s/Elizabeth A. Conolly
                      Elizabeth A. Conolly, Esq.